FILED

2022 Jun-30  AM 09:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **LAVENTRA DENICE RUTLEDGE, as Administratrix of the Estate of Thomas Lee Rutledge, deceased,** | ) ) ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 2:21-CV-00226-RDP** |
| **v.** | ) | |
| | ) | |
| **CHRISTIE SANSING, _et al._,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## CONFIDENTIALITY STIPULATION
## AND PROTECTIVE ORDER

The discovery sought by the parties in the above-styled case is likely to involve production of documents and things containing business, proprietary, trade secret, security, personal health, or other information of a private or sensitive nature about the party (or of a third party or entity), hereafter referred to as "Confidential" or "Highly Confidential" Information." The parties also believe that witness testimony in this action will contain, reference, and/or otherwise reflect Confidential or Highly Confidential Information. Accordingly, the parties having agreed to enter into this Confidentiality Stipulation and Protective Order (the "Stipulated Protective Order") to govern the production of documents and testimony that contains Confidential or Highly Confidential Information, and for good cause shown, the Court hereby ORDERS as follows:

### Designation of Confidential or Highly Confidential Information

1.    _General Definitions._   Except as otherwise defined in this Stipulated Protective Order, these terms have the meaning ascribed to them below:

      a.    "ADOC" means the Alabama Department of Corrections.

b.      "Confidential Information" means all or portions of discovery materials and deposition testimony, and information contained on designated portions therein, concerning or relating to:

        i.      Personally identifiable information supplied in any form about current and former prisoners in ADOC custody, and of family members of current and former prisoners, including:

1.      Individually identifiable medical and mental health information protected by the Health Insurance Portability and Accountability Act of 1996 (HIPAA) and its implementing regulations;

2.      Full names and names of relatives, household members, and minor children;

3.      Home addresses, telephone numbers, fax numbers, email addresses, IP addresses, and device numbers or serial codes;

4.      Social Security Numbers;

5.      Birthdates (other than the year of birth);

6.      Photographs, electronic, or other visual images of the individuals' faces;

7.      Health plan beneficiary numbers and biometric identifiers;

8.      Driver's license numbers;

9.      Employment records, certificate or license numbers, financial records, and account numbers; and

10.     Information about any prisoner's classification, disciplinaries or citations, and investigations.

        ii.     Personally identifiable information supplied in any form about current and former persons working for ADOC or within ADOC Facilities, including:

1.      Employment records and certificate or license numbers;

2.      Home addresses and telephone numbers;

3.      Social Security Numbers;

4.      Birthdates (other than the year of birth); and

5.      Driver's license numbers.

iii.      Third-party proprietary business information; and

iv.      Any document or information determined by a party to require additional protection to secure the interests of any party or third-party.

c.      "Disclosing party" means any party to these actions and any non-party disclosing or producing Confidential or Highly Confidential Information in connection with discovery in these actions.

d.      "Document(s)" possesses the same meaning as provided in Rule 34 of the Federal Rules of Civil Procedure for documents, electronically stored information, and tangible things, and shall include all original, written, recorded, electronic, or graphic materials, and all copies, duplicates or abstracts thereof including notes on documents, whether produced pursuant to a request for production, *subpoena duces tecum*, subpoena, by agreement, or by any other means.

e.      "Highly Confidential Information" means all or portions of discovery materials and deposition testimony, and information contained on designated portions therein, that: (1) is likely to jeopardize the safety of security operations of ADOC Facilities or the safety of prisoners in ADOC's custody if made public; (2) is likely to result in retaliation based on a good faith belief concerning the likelihood of such retaliation due to demonstrable circumstances; (3) concern or relate to an ongoing investigation of an incident; or (4) internal self-critical reviews and quality control materials, such as mortality

reviews regarding prisoner deaths.  Examples of documents historically receiving "Highly Confidential—Attorneys' Eyes Only" designation include, but are not limited to, schematics and blueprints, restricted policies and procedures, and administrative and criminal investigative files.

f.      "Receiving party" means any party to these actions and any non-party that receives Confidential or Highly Confidential Information.

