FILED
2022 Dec-07  AM 10:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| LAVENTRA DENICE RUTLEDGE, etc. | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   **Case No.: 2:21-cv-226-RDP** |
| | ) |
| CHRISTIE SANSING, *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

**KRISTI SANSING'S ANSWER TO PLAINTIFF'S
FOURTH AMENDED COMPLAINT**

COMES NOW Defendant Kristi Sansing, incorrectly identified as Christie Sansing, (hereinafter "Sansing" or "Defendant") and submits this Answer to Plaintiff's Fourth Amended Complaint.

**FIRST DEFENSE**

Except to the extent admitted in this Answer, this Defendant denies the material allegations of the Fourth Amended Complaint and demands strict proof of all allegations. The numbered paragraphs below correspond to the numbered paragraphs of the Fourth Amended Complaint.

1.      Sansing admits that Thomas Lee Rutledge ("Rutledge") was a prisoner in the custody of the Alabama Department of Corrections ("ADOC") at William E. Donaldson Correctional Facility ("Donaldson") near Bessemer, Alabama, on December 7, 2020.  Sansing admits that Rutledge was a mental health patient.  This Defendant admits that on December 7, 2020, Rutledge died in his cell at Donaldson, where he was confined most of the time and where he ate his meals.  Sansing admits that authorities have identified the cause of Rutledge's death to be hyperthermia.  The final sentence of this paragraph does not contain any factual allegations and does not appear to require a response.  Sansing denies that she caused Rutledge's death.

Sansing lacks suffcent information to either admit or deny deny the remaining allegations of this paragraph.

2.     Sansing lacks sufficient knowledge to admit or deny the allegations of this paragraph.

3.     Sansing admits that Rutledge was a human being in ADOC custody at the time of his death on December 7, 2020.   Sansing is without sufficient knowledge or information to admit or deny Rutledge's relationship to his family.   Sansing denies the remaining allegations of this paragraph.

4.     Sansing admits that she, Warden Phyllis Morgan ("Morgan"), and Warden Kenneth Peters ("Peters") were employees and/or officers of ADOC on December 7, 2020.   Sansing is no longer employed by ADOC and does not know the employment status with ADOC for these other former colleagues.   This Defendant admits that she was on duty and was partially responsible for the welfare of inmates in T unit on the evening of December 7, 2020, but only to the extent of her employment as a cube officer.   The final sentence of this paragraph does not contain any factual allegations and does not appear to require a response.   Sansing denies the remaining allegations of this paragraph.

5.     Sansing admits that Wardens Morgan and Peters were prison officials at Donaldson on December 7, 2020.   Sansing admits that those wardens had certain authority to institute policies and practices, but she does not know the scope or limitations of that authority.   Sansing denies the remaining allegations of this paragraph.

6.     Sansing admits that Defendant J. Rodgers ("Rodgers"), C. Dean ("Dean"), and G. Griffin ("Griffin") were Corrections Officers who worked on T Unit on December 7, 2020. Sansing lacks sufficient knowledge and information to admit or deny the remaining allegations of this paragraph.   The last sentence of this paragraph does not require answer.

7.      Sansing admits that Billy Kennedy was in charge of facility maintenance at Donaldson on December 7, 2020.   Sansing is unaware of all Kennedy's job duties but admits that some related to the HVAC and boiler systems.   Sansing lacks sufficient knowledge to admit or deny the remaining allegations of this paragraph.

8.      Sansing admits that ADOC had HVAC work performed at Donaldson by a civilian contractor before December 7, 2020.   Sansing lacks sufficient knowledge to admit or deny the remaining allegations of this paragraph.

9.      Sansing admits that ADOC had HVAC work performed at Donaldson by a civilian contractor before December 7, 2020.   Sansing lacks sufficient knowledge to admit or deny the remaining allegations of this paragraph.

10.     Sansing admits that ADOC had HVAC work performed at Donaldson by a civilian contractor before December 7, 2020.   Sansing lacks sufficient knowledge to admit or deny the remaining allegations of this paragraph.

11.     Sansing admits that ADOC had HVAC work performed at Donaldson by a civilian contractor before December 7, 2020.   Sansing lacks sufficient knowledge to admit or deny the remaining allegations of this paragraph.

12.     Sansing admits that ADOC had HVAC work performed at Donaldson by a civilian contractor before December 7, 2020.   Sansing lacks sufficient knowledge to admit or deny the remaining allegations of this paragraph.

13.     Sansing admits that ADOC had HVAC work performed at Donaldson by a civilian contractor before December 7, 2020.   Sansing lacks sufficient knowledge to admit or deny the remaining allegations of this paragraph.