2.      *Confidential Designation of Documents.*     Interrogatory answers, responses to requests for admission, document production, deposition testimony, transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain material entitled to protection may be accorded status as a document containing Confidential or Highly Confidential Information, but, to the extent feasible, shall be prepared in such a manner that the Confidential or Highly Confidential Information is bound separately from that not entitled to protection. Documents and other things claimed to be or to contain Confidential or Highly Confidential Information shall, prior to production, be marked by the producing party as "Confidential" or "Highly Confidential—Attorneys' Eyes Only."  Placement of the "Confidential" or "Highly Confidential—Attorneys' Eyes Only" designation on each protected page or on the initial page of a protected document when it is produced shall constitute notice and shall designate the document as Confidential or Highly Confidential—Attorneys' Eyes Only material and shall be subject to the provisions of this Stipulated Protective Order.  Copies, extracts, summaries, notes, and other derivatives of Confidential or Highly Confidential—Attorneys' Eyes Only material also shall be deemed Confidential or Highly Confidential—Attorneys' Eyes Only material and shall be subject to the provisions of this Stipulated Protective Order.  Any third party producing documents pursuant to a subpoena shall be provided with a copy of this Stipulated Protective Order and shall

be permitted to designate any document or material it produces as containing Confidential or Highly Confidential Information pursuant to the terms of this Stipulated Protective Order.

3.     *Subsequent Designation.*   Documents and/or materials produced in the litigation that are not identified as Confidential or Highly Confidential Information when they were initially produced may within a reasonable time thereafter be designated as Confidential or Highly Confidential—Attorneys' Eyes Only by the producing party, or by the party or parties receiving the production, by providing written notice to counsel for all other parties.  Each party or person who receives such written notice shall endeavor to retrieve any Confidential or Highly Confidential Information that may have been disseminated, shall affix a "Confidential" or "Highly Confidential—Attorneys' Eyes Only" designation to it, and shall thereafter distribute it only as allowed by this Stipulated Protective Order.  No distribution prior to the receipt of such written notice shall be deemed a violation of this Stipulated Protective Order.

4.     *Confidential* or Highly Confidential *Information in Depositions.*   In the context of depositions taken in this matter, the following shall apply:

(a)     During any deposition, an attorney may show and examine a deponent about documents containing Confidential or Highly Confidential Information as long as the attorney complies with the provisions of Section 6.  Deponents shall not retain or copy any document, exhibit, or portion of the transcript of their depositions that contain Confidential or Highly Confidential Information not provided by them or the entities they represent unless they sign the form prescribed in Section 6.  A deponent who is not a party or a representative of a party shall be furnished a copy of this Stipulated Protective Order before being examined about, or asked to produce, potentially confidential documents.

(b)     Parties (and deponents) may, within twenty-one (21) days after receiving a deposition transcript, designate pages of the transcript (and exhibits thereto) as containing Confidential or Highly Confidential Information.  Confidential or Highly Confidential Information within the deposition transcript may be designated by underlining the portions of the pages that are confidential and marking such pages with the following legend: "Confidential -- Subject to Protection Pursuant to Court Order."  Until expiration of the twenty-one (21) day period, the entire deposition will be treated as Highly Confidential—Attorneys' Eyes Only subject to protection against disclosure under this Stipulated Protective Order.  If no party or deponent timely designates confidential information in a deposition, then none of the transcript will be treated as confidential; if a timely designation is made, the confidential portions and exhibits shall be filed under seal separate from the portions and exhibits not so marked.

5.     *Modification of Designation*.    The designation of Confidential or Highly Confidential Information by the producing party shall not be determinative and may be modified or eliminated at any time in one of two ways, as explained below.

(a)     The producing party may agree in writing to downgrade or eliminate the "Confidential" or "Highly Confidential—Attorneys' Eyes Only" designation concerning any material it produced.

(b)     If the parties cannot agree as to the designation of any particular information or material after good faith discussion, the receiving party may move the Court to downgrade or eliminate the "Confidential" or "Highly Confidential—Attorneys' Eyes Only" designation.  The burden of proving that the information has been properly designated as protected shall be on the party who made the original designation.