14.     This paragraph makes no factual averments and therefore does not require answer.

15.     This paragraph makes no factual averments and therefore does not require answer.

16.     This paragraph makes no factual averments and therefore does not require answer.

17.     This paragraph makes no factual averments and therefore does not require answer.

18.     This paragraph makes no factual averments and therefore does not require answer.

19.     This paragraph makes no factual averments and therefore does not require answer.

20.     This paragraph makes no factual averments and therefore does not require answer.

21.     This paragraph makes no factual averments and therefore does not require answer.

22.     This paragraph makes no factual averments and therefore does not require answer.

23.     This paragraph makes no factual averments and therefore does not require answer.

24.     Sansing admits that this Court has subject matter jurisdiction over claims made under 28 U.S.C. § 1331 and further admits that Plaintiff alleges claims that redress is available for her claims pursuant to 42 U.S.C. § 1983.   Sansing admits that the court has personal jurisdiction over the Defendants.   Sansing admits proper venue as alleged.   Sansing admits that this court has supplemental jurisdiction over the state law claim under 28 U.S.C § 1367.   Sansing denies the remaining allegations of this paragraph.

25.     Sansing admits that Rutledge passed away on December 7, 2020, and that he was in his mid-40ties.   Sansing lacks sufficient knowledge to admit or deny the remaining allegations of this paragraph.

26.     Sansing lacks sufficient knowledge and information to admit or deny the allegations of this paragraph.

27.     Sansing admits that Rutledge passed away on December 7, 2020, while incarcerated at Donaldson.   Sansing denies the remaining allegations of this paragraph.

28.     Sansing admits that ADOC had HVAC work performed at Donaldson by a civilian contractor before December 7, 2020.   Sansing lacks sufficient knowledge to admit or deny the remaining allegations of this paragraph.

29.     Sansing admits that T-unit shares a building with R, S, and U.   Sansing denies that T unit had thermostatic temperature controls for each cell.   Sansing lacks sufficient knowledge to admit or deny the remaining allegations of this paragraph.

30.     Sansing admits that there were air handlers on the roof of Donaldson.   Sansing lacks sufficient knowledge to admit or deny the remaining allegations of this paragraph.

31.     Sansing admits that there was a mechanical control room for S and T units. Sansing lacks sufficient knowledge to admit or deny the remaining allegations of this paragraph.

32.     Sansing admits that there was a mechanical control room for S and T units. Sansing lacks sufficient knowledge to admit or deny the remaining allegations of this paragraph.

33.     Sansing admits that there were HVAC renovations at Donaldson during 2019-20. Sansing lacks sufficient knowledge to admit or deny the remaining allegations of this paragraph.

34.      Sansing lacks sufficient knowledge to admit or deny the allegations of this paragraph.

35.     Sansing lacks sufficient knowledge to admit or deny the allegations of this paragraph.

36.     Sansing lacks sufficient knowledge to admit or deny the allegations of this paragraph.

37.     Sansing admits that the majority of the prison (i.e. all units except R, S, T, U, V, W, X, & Y) is not air conditioned and lacks thermostatic controls.  Sansing lacks sufficient knowledge to admit or deny the remaining allegations of this paragraph.

38.     Sansing admits that Kennedy's job duties included boiler monitoring.   Sansing lacks sufficient knowledge to admit or deny the remaining allegations of this paragraph.

39.     Sansing admits that there was a mechanical control room for S and T units. Sansing lacks sufficient knowledge to admit or deny the remaining allegations of this paragraph.

40.     Sansing lacks sufficient knowledge to admit or deny the allegations of this paragraph.

41.     Sansing lacks sufficient knowledge to admit or deny the allegations of this paragraph.

42.     Sansing lacks sufficient knowledge to admit or deny the allegations of this paragraph.

43.     Sansing lacks sufficient knowledge to admit or deny the allegations of this paragraph.

44.     Sansing lacks sufficient knowledge to admit or deny the allegations of this paragraph.

45.     Sansing lacks sufficient knowledge to admit or deny the allegations of this paragraph.

46.     Sansing admits that Kennedy's job duties included adjusting thermostatic controls at Donaldson.   Sansing lacks sufficient knowledge to admit or deny the remaining allegations of this paragraph.

47.     Sansing admits that Kennedy's job duties included periodically being in the mechanical rooms of Donaldson.   Sansing lacks sufficient knowledge to admit or deny the remaining allegations of this paragraph.

48.     Sansing lacks sufficient knowledge to admit or deny the allegations of this paragraph.

49.     Sansing lacks sufficient knowledge to admit or deny the allegations of this paragraph.

50.     Sansing lacks sufficient knowledge to admit or deny the allegations of this paragraph.

51.     Sansing lacks sufficient knowledge to admit or deny the allegations of this paragraph.

52.     Sansing lacks sufficient knowledge to admit or deny the allegations of this paragraph.

53.     Sansing admits that Kennedy's job duties included the monitoring and adjusting of the boiler system at Donaldson.   Sansing lacks sufficient knowledge to admit or deny the remaining allegations of this paragraph.