<u>**Access to Confidential or Highly Confidential Information**</u>

6.      *General Access.*

(a)      Materials designated "Confidential." Except as otherwise expressly provided herein, or ordered by the Court, information, documents, and materials designated "Confidential" may be revealed only as follows:

    i.    To counsel for a party in this action, including the partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in this action;

    ii.    To the parties in this action solely for use in this litigation;

    iii.    To employees of parties or counsel in this action involved solely in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with these actions, including the performance of such duties in relation to a computerized litigation support system and to employees of third-party contractors performing one or more of these functions;

    iv.    To court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master or mediator appointed by the court);

    v.    ADOC employees entitled to receive such material and information in the capacity of their positions or duties within ADOC;

    vi.    To independent consultants or experts (meaning a person who is not an employee, officer, director, or owner in any capacity of a party and who is retained by a party or a party's counsel in good faith for the purpose of assisting in this litigation) provided that such experts or consultants must

7

first sign Exhibit A hereto and counsel employing the expert or consultant must maintain the signed copy of Exhibit A;

vii.   To persons noticed for depositions or designated as witnesses at a hearing or trial to the extent reasonably necessary in preparing to testify, provided such persons first sign Exhibit A attached and counsel designating that witness must maintain the signed copy of Exhibit A;

viii.   The author, participant, or recipient of a document, or anyone else who already saw the document in the ordinary course of his or her employment or other authorized capacity, containing the Confidential Information;

ix.   Other persons, but only upon obtaining written consent (or consent on record at a deposition) of the disclosing party, provided such persons first sign Exhibit A attached hereto and provide a copy of the signed form to counsel for the parties; and

x.   Coping services and litigation support firms.

(b)   Material designated "Highly Confidential—Attorneys' Eyes Only." Materials designated "Highly Confidential—Attorneys' Eyes Only" shall not be disclosed to anyone other than the following:

i.   To counsel for a party in this action; including the partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in this action;

ii.   ADOC employees entitled to receive such material and information strictly in the capacity of their positions or duties within ADOC;

      iii.    Independent consultants or experts (meaning a person who is not an employee, officer, director, or owner in any capacity of a party and who is retained by a party or a party's counsel in good faith for the purpose of assisting in this litigation) provided that such experts or consultants must first sign Exhibit A hereto and counsel employing the expert or consultant must maintain the signed copy of Exhibit A;

      iv.    The author, participant, or recipient of a document containing the Highly Confidential Information;

      v.    To court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master or mediator appointed by the court); and

      vi.    Other persons, but only upon obtaining written consent (or consent on record at a deposition) of the disclosing party, provided such persons first sign Exhibit A attached hereto and provide a copy of the signed form to counsel for the parties.

If any party seeks broader disclosure of material designated as Highly Confidential—Attorneys' Eyes Only, counsel shall confer in good faith to negotiate appropriate redactions or restrictions that would allow such disclosure before bringing the matter to the attention of the Court.

      7.    *Limited Access to Confidential or Highly Confidential Information.* Notwithstanding the preceding paragraph, Confidential or Highly Confidential Information produced by the parties or any third party may be revealed to attorneys employed by the State of Alabama, including any of its agencies or contractors (hereinafter referred to as the "State"), who

defend, monitor, and/or oversee cases against the ADOC or ADOC's employees for the limited purposes of monitoring, overseeing, or evaluating this case and to employees of the State entitled to such information by reason of their positions or duties with the State.

8.      *Access to State Documents.*  Nothing herein shall prevent any person employed by the State from possessing, maintaining, or reviewing any document (not produced by Plaintiff in this matter) or other thing in the possession, custody, or control of the State.

9.      *Restricted Copying*.  If a document contains information so sensitive that its reproduction should be limited, it shall bear the additional legend "Copying Restricted."  Such documents can be saved within the receiving party's or its counsel's document management system, but must be saved in a manner that alerts users of the document management system that the document is restricted and cannot be reviewed, printed, copied, or saved elsewhere without authorization from a designated member of the litigation team.  Such documents shall not be printed except for the purpose of use in this action/litigation, in depositions, or filing under seal with the Court.  Application for relief from this restriction against copying may be made to the Court, with notice to counsel so designating the document, or the parties may themselves agree in writing to allow copying of such documents under terms and conditions negotiated by them. Unless otherwise designated by the producing party, all documents and discovery materials (including deposition testimony and transcripts) designated as Highly Confidential—Attorneys' Eyes Only are hereby "Copying Restricted."

10.     *Disputes over Access.*  If a dispute arises as to whether a particular person should be granted access to Confidential or Highly Confidential Information, the party seeking disclosure may move the Court to permit the disclosure and must obtain an order of the Court before disclosing the information.