54.     Sansing lacks sufficient knowledge to admit or deny the allegations of this paragraph.

55.     Sansing lacks sufficient knowledge to admit or deny the allegations of this paragraph.

56.     Sansing lacks sufficient knowledge to admit or deny the allegations of this paragraph.

57.     Sansing lacks sufficient knowledge to admit or deny the allegations of this paragraph.

58.     Sansing admits that Kennedy generally testified to what is stated in this paragraph.

59.     Sansing lacks sufficient knowledge to admit or deny the allegations of this paragraph.

60.     Sansing admits that Kennedy testified that he visited the control rooms periodically at Donaldson.   Sansing lacks sufficient knowledge to admit or deny the remaining allegations of this paragraph.

61.     Sansing lacks sufficient knowledge to admit or deny the allegations of this paragraph.

62.     Sansing lacks sufficient knowledge to admit or deny the allegations of this paragraph.

63.     Sansing admits that T-unit housed mental health inmates, many of whom took medications during pill call.   Sansing lacks sufficient knowledge to admit or deny the remaining allegations of this paragraph.

64.     Sansing lacks sufficient knowledge to admit or deny the allegations of this paragraph.

65.     Sansing lacks sufficient knowledge to admit or deny the allegations of this paragraph.

66.     Sansing lacks sufficient knowledge to admit or deny the allegations of this paragraph.

67.     Sansing lacks sufficient knowledge to admit or deny the allegations of this paragraph.

68.     Admitted.

69.     Sansing lacks sufficient knowledge to admit or deny the allegations of this paragraph.

70.     Sansing lacks sufficient knowledge to admit or deny the allegations of this paragraph.

71.     Sansing lacks sufficient knowledge to admit or deny the allegations of this paragraph.

72.     Sansing lacks sufficient knowledge to admit or deny the allegations of this paragraph.

73.     Sansing lacks sufficient knowledge to admit or deny the allegations of this paragraph.

74.     Sansing lacks sufficient knowledge to admit or deny the allegations of this paragraph.

75.     Sansing lacks sufficient knowledge to admit or deny the allegations of this paragraph.

76.     Admitted.

77.     Admitted.

78.     Sansing lacks sufficient knowledge to admit or deny the allegations of this paragraph.

79.     Denied.

80.     Denied.

81.     Sansing admits that the ADOC Duty Post Logs for T-unit indicate that Defendant Rodgers worked at least in part in T-unit on December 5, 2020, first shift; at least in part in T-unit on December 6, 2020, third shift; and he worked at least in part in T-unit on December 7, 2020, first shift.

82.     Sansing admits that the ADOC Duty Post Logs for T-unit, indicate that she worked at least in part in T-unit on December 5, 2020, second shift; she worked as the cube officer for Units R, S, T & U on December 6, 2020, second shift; and she worked at least the beginning of third shift at least in part in T-unit.

83.     Sansing lacks sufficient knowledge to admit or deny the allegations of this paragraph.

84.     Sansing admits that Plaintiff subpoenaed ADOC.   Sansing lacks sufficient knowledge to admit or deny the allegations of this paragraph.

85.     Sansing lacks sufficient knowledge to admit or deny the allegations of this paragraph.

86.     Sansing lacks sufficient knowledge to admit or deny the allegations of this paragraph.

87.     Sansing lacks sufficient knowledge to admit or deny the allegations of this paragraph.

88.     Admitted.

89.     Sansing lacks sufficient knowledge to admit or deny the allegations of this paragraph.

90.     Sansing admits that Rutledge was housed in a single cell in T-unit of Donaldson, and that the T-unit is a one unit among others that is a residential treatment unit.   Sansing admits that this paragraph accurately states an excerpt from the Coroner's report.   Sansing admits that mental health inmates at Donaldson eat in their cells.   Sansing denies the remaining allegations of this paragraph.

91.     Sansing admits that Rutledge took medication.   Sansing lacks sufficient knowledge and information sufficient to admit or deny the remaining allegations of this paragraph.

92.     Sansing admits that Rutledge's cell contained a heating vent, and that Rutledge had no thermostat to control the temperature of his cell.   Sansing denies the remaining allegations of this paragraph.

93.     Sansing admits that Rutledge was a mental health patient assigned to a cell by himself at Donaldson.   Sansing admits that inmates in T-unit, including Rutledge, were supposed to be checked-on periodically by certain correctional officers, as often as required by ADOC policies and practices.   Sansing denies the remaining allegations of this paragraph.

94.     Sansing admits that the quoted language comes from ADOC Administrative Regulation No. 619, which is titled "Psychotropic Medication and Heat."

95.     Sansing admits that the quoted language comes from ADOC Administrative Regulation No. 619, which is titled "Psychotropic Medication and Heat."

96.     Sansing admits that the quoted language comes from ADOC Administrative Regulation No. 619, which is titled "Psychotropic Medication and Heat."

97.     Sansing admits that the quoted language comes from ADOC Administrative Regulation No. 619, which is entitled "Psychotropic Medication and Heat." Sansing denies the remaining allegations of this paragraph.