## Use of Confidential or Highly Confidential Information

11. *Use in this Litigation Only.* Confidential or Highly Confidential Information may be used only for purposes of this litigation. Persons obtaining access to stamped confidential documents under this Stipulated Protective Order shall use the information only for preparation and trial of this specific action/litigation in the manner specified above (including appeals and retrials), and shall not use such information for any other purpose, including business, governmental, commercial, administrative, or other judicial proceedings without leave of Court or agreement of the parties. Each person to whom the disclosure of any Confidential or Highly Confidential Information is made shall not, directly or indirectly, use, disclose, or disseminate, or attempt to use, disclose, or disseminate, any of the same except as expressly provided herein.

12. *Use at Depositions.* If Confidential or Highly Confidential Information is to be discussed or disclosed during a deposition, the producing party shall have the right to exclude from attendance at the deposition, during the time the Confidential or Highly Confidential Information is to be discussed, any person not entitled under this Stipulated Protective Order to receive the Confidential or Highly Confidential Information.

13. *Use at Court Hearings and Trial.* Subject to the Federal Rules of Evidence, Confidential or Highly Confidential Information may be offered into evidence at trial or at any hearing or oral argument, provided that the proponent of the evidence containing Confidential or Highly Confidential Information gives ten (10) days' advance notice to the Court and counsel for the producing or designating party. Any party may move the Court for an order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure. The court will then determine whether the proffered evidence should continue to be treated as Confidential or

Highly Confidential Information and, if so, what protection, if any, may be afforded to such information at the trial or hearing.

14.     *Filing Under Seal.*    Each document filed with the Court that contains any Confidential or Highly Confidential Information shall be filed under seal consistent with the Court's procedures for filings under seal. If filed, any document containing Confidential or Highly Confidential Information shall remain sealed while in the Office of the Clerk so long as the document retains its protected confidential status pursuant to the terms of this Stipulated Protective Order.   Copies of such documents served on counsel for other parties shall be marked as Confidential or Highly Confidential—Attorneys' Eyes Only.

15.     *Reasonable Precautions.*    Counsel for each party shall take all reasonable precautions to prevent unauthorized or inadvertent disclosure of any Confidential or Highly Confidential Information.   The attorneys of record are responsible for employing reasonable measures, consistent with this Stipulated Protective Order, to control duplication of, access to, and distribution of copies of confidential documents. Parties shall not duplicate any document containing Confidential or Highly Confidential Information except working copies and for filing in Court under seal.

16.     *Subpoena by Other Courts or Agencies*.   If another court or an administrative agency subpoenas or orders production of documents, material, or information containing Confidential or Highly Confidential Information that a party has obtained under the terms of this Stipulated Protective Order, such party shall promptly notify the party or other person or entity who designated the document or discovery material as confidential of the pendency of such subpoena or order.

17.    *Return or Destruction After Litigation.*    All of the terms of this Protective Order shall continue to apply after litigation.  After the final termination of this litigation by judgment, appeal, settlement, or otherwise, or sooner if so ordered by the Court, counsel for each party may retain documents in accordance with their respective document retention policies and requirements, which for some of the parties could extend to six (6) years after litigation.  After such time, counsel for the receiving party shall destroy the Confidential and Highly Confidential Information or return the Confidential and Highly Confidential Information by making it available to the producing party for pick up.  However, nothing in this Stipulated Protective Order requires a receiving party to maintain information for six (6) years and a receiving party is permitted to destroy or return the protected information prior to that or upon conclusion of litigation.

**Other Provisions**

18.    *Not an Admission.*  Nothing in this Stipulated Protective Order filed by the parties shall constitute an admission by the party that information designated as Confidential or Highly Confidential Information is actually Confidential or Highly Confidential Information. Furthermore, nothing contained herein and no action taken pursuant to this Stipulated Protective Order shall preclude the parties or any person or entity from raising any available objection or seeking any available protection with respect to any Confidential or Highly Confidential Information, including but not limited to the grounds of admissibility of evidence, irrelevancy, materiality, trial preparation materials, and privilege.  Nothing contained in this Stipulated Protective Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the confidential documents and information sought.

19.    *No waiver.*

13

(a)     Review of the confidential documents and information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production.

(b)     The inadvertent, unintentional, or *in camera* disclosure of confidential documents and information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality, provided that the party believing the document or information to be confidential takes prompt, reasonable steps upon learning of the disclosure to inform other parties of the assertion of confidentiality.