98.     No document entitled "Residential Treatment Unit" policy has been attached to the Amended Complaint, and Sansing does not have access to the policy at this time.   Therefore, Sansing is without sufficient knowledge or information to admit or deny what the alleged policy states.   Sansing is without sufficient knowledge or information to admit or deny allegations

concerning the co-Defendants' training on, or awareness of, ADOC policies.   Sansing denies the remaining allegations of this paragraph.

99.     Sansing admits that the boiler cannot be turned off or controlled by inmates. Sansing is without sufficient knowledge or information to admit or deny whether co-Defendants had knowledge of inmates stuffing clothing in their cell vents to counter alleged regularly excessive vented heat.   Sansing denies the remaining allegations of this paragraph.

100.    Sansing admits that on December 7, 2020 the recorded high temperature in Bessemer, Alabama was 47 degrees Fahrenheit, and the recorded low temperature in Bessemer, Alabama was 32 degrees Fahrenheit.   Sansing denies the remaining allegations of this paragraph.

101.    Sansing denies that she had any knowledge of the Donaldson boiler system having problems on December 7, 2020.   Sansing is without sufficient knowledge or information to admit or deny the remaining allegations of this paragraph.

102.    Sansing admits that this paragraph accurately states information contained in the Coroner's report "Case Summary."   Sansing denies the remaining allegations of this paragraph.

103.    Sansing is without sufficient knowledge or information to admit or deny the allegations of this paragraph.

104.    Sansing admits that she, Dean, Griffin and Rodgers were on duty on December 7, 2020.  Sansing admits that she was, in part, responsible for the welfare of inmates in T-unit on that date, but only as it relates to her cube officer job duties.   Sansing denies the remaining allegations of this paragraph.

105.    Sansing admits that Rogers conducted these checks on December 7, 2020 and reported to her that "all 96 units alive & well" and "all 96 units secure."   Sansing is without sufficient knowledge or information to admit or deny the remaining allegations of this paragraph.

106.    Sansing admits that Dean conducted these checks on December 7, 2020 and reported to her that "all 96 units alive & well" and "all 96 units secure."  Sansing is without sufficient knowledge or information to admit or deny the remaining allegations of this paragraph.

107.    Sansing admits that Griffin conducted these checks on December 7, 2020 and reported to her that "all 96 units secure."   Sansing admits that at some time before 8:20 pm on the evening of the Incident, the T-unit inmate runner informed her that Rutledge was nonresponsive. Sansing immediately contacted her supervisor, and shortly thereafter Eller and Pope arrived in T-unit Sansing is without sufficient knowledge or information to admit or deny the remaining allegations of this paragraph.

108.    Sansing is without sufficient knowledge or information to admit or deny the allegations of this paragraph.

109.    Sansing admits that Dean and Griffin assisted T-unit inmates with showers on December 7, 2020.   Sansing is without sufficient knowledge or information to admit or deny the remaining allegations of this paragraph.

110.    Sansing is without sufficient knowledge or information to admit or deny what the co-Defendants knew on the day of the Incident regarding cell temperatures in T-unit.   Sansing admits that this paragraph accurately quotes the "Psychotropic Medications and Heat" policy. Sansing admits that she allowed the inmate runner for T-unit, Robert Jenkins, to distribute ice to the inmates in that unit after he informed her it was hot in T-unit.   Sansing did not know that T-unit was hot before that complaint.   Nor did she know that the temperature in T-unit was allegedly dangerously hot.   Robert Jenkins did not complain to Sansing again until he informed her that Rutledge was unresponsive.   Sansing then immediately informed a supervisor.   Sansing denies the remaining allegations of this paragraph.

111.    Sansing admits that this sentence is included in the Coroner Narrative.   Sansing lacks sufficient knowledge and information to admit or deny the allegations of this paragraph.

112.    Sansing admits that the autopsy report includes these sentences generally.   Sansing lacks sufficient knowledge and information to admit or deny the allegations of this paragraph.

113.    Sansing admits that the autopsy report includes these sentences generally.   Sansing lacks sufficient knowledge and information to admit or deny the allegations of this paragraph.

114.    Sansing admits that the autopsy report includes this sentence.   Sansing lacks sufficient knowledge and information to admit or deny the allegations of this paragraph.

115.    Sansing denies that she caused Rutledge's death through her alleged deliberate indiffernce to his Constitutional rights.   Sansing is without sufficient knowledge or information to admit or deny the remaining allegations of this paragraph.

116.    Sansing is without sufficient knowledge or information to admit or deny the allegations of this paragraph.

117.    Sansing is without sufficient knowledge or information to admit or deny the allegations of this paragraph.

118.    Sansing is without sufficient knowledge or information to admit or deny the allegations of this paragraph.

119.    Sansing admits that she, Rogers, Dean, and Griffin were on duty on December 7, 2020.  Sansing admits that she was, in part, responsible for the welfare of inmates in T-unit on that date, but only as it relates to her cube officer job duties.   Sansing denies the remaining allegations of this paragraph.