(c)     In addition, nothing in this Stipulated Protective Order shall be deemed a waiver of the Plaintiff's or Defendants' right (a) to oppose any subsequent motion for a protective order; or (b) to oppose any objection by the other party to the production of materials or documents in response to requests for discovery in this litigation.

20.     *Miscellaneous.*   This Stipulated Protective Order shall apply to the production of all materials whether or not such materials are informally produced or produced in response to a formal discovery request or a Court order in this litigation. This Stipulated Protective Order may be used to protect the confidentiality of the residential addresses, social security numbers, dates of birth, and any other personally identifying information of the parties, third parties, current or former inmates, and of any and all current or former employees of either the parties or their affiliates.

SO STIPULATED AND AGREED:

*/s/ Matthew B. Reeves*

William R. Lunsford
Matthew B. Reeves
M. Landon Whatley
**MAYNARD, COOPER & GALE, P.C.**

14

655 Gallatin Street, S.W.
Huntsville, AL 35801
Telephone: (256) 512-5710
Facsimile: (256) 512-0119
blunsford@maynardcooper.com
mreeves@maynardcooper.com
lwhatley@maynardcooper.com

*Attorney for the Correctional Wardens*

*/s/ Bart G. Harmon*

Bart G. Harmon
Thomas M. McCarthy
**ALABAMA DEPARTMENT OF CORRECTIONS**
Legal Division
301 S. Ripley Street
P.O. Box 301501
Montgomery, AL 36130
Telephone: (334) 241-8043
Facsimile: (334) 353-3891
bart.harmon@doc.alabama.gov
thomas.mccarthy@doc.alabama.gov

*Attorneys for Cory Eller*

*/s/ Thomas A. McKnight, Jr.*

Thomas A. McKnight, Jr.
Ben B. Robinson
Albert L. Jordan
**WALLACE, JORDAN, RATCLIFF, & BRANDT, LLC**
800 Shades Creek Parkway, Suite 400
Birmingham, AL 35209
Telephone: (205) 870-0555
Facsimile: (205) 871-7534
tmcknight@wallacejordan.com
brobinson@wallacejordan.com

*Attorneys for Christie Sansing*

*/s/ Steve K. Herndon*

Steve K. Herndon
**HERNDON LAW PC**
1430 I-Parkway, Suite 234
Montgomery, AL 36106
Telephone: (334) 386-3848
Facsimile: (334) 386-3852

15

steve@herndon.law

*Attorney for Tim Pope and Cory Eller*

*/s/ Jon C. Goldfarb*

Christina M. Malmat
Jon C. Goldfarb
Lieselotte Carmen-Burks
L. William Smith
**WIGGINS, CHILDS, PANTASZIS,**
**FISHER, & GOLDFARB, LLC**
301 19th Street North
Birmingham, AL 35203
Telephone: (205) 314-0500
Facsimile: (205) 254-1500
cmalmat@wigginschilds.com
jcg@wigginschilds.com
Telephone: (205) 314-0500
Facsimile: (205) 254-1500
cmalmat@wigginschilds.com
jcg@wigginschilds.com
lcarmen-burks@wigginschilds.com
wsmith@wigginschilds.com

*Attorneys for Plaintiff*

**EXHIBIT A**

**AGREEMENT CONCERNING INFORMATION COVERED
BY CONFIDENTIALITY STIPULATION AND
AMENDED PROTECTIVE ORDER**

I have been designated by _____ as a person who may have access to Confidential or Highly Confidential Information as that term is defined in the Confidentiality Stipulation and Protective Order (the "Order") entered in the above-entitled case. Having received and read the Order, I agree to comply fully with it and to be bound by its terms with respect to all documents and information designated as Confidential or Highly Confidential Information under the Order. I agree not to copy any documents or information that have been designated as containing Confidential or Highly Confidential Information and disclosed to me and not to disclose such documents or information to any person or entity not authorized under the Order to view Confidential or Highly Confidential Information.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this ___ day of _____, 20___.

_____
Name

_____
Address

_____
Employer

_____
Job Title

17

## <u>ORDER</u>

The above agreed upon Confidentiality Stipulation and Protective Order submitted by the

parties is hereby approved and entered by the Court on this _____ day of _____, 2022.

_____

JUDGE R DAVID PROCTOR
UNITED STATES DISTRICT JUDGE