120.    Sansing is without sufficient knowledge or information to admit or deny the allegations of this paragraph.

121.     Sansing is without sufficient knowledge or information to admit or deny the allegations of this paragraph concerning the knowledge of co-Defendants.   Sansing admits that she allowed the inmate runner for T-unit, Robert Jenkins, to distribute ice to the inmates in that unit after he informed her it was hot in T-unit.   Sansing did not know that T-unit was hot before that complaint.   Nor did she know that the temperature in T-unit was allegedly dangerously hot.   Robert Jenkins did not complain to Sansing again until he informed her that Rutledge was unresponsive.   Sansing then immediately informed a supervisor.   Sansing denies the remaining allegations of this paragraph.

122.     Sansing is without sufficient knowledge or information to admit or deny the allegations of this paragraph concerning the knowledge of co-Defendants.   Sansing admits that she allowed the inmate runner for T-unit, Robert Jenkins, to distribute ice to the inmates in that unit after he informed her it was hot in T-unit.   Sansing did not know that T-unit was hot before that complaint.   Nor did she know that the temperature in T-unit was allegedly dangerously hot.   Robert Jenkins did not complain to Sansing again until he informed her that Rutledge was unresponsive.   Sansing then immediately informed a supervisor.   Sansing denies the remaining allegations of this paragraph.

123.     Sansing admits that Lieutenant Pope completed a Duty Officer Report which includes these sentences.

124.     Sansing lacks sufficient knowledge and information to admit or deny the allegations of this paragraph.

125.     Sansing lacks sufficient knowledge and information to admit or deny the allegations of this paragraph.

126.    Sansing lacks sufficient knowledge and information to admit or deny the allegations of this paragraph.

127.    Sansing lacks sufficient knowledge and information to admit or deny the allegations of this paragraph.

128.    Sansing lacks sufficient knowledge and information to admit or deny the allegations of this paragraph.

129.    Sansing lacks sufficient knowledge and information to admit or deny the allegations of this paragraph.

130.    Sansing is not aware of "life threateningly excessive heat" occurring in T-unit during her employment at Donaldson.  Sansing lacks sufficient knowledge and information to admit or deny the remaining allegations of this paragraph.

131.    Sansing lacks sufficient knowledge and information to admit or deny the allegations of this paragraph.

132.    Sansing is unaware if there was a prior death at Donaldson that related to over-heating.   Sansing denies the remaining allegations of this paragraph.

133.    Sansing denies that she had such knowledge.   Sansing lacks sufficient knowledge and information to admit or deny the allegations of this paragraph.

134.    Sansing admits that Wardens Morgan and Peters had certain authority to institute policies and practices, but she does not know the scope or limitations of that authority.   Sansing also admits that the cited policy contains that sentence.   Sansing lacks sufficient knowledge and information to admit or deny the remaining allegations of this paragraph.

135.    Sansing lacks sufficient knowledge and information of Wardens Morgan and Peters' awareness.   Sansing denies the remaining allegations of this paragraph.

136.    Sansing admits that ADOC apparently has a "Psychotropic Medication and Heat" policy.   Sansing denies that heat risks posed by certain medications was "obvious and known" by her during her work at Donaldson.   Sansing lacks sufficient knowledge and information to admit or deny the remaining allegations of this paragraph.

137.    Sansing admits that ADOC apparently has a "Psychotropic Medication and Heat" policy.   Sansing denies that heat risks posed by certain medications was "obvious and known" by her during her work at Donaldson.   Sansing lacks sufficient knowledge and information to admit or deny the remaining allegations of this paragraph.

138.    Sansing lacks sufficient knowledge and information to admit or deny the allegations of this paragraph.

139.    Sansing admits that Rutledge was confined in a cell as an inmate in T unit at Donaldson before his passing.   Sansing denies the remaining allegations of this paragraph.

140.    Sansing admits that she and Officers Rodgers, Griffin and Dean were on duty on December 7, 2020 at Donaldson and that all had certain responsibilities for safety and well being of inmates.   However, Sensing's responsibilities for such safety and well being were limited to her cube officer position.   Sansing admits that she allowed the inmate runner for T-unit, Robert Jenkins, to distribute ice to the inmates in that unit after he informed her it was hot in T-unit. Sansing did not know that T-unit was hot before that complaint.   Nor did she know that the temperature in T-unit was allegedly dangerously hot.   Robert Jenkins did not complain to Sansing again until he informed her that Rutledge was unresponsive.   Sansing then immediately informed a supervisor.   Sansing denies the remaining allegations of this paragraph.

141.    Sansing admits that she and Officers Rodgers, Griffin and Dean were on duty on December 7, 2020 at Donaldson and that all had certain responsibilities for safety and wellbeing of

inmates.   However, Sansing's responsibilities for such safety and wellbeing were limited to her cube officer position.   Sansing admits that she allowed the inmate runner for T-unit, Robert Jenkins, to distribute ice to the inmates in that unit after he informed her it was hot in T-unit. Sansing did not know that T-unit was hot before that complaint.   Nor did she know that the temperature in T-unit was allegedly dangerously hot.   Robert Jenkins did not complain to Sansing again until he informed her that Rutledge was unresponsive.   Sansing then immediately informed a supervisor.   Sansing does not recall being trained on the Psychotropic Medications and Heat Policy.   Sansing denies the remaining allegations of this paragraph.

142.   Sansing admits that Rutledge's autopsy specifies hyperthermia as a cause of death. Sansing denies the remaining allegations of this paragraph.

143.   Sansing lacks sufficient knowledge and information to admit or deny the allegations of this paragraph.

144.   Sansing lacks sufficient knowledge and information to admit or deny the allegations of this paragraph.

145.   Sansing lacks sufficient knowledge and information to admit or deny the allegations of this paragraph.

146.   Sansing lacks sufficient knowledge and information to admit or deny the allegations of this paragraph.

147.   Sansing lacks sufficient knowledge and information to admit or deny the allegations of this paragraph.

148.   Sansing admits that Rutledge's autopsy specifies hyperthermia as a cause of death. Sansing denies the remaining allegations of this paragraph.

149.     Sansing denies that she knows of a prior inmate death at Donaldson which related to heat issues.   Sansing lacks sufficient knowledge and information to either admit or deny the remaining allegations of this paragraph.

150.     Sansing admits that ADOC appears to have a "Psychotropic Medication and Heat" policy.   Sansing does not recall being trained on the Psychotropic Medications and Heat Policy. Sansing denies that heat risks to inmates taking certain medications are "obvious and known." Sansing is unaware of a prior inmate death at Donaldson relating to heat issues.   Sansing lacks sufficient knowledge and information to either admit or deny the remaining allegations of this paragraph.

151.     Sansing admits that ADOC appears to have a "Psychotropic Medication and Heat" policy.   Sansing lacks sufficient knowledge and information to either admit or deny the remaining allegations of this paragraph.

152.     Sansing admits that Wardens Morgan and Peters had certain authority to institute policies and practices, but she does not know the scope or limitations of that authority.   Sansing lacks sufficient knowledge and information to either admit or deny the remaining allegations of this paragraph.

153.     Sansing admits that ADOC appears to have a "Psychotropic Medication and Heat" policy.   Sansing lacks sufficient knowledge and information to either admit or deny the remaining allegations of this paragraph.

154.     Sansing admits that ADOC appears to have a "Psychotropic Medication and Heat" policy.   Sansing does not recall being trained on the Psychotropic Medications and Heat Policy. Sansing denies that heat risks to inmates taking certain medications are "obvious."   Sansing lacks

sufficient knowledge and information to either admit or deny the remaining allegations of this paragraph.

155.    Sansing admits that ADOC appears to have a "Psychotropic Medication and Heat" policy.   Sansing does not recall being trained on the Psychotropic Medications and Heat Policy. Sansing denies that heat risks to inmates taking certain medications are "obvious and known." Sansing lacks sufficient knowledge and information to either admit or deny the remaining allegations of this paragraph.

156.    Sansing is unaware of what precisely led to Rutledge's passing.   Sansing denies the remaining allegations of this paragraph.

157.    Sansing admits that the autopsy report indicates hyperthermia was Rutledge's cause of death.   Sansing denies the remaining allegations of this paragraph.

158.    This paragraph is jurisdictional in nature and does not require answer.

159.    Admitted.

160.    Sansing lacks sufficient knowledge and information to admit or deny the allegations of this paragraph.

161.    Sansing lacks sufficient knowledge and information to admit or deny the allegations of this paragraph.

162.    Sansing lacks sufficient knowledge and information to admit or deny the allegations of this paragraph.

163.    Sansing lacks sufficient knowledge and information to admit or deny the allegations of this paragraph.

164.    Sansing lacks sufficient knowledge and information to admit or deny the allegations of this paragraph.

165.    Sansing admits that she was not warned by the Contractor Defendants of the hazardous condition.

166.    Sansing admits that Rutledge passed away.  Sansing lacks sufficient knowledge and information to admit or deny the remaining allegations of this paragraph.

167.    Sansing lacks sufficient knowledge and information to admit or deny the allegations of this paragraph.

168.    Sansing admits that she was not warned by the Contractor Defendants of the hazardous condition.  Sansing lacks sufficient knowledge and information to admit or deny the remaining allegations of this paragraph.

169.    Sansing admits that Rutledge passed away.  Sansing lacks sufficient knowledge and information to admit or deny the remaining allegations of this paragraph.

170.    Sansing lacks sufficient knowledge and information to admit or deny the allegations of this paragraph.

171.    Sansing lacks sufficient knowledge and information to admit or deny the allegations of this paragraph.

172.    Sansing lacks sufficient knowledge and information to admit or deny the allegations of this paragraph.

173.    Sansing lacks sufficient knowledge and information to admit or deny the allegations of this paragraph.

174.    This paragraph is jurisdictional in nature and does not require answer.

175.    Admitted.

176.     Sansing lacks sufficient knowledge and information to admit or deny the allegations of this paragraph.

177.     Sansing admits that Rutledge passed away.   Sansing lacks sufficient knowledge and information to admit or deny the remaining allegations of this paragraph.

178.     Sansing admits that Rutledge passed away.   Sansing lacks sufficient knowledge and information to admit or deny the remaining allegations of this paragraph.

179.     Sansing lacks sufficient knowledge and information to admit or deny the allegations of this paragraph.

180.     Sansing lacks sufficient knowledge and information to admit or deny the allegations of this paragraph.

181.     Sansing admits that she was not warned by either of these identified Defendants of the hazardous condition.   Sansing lacks sufficient knowledge and information to admit or deny the remaining allegations of this paragraph.

182.     Sansing admits that Rutledge passed away.   Sansing lacks sufficient knowledge and information to admit or deny the remaining allegations of this paragraph.

183.     Sansing lacks sufficient knowledge and information to admit or deny the allegations of this paragraph.

184.     Sansing lacks sufficient knowledge and information to admit or deny the allegations of this paragraph.

185.     Sansing admits that she was not warned by either of these identified Defendants of the hazardous condition.   Sansing lacks sufficient knowledge and information to admit or deny the remaining allegations of this paragraph.

186.     Sansing admits that Rutledge passed away.   Sansing lacks sufficient knowledge and information to admit or deny the remaining allegations of this paragraph.

187.     Sansing lacks sufficient knowledge and information to admit or deny the allegations of this paragraph.

188.     Sansing lacks sufficient knowledge and information to admit or deny the allegations of this paragraph.

189.     Sansing lacks sufficient knowledge and information to admit or deny the allegations of this paragraph.

190.     Sansing admits that Rutledge passed away.   Sansing lacks sufficient knowledge and information to admit or deny the remaining allegations of this paragraph.

191.     Sansing denies that Plaintiff is entitled to the damages and relief requested in this paragraph.

192.     Sansing denies that Plaintiff is entitled to the damages and relief requested in this paragraph.

193.     Sansing denies that Plaintiff is entitled to the damages and relief requested in this paragraph.

194.     Sansing denies that Plaintiff is entitled to the damages and relief requested in this paragraph.

195.     Sansing denies that Plaintiff is entitled to the damages and relief requested in this paragraph.

196.     Sansing likewise demands trial by struck jury.

Sansing asserts the following affirmative defenses in response to Plaintiff's Third Amended Complaint:

## SECOND DEFENSE

Defendant pleads the general issue and further states that he is not guilty of the matters alleged in Plaintiff's Third Amended Complaint.

## THIRD DEFENSE

Some or all of Plaintiff's claims are or may be barred by the equitable doctrines of waiver, laches, unclean hands, and estoppel (including but not limited to judicial estoppel).

## FOURTH DEFENSE

Defendant was not deliberately indifferent to Rutledge's safety or health and did not otherwise deprive Rutledge of any of his Constitutional rights.

## FIFTH DEFENSE

Defendant pleads all immunity-based defenses available, including the defenses of qualified immunity, state-agent immunity, discretionary function immunity, and sovereign immunity. Particularly, due to the immunity of this Defendant, no damage relief is available against him under the remedy provided by 42 U.S.C. § 1983.

## SIXTH DEFENSE

Plaintiff's claims are barred to the extend she did not comply with 42 U.S.C. § 1997, including exhaustion of administrative remedies prior to filing this action.

## SEVENTH DEFENSE

At all times material to the Third Amended Complaint, Defendant acted within the line and scope of her employment and authority.

## EIGHTH DEFENSE

Defendant did not participate in, authorize, ratify, or condone any of the alleged wrongful acts of any other individual who is or may be responsible for any injuries sustained by Rutledge.

## NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because she seeks damages under the Alabama Wrongful Death Statute from this Defendant, and therefore, the claim is, in effect, a claim against the State, which is constitutionally barred due to the State's immunity from suit.

## TENTH DEFENSE

Defendant breached no duty to Rutledge.

## ELEVENTH DEFENSE

Defendant's alleged acts or omissions were not the proximate cause of Rutledge death.

## TWELFTH DEFENSE

There is no causal connection or relationship between any alleged negligence or wrongdoing of this Defendant and the death of Rutledge.

## THIRTEENTH DEFENSE

Rutledge's death was caused by intervening and/or superseding acts of third parties and not by the acts of this Defendant.

## FOURTEENTH DEFENSE

Defendant is not responsible for the tortious or criminal acts of third persons, to the extent any such conduct occurred.

## FIFTEENTH DEFENSE

This Defendant may not be held liable under any theory of respondeat superior or any other agent-principal theory in a § 1983 action.

## SIXTEENTH DEFENSE

At all times material to the Third Amended Complaint, this Defendant acted in an objectively reasonable manner.

## SEVENTEENTH DEFENSE

Defendant avers that Plaintiff is not entitled to the damages requested under the Alabama Wrongful Death Statute or § 1988.

## EIGHTEENTH DEFENSE

Defendant is not liable for damages under the Alabama Wrongful Death Statute or § 1988 because Plaintiff cannot prove this Defendant consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to Rutledge.

## NINETEENTH DEFENSE

The Third Amended Complaint fails to state a claim upon which damages requested can be awarded.

## TWENTIETH DEFENSE

Defendant avers that any award for Plaintiff's requested damages in this case will be violative of the constitutional safeguards provided to Defendant under the Constitution of the United States of America.

## TWENTY-FIRST DEFENSE

Defendant avers that any award for Plaintiff's requested damages in this case will be violative of the procedural safeguards to Defendant under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and consequently, Defendant is entitled to the same procedural safeguards accorded to criminal Defendant.

## TWENTY-SECOND DEFENSE

It is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose Plaintiff's requested damages against this Defendant, which are penal in nature, yet compel Defendant to disclose potentially incriminating documents and evidence.

## TWENTY-THIRD DEFENSE

Plaintiff's requested damages violate the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States.

## TWENTY-FOURTH DEFENSE

Plaintiff's requested damages are limited or precluded by Ala. Code §§ 6-11-20, 6-11-21, 6-11-27 & 6-11-3.

## TWENTY-FIFTH DEFENSE

Defendant claims the benefit of all statutes and law limiting the imposition of damages and the collection of judgments against a party such as herself.

## TWENTY-SIXTH DEFENSE

Plaintiff's claims are barred to the extent Rutledge was contributorily negligent and/or assumed the risk.

## TWENTY-SEVENTH DEFENSE

Plaintiff has failed to join indispensable and other parties needed for this litigation to result in a just adjudication.

## TWENTY-EIGHTH DEFENSE

Plaintiff has failed to state a claim against this Defendant upon which relief can be granted.

## TWENTY-NINTH DEFENSE

Defendant should be able to rely in good faith upon the expertise of third party medical and/or mental health professionals who were responsible to evaluate and treat Rutledge.

## THIRTIETH DEFENSE

Defendant repeats and incorporates by reference all defenses he raises in any motion for summary judgment to be filed with this Court after reasonable discovery has been completed.

## THIRTY-FIRST DEFENSE

Defendant reserves the right to amend his answer and add any additional affirmative defenses as those defenses are ascertained in discovery.

## THIRTY-SECOND DEFENSE

Defendant is entitled to a set-off of any amounts paid to Plaintiff by other parties to this action.

## THIRTY-THIRD DEFENSE

Plaintiff's damages claims and claim for attorney's fees, expenses and costs are limited by the Prison Litigation Reform Act of 1996.

### THIRTY-FOURTH DEFENSE

Plaintiff's claims are barred to the extent Plaintiff has failed to exhaust all administrative remedies available under the Prison Litigation Reform Act of 1996.

### THIRTY-FIFTH DEFENSE

Defendant reserves all rights available under the Fifth Amendment of the United States of America and makes no waiver of such rights.

### THIRTY-SIXTH DEFENSE

Plaintiff's claims are barred to the extent Plaintiff is not the real party in interest.

### THIRTY-SEVENTH DEFENSE

Plaintiff's claims against this Defendant are barred on the grounds that Rutledge's death was caused solely, or in part, by the acts or omissions of third parties for whom this Defendant has no legal responsibility, and not by an act or omission by this Defendant.

### THIRTY-EIGHTH DEFENSE

This Defendant reserves the right to amend his answer and add any additional affirmative defenses as those defenses are ascertained in discovery.

Respectfully submitted this 7th day of December, 2022.

*s/ Albert L. Jordan*
Albert L. Jordan
bjordan@wallacejordan.com

*s/ Thomas A. McKnight, Jr.*
Thomas A. McKnight, Jr.
tmcknight@wallacejordan.com

*s/ Ben B. Robinson*
Ben B. Robinson
brobinson@wallacejordan.com

*Attorneys for Defendant Kristi Sansing*

**OF COUNSEL:**

**WALLACE, JORDAN, RATLIFF & BRANDT, LLC**
800 Shades Creek Parkway, Suite 400
Birmingham, AL 35209
Phone: (205) 870-0555

## CERTIFICATE OF SERVICE

I certify that on December 7, 2022, I served a copy of the foregoing on all counsel of

record by email and/or through the Court's electronic filing system:

*/s/ Thomas A. McKnight, Jr.*
OF COUNSEL