

FILED

2022 Dec-12  AM 09:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **LAVENTRA DENICE RUTLEDGE AS ADMINISTRATRIX OF THE ESTATE OF THOMAS LEE RUTLEDGE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) **2:21-CV-226-RDP** | |
| **CHRISTIE SANSING AND CORY ELLER, LIEUTENANT TIM POPE, WARDEN PHYLLIS MORGAN, WARDEN KENNETH PETERS, AND CORRECTIONS OFFICERS J. RODGERS, C. DEAN, AND G. GRIFFIN, PLANT MAINTENANCE SUPERVISOR III BILLY KENNEDY, P & M MECHANICAL, INC., TAYLOR ELECTRICAL CONTRACTORS, INC., LS&R, LLC, AUTOMATED LOGIC CONTRACTING SERVICES, INC., SOUTHEASTERN TEMPERATURE CONTROLS, INC., STC WORLDWIDE, LLC, AND FICTITIOUS DEFENDANTS,** ) | |
| ) | |
| **Defendants.** | |

**FICTITIOUS DEFENDANTS A, B and C,** whether singular or plural, that person, firm, corporation, or entity, of which was engaged in construction activities, renovation, design, repair, replacement, installation, removal, demolishment of the HVAC system and/or the like, at the William E. Donaldson Correctional Facility in Bessemer, Alabama from 2019 to December 7, 2020;

**FICTITIOUS DEFENDANTS D, E and F,** whether singular or plural, that person, firm, corporation, or entity, responsible for designing, renovating maintaining, inspecting, repairing, replacing, installing, removing, demolishing or equipping the HVAC system at the William E. Donaldson Correctional Facility in Bessemer, Alabama from 2019 to December 7, 2020;

**FICTITIOUS DEFENDANTS G, H and I,** whether singular or plural, that person, firm, corporation, or entity, on whose behalf the construction activities were performed on the occasion made the basis of this suit;

**FICTITIOUS DEFENDANTS J, K and L,** whether singular or plural, that person, firm,

1

corporation, or entity, who or which insured the party(ies) causing damages the Plaintiff made the basis of this lawsuit occurred;

**FICTITIOUS DEFENDANTS M, N and O**, whether singular or plural, is that person, firm, corporation, or entity, who or which negligently entrusted the construction/renovation activities performed on the occasions made the basis of this lawsuit;

**FICTITIOUS DEFENDANTS P, Q and R**, whether singular or plural, that person, firm, corporation, or entity, who or which was responsible for the hiring, training, and supervision of employees, agents, contactors, subcontractors and/or affiliates for construction/renovation activities on the occasion made the basis of this suit;

**FICTITIOUS DEFENDANTS S, T and U**, whether singular or plural, that person, firm, corporation, or entity, who or which destroyed, discarded, concealed, fabricated, altered or otherwise spoliated evidence relevant to the incident made the basis of this suit;

**FICTITIOUS DEFENDANTS V, W and X**, whether singular or plural, that person, firm, corporation, or entity, whose negligence, wantonness, willfulness and/or otherwise wrongful conduct caused the incident and damages made the basis of this suit;

**FICTITIOUS DEFENDANTS Y, Z and AA**, whether singular or plural, that person, firm, corporation, or entity, that is the true and correct name or names of the Defendants designated herein as P & M Mechanical, Inc., Taylor Electrical Contractors, Inc., LS&R LLC, Automated Logic Contracting Services, Inc., Southeastern Temperature Controls Inc., and STC Worldwide;

**FICTITIOUS DEFENDANTS BB, CC and DD**, whether singular or plural, that person, firm or corporation which is the successor-in-interest of any of the named or above-described Fictitious Party Defendants;

**FICTITIOUS DEFENDANTS EE, FF and GG**, whether singular or plural, that person, firm or corporation which is the predecessor-in-interest of any of the named or above- described Fictitious Party Defendants;

**FICTITIOUS DEFENDANTS HH, LL and MM**, whether singular or plural, that person, firm, corporation, or entity, who or which was acting as an agent, employee, servant, contractor, and/or subcontractor of and for any of the above-named Defendants or above- described Fictitious Party Defendants at the times of the occurrences made the basis of this lawsuit; the identities of the Fictitious Party Defendants are otherwise unknown to Plaintiff at this time, or if their names are known to Plaintiff at this time, their identities as proper party Defendants are not known to Plaintiff at this time, but their true names will be substituted by amendment when ascertained.

**DEFENDANT JOHN RODGERS'S**
**ANSWER TO THE PLAINTIFF'S FOURTH AMENDED COMPLAINT**

Defendant John Rodgers, identified in the Fourth Amended Complaint as J. Rodgers, answers the Plaintiff's Fourth Amended Complaint (Doc. 132) and each count or claim asserted therein as follows:

## I.    Introduction

1.  This Defendant admits that Thomas Lee Rutledge was in the custody of the Alabama Department of Corrections at William E. Donaldson Correctional Facility at the time of the alleged incident. This Defendant admits that the Plaintiff is bringing claims pursuant to Federal Laws. This Defendant denies that the Plaintiff is entitled to damages or relief for these claims. This Defendant denies the remaining allegations contained within this paragraph.

## II.    Parties

2.  Upon information and belief, this Defendant admits the allegations in this paragraph.

3.  This Defendant admits that Thomas Lee Rutledge was in the custody of the Alabama Department of Corrections at William E. Donaldson Correctional Facility at the time of the alleged incident. This Defendant denies the remaining allegations contained within this paragraph.

4.  This Defendant admits that Defendants Sansing, Eller, Pope, Moran and Peters are current or former employees of the Alabama Department of Corrections. This Defendant denies the remaining allegations contained within this paragraph.

5.  This Defendant lacks knowledge or information to admit or deny the allegations contained within this paragraph. Therefore, the allegations are denied.

6.  This Defendant admits that he was employed as a Corrections Officer on December 7, 2020. This Defendant admits that Defendants C. Dean and G. Griffin were employed as Corrections

3

Officers on December 7, 2020. This Defendant admits that the Plaintiff asserts claims against this Defendant in his individual capacity. This Defendant denies that the Plaintiff is entitled to damages or relief for these claims. This Defendant denies the remaining allegations contained within this paragraph.

7. This Defendant admits Billy Kennedy was the maintenance supervisor at William E. Donaldson Correctional Facility during his employment. This Defendant lacks knowledge or information to admit or deny the remaining allegations contained within this paragraph. Therefore, the remaining allegations are denied.

8. This Defendant lacks knowledge or information to admit or deny the allegations contained within this paragraph. Therefore, the allegations are denied.

9. This Defendant lacks knowledge or information to admit or deny the allegations contained within this paragraph. Therefore, the allegations are denied.

10. This Defendant lacks knowledge or information to admit or deny the allegations contained within this paragraph. Therefore, the allegations are denied.

11. This Defendant lacks knowledge or information to admit or deny the allegations contained within this paragraph. Therefore, the allegations are denied.

12. This Defendant lacks knowledge or information to admit or deny the allegations contained within this paragraph. Therefore, the allegations are denied.

13. This paragraph addresses fictitious defendants. Therefore, no response is required from this Defendant. To the extent any response from this Defendant is required, Defendant denies all material averments directed to him.

14. This paragraph addresses fictitious defendants. Therefore, no response is required from this Defendant. To the extent any response from this Defendant is required, Defendant denies all

material averments directed to him.

15. This paragraph addresses fictitious defendants. Therefore, no response is required from this Defendant. To the extent any response from this Defendant is required, Defendant denies all material averments directed to him.

16. This paragraph addresses fictitious defendants. Therefore, no response is required from this Defendant. To the extent any response from this Defendant is required, Defendant denies all material averments directed to him.

17. This paragraph addresses fictitious defendants. Therefore, no response is required from this Defendant. To the extent any response from this Defendant is required, Defendant denies all material averments directed to him.

18. This paragraph addresses fictitious defendants. Therefore, no response is required from this Defendant. To the extent any response from this Defendant is required, Defendant denies all material averments directed to him.

19. This paragraph addresses fictitious defendants. Therefore, no response is required from this Defendant. To the extent any response from this Defendant is required, Defendant denies all material averments directed to him.

20. This paragraph addresses fictitious defendants. Therefore, no response is required from this Defendant. To the extent any response from this Defendant is required, Defendant denies all material averments directed to him.

21. This paragraph addresses fictitious defendants. Therefore, no response is required from this Defendant. To the extent any response from this Defendant is required, Defendant denies all material averments directed to him.

22. This paragraph addresses fictitious defendants. Therefore, no response is required from this

Defendant. To the extent any response from this Defendant is required, Defendant denies all material averments directed to him.

23. This paragraph addresses fictitious defendants. Therefore, no response is required from this Defendant. To the extent any response from this Defendant is required, Defendant denies all material averments directed to him.

## III.   Jurisdiction and Venue

24. This Defendant admits that this Court possesses personal jurisdiction in this action. This Defendant also admits that venue is proper in the U.S. District Court for the Northern District of Alabama because Donaldson is located in Jefferson County, Alabama. This Defendant denies that this Court possesses subject-matter jurisdiction over Plaintiff's 42 U.S.C. § 1983 ("Section 1983") claims due to qualified immunity. Further, this Defendant denies that this Court possesses supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Except as expressly admitted hereinabove, this Defendant denies the remaining allegations contained in this paragraph.

## IV.   Factual Allegations

### A. Rutledge was Sentenced to Life Without Parole as a Juvenile and Had Spent More than Half His Life in Prison.

25. This Defendant admits the allegations contained within this paragraph.

26. This Defendant lacks knowledge or information to admit or deny the allegations contained within this paragraph. Therefore, the allegations are denied.

27. This Defendant admits that Rutledge passed away on December 7, 2020. This Defendant admits that Rutledge's cause of death was listed as hyperthermia. The Defendant lacks knowledge or information to admit or deny the remaining allegations contained within this paragraph. Therefore, the remaining allegations are denied.

### B.  2019-2020 HVAC Renovation Project at Donaldson

28. This Defendant lacks knowledge or information to admit or deny the allegations contained within this paragraph. Therefore, the allegations are denied.

29. This Defendant admits that the T-Unit is part of the RTU Unit. This Defendant lacks knowledge or information to admit or deny the remaining allegations contained within this paragraph. Therefore, the remaining allegations are denied.

30. This Defendant lacks knowledge or information to admit or deny the allegations contained within this paragraph. Therefore, the allegations are denied.

31. This Defendant lacks knowledge or information to admit or deny the allegations contained within this paragraph. Therefore, the allegations are denied.

32. This Defendant lacks knowledge or information to admit or deny the allegations contained within this paragraph. Therefore, the allegations are denied.

### C.  The Prison's Heating System

33. This Defendant lacks knowledge or information to admit or deny the allegations contained within this paragraph. Therefore, the allegations are denied.

34. This Defendant lacks knowledge or information to admit or deny the allegations contained within this paragraph. Therefore, the allegations are denied.

35. This Defendant lacks knowledge or information to admit or deny the allegations contained within this paragraph. Therefore, the allegations are denied.

36. This Defendant lacks knowledge or information to admit or deny the allegations contained within this paragraph. Therefore, the allegations are denied.

37. This Defendant lacks knowledge or information to admit or deny the allegations contained within this paragraph. Therefore, the allegations are denied.

38. This Defendant lacks knowledge or information to admit or deny the allegations contained within this paragraph. Therefore, the allegations are denied.

### D. P & M and its Subcontractors Negligently or Wantonly Destroyed Thermostatic Controls and Disconnected Power to Solenoids for T Unit.

39. This Defendant lacks knowledge or information to admit or deny the allegations contained within this paragraph. Therefore, the allegations are denied.

40. This Defendant lacks knowledge or information to admit or deny the allegations contained within this paragraph. Therefore, the allegations are denied.

41. This Defendant lacks knowledge or information to admit or deny the allegations contained within this paragraph. Therefore, the allegations are denied.

42. This Defendant lacks knowledge or information to admit or deny the allegations contained within this paragraph. Therefore, the allegations are denied.

43. This Defendant lacks knowledge or information to admit or deny the allegations contained within this paragraph. Therefore, the allegations are denied.

44. This Defendant lacks knowledge or information to admit or deny the allegations contained within this paragraph. Therefore, the allegations are denied.

45. This Defendant lacks knowledge or information to admit or deny the allegations contained within this paragraph. Therefore, the allegations are denied.

### E. Plant Maintenance Supervisor III Billy Kennedy Discovers that Contractors Have Destroyed Thermostatic Controls for T Unit.

46. This Defendant admits Billy Kennedy was the maintenance supervisor at William E. Donaldson Correctional Facility during his employment. This Defendant lacks knowledge or information to admit or deny the remaining allegations contained within this paragraph. Therefore, the remaining allegations are denied.

47. This Defendant lacks knowledge or information to admit or deny the allegations contained within this paragraph. Therefore, the allegations are denied.

48. This Defendant lacks knowledge or information to admit or deny the allegations contained within this paragraph. Therefore, the allegations are denied.

49. This Defendant lacks knowledge or information to admit or deny the allegations contained within this paragraph. Therefore, the allegations are denied.

50. This Defendant lacks knowledge or information to admit or deny the allegations contained within this paragraph. Therefore, the allegations are denied.

51. This Defendant lacks knowledge or information to admit or deny the allegations contained within this paragraph. Therefore, the allegations are denied.

52. This Defendant lacks knowledge or information to admit or deny the allegations contained within this paragraph. Therefore, the allegations are denied.

**F. Despite Knowing that T Unit's Thermostatic Controls Are Disabled, Plant Maintenance Supervisor Kennedy Allows the Boiler to Run Dangerously Hot.**

53. This Defendant admits Billy Kennedy was the maintenance supervisor at William E. Donaldson Correctional Facility during his employment. This Defendant lacks knowledge or information to admit or deny the remaining allegations contained within this paragraph. Therefore, the remaining allegations are denied.

54. This Defendant lacks knowledge or information to admit or deny the allegations contained within this paragraph. Therefore, the allegations are denied.

55. This Defendant lacks knowledge or information to admit or deny the allegations contained within this paragraph. Therefore, the allegations are denied.

56. This Defendant lacks knowledge or information to admit or deny the allegations contained within this paragraph. Therefore, the allegations are denied.

57. This Defendant lacks knowledge or information to admit or deny the allegations contained within this paragraph. Therefore, the allegations are denied.

58. This Defendant lacks knowledge or information to admit or deny the allegations contained within this paragraph. Therefore, the allegations are denied.

59. This Defendant lacks knowledge or information to admit or deny the allegations contained within this paragraph. Therefore, the allegations are denied.

60. This Defendant lacks knowledge or information to admit or deny the allegations contained within this paragraph. Therefore, the allegations are denied.

61. This Defendant lacks knowledge or information to admit or deny the allegations contained within this paragraph. Therefore, the allegations are denied.

62. This Defendant lacks knowledge or information to admit or deny the allegations contained within this paragraph. Therefore, the allegations are denied.

63. This Defendant lacks knowledge or information to admit or deny the allegations contained within this paragraph. Therefore, the allegations are denied.

64. This Defendant lacks knowledge or information to admit or deny the allegations contained within this paragraph. Therefore, the allegations are denied.

**G. Defendants ADCO Companies, Ltd., and Southeastern Temperature Controls, Inc. and/or STC Worldwide Perform Maintenance on Boiler and Bypassed the Pressure Release Valve and/or Steam Regulator.**

65. This Defendant lacks knowledge or information to admit or deny the allegations contained within this paragraph. Therefore, the allegations are denied.

66. This Defendant lacks knowledge or information to admit or deny the allegations contained within this paragraph. Therefore, the allegations are denied.

67. This Defendant lacks knowledge or information to admit or deny the allegations contained

within this paragraph. Therefore, the allegations are denied.

68. This Defendant lacks knowledge or information to admit or deny the allegations contained within this paragraph. Therefore, the allegations are denied.

69. This Defendant lacks knowledge or information to admit or deny the allegations contained within this paragraph. Therefore, the allegations are denied.

70. This Defendant lacks knowledge or information to admit or deny the allegations contained within this paragraph. Therefore, the allegations are denied.

71. This Defendant lacks knowledge or information to admit or deny the allegations contained within this paragraph. Therefore, the allegations are denied.

72. This Defendant lacks knowledge or information to admit or deny the allegations contained within this paragraph. Therefore, the allegations are denied.

73. This Defendant lacks knowledge or information to admit or deny the allegations contained within this paragraph. Therefore, the allegations are denied.

**H.  On November 2, 2020, Kennedy Operates the Boiler with the Steam Regulator and/or Pressure Release Valve in Bypass Mode to Restore Heating to the Prison.**

74. This Defendant lacks knowledge or information to admit or deny the allegations contained within this paragraph. Therefore, the allegations are denied.

75. This Defendant lacks knowledge or information to admit or deny the allegations contained within this paragraph. Therefore, the allegations are denied.

76. This Defendant lacks knowledge or information to admit or deny the allegations contained within this paragraph. Therefore, the allegations are denied.

77. This Defendant lacks knowledge or information to admit or deny the allegations contained within this paragraph. Therefore, the allegations are denied.

78. This Defendant lacks knowledge or information to admit or deny the allegations contained

within this paragraph. Therefore, the allegations are denied.

    **I.   Inmates in T Unit Complain of Excessive Heat All Weekend.**

79. This Defendant denies the allegations in the first sentence of this paragraph. This Defendant lacks knowledge or information to admit or deny the remaining allegations contained within this paragraph. Therefore, the remaining allegations are denied.

80. This Defendant denies the allegations contained within this paragraph.

81. This Defendant admits the allegations contained within this paragraph.

82. This Defendant lacks knowledge or information to admit or deny the allegations contained within this paragraph. Therefore, the allegations are denied.

    **J.   Kennedy Allows the Heating Water Temperature to Exceed 130 Degrees and Then Allows the Boiler Temperature Logs to Be Destroyed after the DOC Receives Plaintiff's Subpoena.**

83. This Defendant lacks knowledge or information to admit or deny the allegations contained within this paragraph. Therefore, the allegations are denied.

84. This Defendant admits that Plaintiff sent the referenced subpoena to the Alabama Department of Corrections and that this paragraph quotes the subpoena.

85. This Defendant lacks knowledge or information to admit or deny the allegations contained within this paragraph. Therefore, the allegations are denied.

86. This Defendant lacks knowledge or information to admit or deny the allegations contained within this paragraph. Therefore, the allegations are denied.

87. This Defendant lacks knowledge or information to admit or deny the allegations contained within this paragraph. Therefore, the allegations are denied.

88. This Defendant lacks knowledge or information to admit or deny the allegations contained within this paragraph. Therefore, the allegations are denied.

89. This Defendant lacks knowledge or information to admit or deny the allegations contained within this paragraph. Therefore, the allegations are denied.

**K.  Thomas Rutledge's Conditions of Confinement.**

90. This Defendant admits the allegations contained within this paragraph.

91. This Defendant admits the allegations contained within this paragraph.

92. This Defendant admits that Rutledge's cells contained a heating vent, and that Rutledge had no thermostat to control the temperature of his cell. This Defendant denies the remaining allegations contained within this paragraph.

93. This Defendant admits that Rutledge was housed in the mental health ward. This Defendant admits that he was trained to perform regular, frequent checks on inmates in the mental health ward. This Defendant denies the remaining allegations contained within this paragraph.

**L.  The Prison's "Psychotropic Medication and Heat" Policy Recognizes the Risk of Heat-Related Illness and the Need for Special Cooling Measures When Temperatures in Housing Units Exceed Eighty-Five Degrees.**

94. This Defendant admits that ADOC maintains a "Psychotropic Medication and Heat" policy. This Defendant admits that the allegations contained within this paragraph quote the "Psychotropic Medication and Heat" policy. To the extent that any of the allegations can be construed as factual allegations that seek to impose liability upon this Defendant, they are denied.

95. This Defendant admits that ADOC maintains a "Psychotropic Medication and Heat" policy. This Defendant admits that the allegations contained within this paragraph quote the "Psychotropic Medication and Heat" policy. To the extent that any of the allegations can be construed as factual allegations that seek to impose liability upon this Defendant, they are denied.

96. This Defendant admits that ADOC maintains a "Psychotropic Medication and Heat" policy. This Defendant admits that the allegations contained within this paragraph quote parts (C) and (D) of Section Five (V) of the "Psychotropic Medication and Heat" policy. This Defendant admits that the "Psychotropic Medication and Heat" policy refers to a Housing Unit Temperature Log. To the extent that any of the allegations can be construed as factual allegations that seek to impose liability upon this Defendant, they are denied. This Defendant denies the remaining allegations contained within this paragraph.

97. This Defendant admits that the "Psychotropic Medication and Heat" policy exists. This Defendant admits that cooling procedures exist pursuant to the policy. To the extent that these allegations can be construed as factual allegations that seek to impose liability upon this Defendant, they are denied. This Defendant admits that the last sentence in this paragraph quotes the "Psychotropic Medication and Heat" policy. To the extent that these allegations can be construed as factual allegations that seek to impose liability upon this Defendant, they are denied. This Defendant denies the remaining allegations contained within this paragraph.

98. This Defendant admits that ADOC maintains a "Residential Treatment Unit" policy. This Defendant admits that the allegations within this paragraph contain a quote of the "Residential Treatment Unit" policy. This Defendant admits that he was familiar with RTU and that inmates housed on RTU had mental health needs. To the extent that these allegations can be construed as factual allegations that seeks to impose liability upon this Defendant, they are denied. This Defendant lacks knowledge or information to admit or deny that inmates used clothing or other articles to block vents or that temperatures in the T Unit regularly exceeded 85 degrees in the winter when the boiler was running. Therefore, these allegations are denied. This Defendant denies the remaining allegations contained within this paragraph.

99. This Defendant lacks knowledge or information to admit or deny the allegations contained within this paragraph. Therefore, the allegations are denied.

**M. On the Evening of December 7, 2020, the Prison's Boiler System Created an Environment of Life-Threatening Heat, Presenting an Acute and Immediate Risk of Deadly Harm to Inmates Housed There.**

100. This Defendant lacks knowledge or information to admit or deny the allegations contained within this paragraph. Therefore, the allegations are denied.

101. This Defendant denies the allegations contained within this paragraph.

102. This Defendant admits that the allegations contained within this paragraph quote the Jefferson County Coroner's report. To the extent that these allegations can be construed as factual allegations that seek to impose liability upon this Defendant, they are denied.

103. This Defendant lacks knowledge or information to admit or deny the allegations contained within this paragraph. Therefore, the allegations are denied.

104. This Defendant admits that he was on duty in the RTU for a portion of December 7, 2020. To the extent that these allegations can be construed as factual allegations that seek to impose liability upon this Defendant, they are denied. This Defendant denies the remaining allegations contained within this paragraph.

105. This Defendant admits that he conducted "living and breathing" checks and a "security" check on RTU and reported "all 96 units alive & well" and "all 96 units secure." This Defendant denies that he was aware of any excessive life-threatening heat in the T Unit. This Defendant denies the allegations contained within this paragraph that he was deliberately indifferent and took no action.

106. This Defendant lacks knowledge or information to admit or deny the allegations contained within this paragraph. Therefore, the allegations are denied.

107. This Defendant lacks knowledge or information to admit or deny the allegations contained within this paragraph. Therefore, the allegations are denied.

108. This Defendant denies the allegations contained within the first sentence of this paragraph. This Defendant lacks knowledge or information to admit or deny the remaining allegations contained within this paragraph. Therefore, the remaining allegations are denied.

109. This Defendant lacks knowledge or information to admit or deny the allegations contained within this paragraph. Therefore, the allegations are denied.

110. This Defendant denies that he was aware of "excessive, life threatening temperatures on T Unit that were well in excess of eighty-five degrees, and in excess of ninety degrees." This Defendant admits that DOC maintains a "Psychotropic Medication and Heat" policy. This Defendant admits that the allegations contained within this paragraph quote part (C) of Section Five (V) of the "Psychotropic Medication and Heat" policy. To the extent that these allegations can be construed as factual allegations that seek to impose liability upon this Defendant, they are denied. This Defendant admits that DOC maintains a Housing Unit Temperature Log. This Defendant admits that the "Psychotropic Medication and Heat" policy refers to a Housing Unit Temperature Log. To the extent that any of the allegations can be construed as factual allegations that seek to impose liability upon this Defendant, they are denied. This Defendant denies the remaining allegations contained within this paragraph.

### N. Rutledge Died of Hyperthermia as a Direct Result of Life Threatening Temperatures in Excess of 101-104° Fahrenheit in His Housing Unit.

111. This Defendant admits that the allegations contained within this paragraph quotes the Rutledge's autopsy report. To the extent that these allegations can be construed as factual allegations that seek to impose liability upon this Defendant, they are denied.

112. This Defendant lacks knowledge or information to admit or deny the allegations contained

within this paragraph. Therefore, the allegations are denied.

113. This Defendant admits that the first two allegations contained within this paragraph quote the Rutledge's autopsy report. To the extent that these allegations can be construed as factual allegations that seek to impose liability upon this Defendant, they are denied. This Defendant lacks knowledge or information to admit or deny the remaining allegations contained within this paragraph. Therefore, the remaining allegations are denied.

**O. The Correctional Defendants Were Consciously Aware of the Acute and Immediate Risk of Deadly Harm Presented by the Life-Threatening Conditions on T Unit but Were Deliberately Indifferent to that Risk.**

114. This Defendant admits that the allegations contained within this paragraph quote the Coroner's report. To the extent that these allegations can be construed as factual allegations that seek to impose liability upon this Defendant, they are denied.

115. This Defendant denies the allegations contained within this paragraph.

116. This Defendant denies the allegations contained within this paragraph.

117. This Defendant lacks knowledge or information to admit or deny the allegations contained within this paragraph. Therefore, the allegations are denied.

118. This Defendant lacks knowledge or information to admit or deny the allegations contained within this paragraph. Therefore, the allegations are denied.

119. This Defendant admits that he was on duty in the RTU for a portion of December 7, 2020 and was familiar with the fact that inmates housed in RTU had mental health needs. This Defendant denies the remaining allegations contained within this paragraph.

120. This Defendant lacks knowledge or information to admit or deny the allegations contained within this paragraph. Therefore, the allegations are denied.

121. This Defendant denies the allegations contained within this paragraph.

122. This Defendant admits that ADOC maintains a Housing Unit Temperature Log. This Defendant admits that the "Psychotropic Medication and Heat" policy refers to a Housing Unit Temperature Log. To the extent that any of the allegations can be construed as factual allegations that seek to impose liability upon this Defendant, they are denied. This Defendant denies the remaining allegations contained within this paragraph.

123. This Defendant admits that the allegations contained within this paragraph quote the Duty Officer Report that was attached as Exhibit C to the Plaintiff's Second Amended Complaint.[1] To the extent that any of the allegations can be construed as factual allegations that seek to impose liability upon this Defendant, they are denied.

124. This Defendant lacks knowledge or information to admit or deny the allegations contained within this paragraph. Therefore, the allegations are denied.

   **P.  The Contractor Defendants Admitted Responsibility**

125. This Defendant lacks knowledge or information to admit or deny the allegations contained within this paragraph. Therefore, the allegations are denied.

126. This Defendant lacks knowledge or information to admit or deny the allegations contained within this paragraph. Therefore, the allegations are denied.

127. This Defendant lacks knowledge or information to admit or deny the allegations contained within this paragraph. Therefore, the allegations are denied.

128. This Defendant lacks knowledge or information to admit or deny the allegations contained within this paragraph. Therefore, the allegations are denied.

129. This Defendant lacks knowledge or information to admit or deny the allegations contained

---

[1] The Plaintiff's Fourth Amended Complaint does not appear to contain the exhibits incorporated into the Second Amended Complaint. This Defendant, however, acknowledges this paragraph quotes the Duty Officer Report attached as Exhibit C to the Second Amended Complaint.

within this paragraph. Therefore, the allegations are denied.

**Q. Prison Staff Were Aware of a Previous Occasion When an Inmate Died of Excessive Heat on T Unit as a Result of the Boiler Heating System.**

130. This Defendant lacks knowledge or information to admit or deny the allegations contained within this paragraph. Therefore, the allegations are denied.

131. This Defendant lacks knowledge or information to admit or deny the allegations contained within this paragraph. Therefore, the allegations are denied.

132. This Defendant is unaware if there was a prior death at Donaldson that related to over-heating. This Defendant denies the remaining allegations contained within this paragraph.

**R. Prison Officials, Including Defendants Warden Phyllis Morgan and Warden Kenneth Peters, Were Deliberately Indifferent to the Need to Institute Policies and Training Requiring Special Means of Cooling When Temperatures Rise Above Eighty-Five Degrees in Housing Unites, Regardless of the Outside Temperatures.**

133. This Defendant admits that the "Psychotropic Medication and Heat" Policy governs cooling measures to be taken when the outside temperature reaches 85 degrees Fahrenheit. To the extent that these allegations can be construed as factual allegations that seek to impose liability upon this Defendant, they are denied. This Defendant denies the remaining allegations contained within this paragraph.

134. This Defendant admits that the allegations contained in this paragraph quote the "Psychotropic Medication and Heat" Policy. To the extent that these allegations can be construed as factual allegations that seek to impose liability upon this Defendant, they are denied. This Defendant denies the remaining allegations contained within this paragraph.

135. This Defendant lacks knowledge or information to admit or deny the allegations contained within this paragraph. Therefore, the allegations are denied.

136. This Defendant lacks knowledge or information to admit or deny the allegations contained

within this paragraph. Therefore, the allegations are denied.

137. This Defendant lacks knowledge or information to admit or deny the allegations contained within this paragraph. Therefore, the allegations are denied.

138. This Defendant denies the allegations contained within this paragraph.

**First Cause of Action: Wrongful Death – Eighth Amendment to the United States Constitution via 42 USC § 1983 – Defendants Sansing, Rodgers, Griffin, and Dean – Individual Capacity Liability for Deliberate Indifference**

139. This Defendant denies the allegations contained within this paragraph.

140. This Defendant admits that he was on duty in the RTU for a portion of December 7, 2020. This Defendant denies the remaining allegations contained within this paragraph.

141. This Defendant admits that ADOC maintains a Housing Unit Temperature Log. This Defendant admits that the "Psychotropic Medication and Heat" policy refers to a Housing Unit Temperature Log. To the extent that any of the allegations can be construed as factual allegations that seek to impose liability upon this Defendant, they are denied. This Defendant denies the remaining allegations contained within this paragraph.

142. This Defendant denies the allegations contained within this paragraph.

**Second Cause of Action: Wrongful Death – Eighth Amendment to the United States Constitution via 42 USC §1983 – Defendant Kennedy – Individual Capacity Liability for Deliberate Indifference.**

143. This paragraph does not pertain to this Defendant, and therefore a response is not required.

144. This paragraph does not pertain to this Defendant, and therefore a response is not required.

145. This paragraph does not pertain to this Defendant, and therefore a response is not required.

146. This paragraph does not pertain to this Defendant, and therefore a response is not required.

147. This paragraph does not pertain to this Defendant, and therefore a response is not required.

148. This paragraph does not pertain to this Defendant, and therefore a response is not required.

**Third Cause of Action: Wrongful Death; Individual Capacity Supervisory Liability; Deliberate Indifference; Deliberate Indifference; Eighth Amendment via §1983; Policy and/or Custom and/or Failure to Train – Defendants Warden Phyllis Morgan and Warden Kenneth Peters.**

149.  This paragraph does not pertain to this Defendant, and therefore a response is not required.

150.  This paragraph does not pertain to this Defendant, and therefore a response is not required.

151.  This paragraph does not pertain to this Defendant, and therefore a response is not required.

152.  This paragraph does not pertain to this Defendant, and therefore a response is not required.

153.  This paragraph does not pertain to this Defendant, and therefore a response is not required.

154.  This paragraph does not pertain to this Defendant, and therefore a response is not required.

155.  This paragraph does not pertain to this Defendant, and therefore a response is not required.

156.  This paragraph does not pertain to this Defendant, and therefore a response is not required.

157.  This paragraph does not pertain to this Defendant, and therefore a response is not required.

**Fourth Cause of Action: Wrongful Death; Alabama Code 6-5-410 – Defendants P & M Mechanical, Inc., Taylor Electrical Contractors, Inc., LS&R LLC, Automated Logic Contracting Services, Inc., and Fictitious Defendants ("Contractor Defendants")**

158.  This paragraph does not pertain to this Defendant, and therefore a response is not required.

159.  This paragraph does not pertain to this Defendant, and therefore a response is not required.

160.  This paragraph does not pertain to this Defendant, and therefore a response is not required.

161.  This paragraph does not pertain to this Defendant, and therefore a response is not required.

162.  This paragraph does not pertain to this Defendant, and therefore a response is not required.

**a.  Negligence of the Contractor Defendants Caused Rutledge's Death**

163.  This paragraph does not pertain to this Defendant, and therefore a response is not required.

164.  This paragraph does not pertain to this Defendant, and therefore a response is not required.

165.  This paragraph does not pertain to this Defendant, and therefore a response is not required.

166.  This paragraph does not pertain to this Defendant, and therefore a response is not required.

**b. Wanton and Reckless Misconduct of the Contractor Defendants Caused Rutledge's Death**

167. This paragraph does not pertain to this Defendant, and therefore a response is not required.

168. This paragraph does not pertain to this Defendant, and therefore a response is not required.

169. This paragraph does not pertain to this Defendant, and therefore a response is not required.

**c. Negligent and/or Wanton Hiring, Training, and Supervision / Respondeat Superior**

170. This paragraph does not pertain to this Defendant, and therefore a response is not required.

171. This paragraph does not pertain to this Defendant, and therefore a response is not required.

172. This paragraph does not pertain to this Defendant, and therefore a response is not required.

173. This paragraph does not pertain to this Defendant, and therefore a response is not required.

**Fifth Cause of Action: Wrongful Death; Alabama Code 6-5-410 – Defendants Southeastern Temperature Controls Inc. and/or STC Worldwide, and Fictitious Defendants ("Boiler Maintenance Defendants")**

174. This paragraph does not pertain to this Defendant, and therefore a response is not required.

175. This paragraph does not pertain to this Defendant, and therefore a response is not required.

176. This paragraph does not pertain to this Defendant, and therefore a response is not required.

177. This paragraph does not pertain to this Defendant, and therefore a response is not required.

178. This paragraph does not pertain to this Defendant, and therefore a response is not required. ]

**a. Negligence of Southeastern Temperature Controls Inc. and/or STC Worldwide Caused Rutledge's Death**

179.  This paragraph does not pertain to this Defendant, and therefore a response is not required.

180. This paragraph does not pertain to this Defendant, and therefore a response is not required.

181. This paragraph does not pertain to this Defendant, and therefore a response is not required.

182. This paragraph does not pertain to this Defendant, and therefore a response is not required.

**b. Wanton and Reckless Misconduct of Southeastern Temperature Controls Inc. and/or STC Worldwide Caused Rutledge's Death**

183.  This paragraph does not pertain to this Defendant, and therefore a response is not required.

184.  This paragraph does not pertain to this Defendant, and therefore a response is not required.

185.  This paragraph does not pertain to this Defendant, and therefore a response is not required.

186.  This paragraph does not pertain to this Defendant, and therefore a response is not required.

### c.  Negligent and/or Wanton Hiring, Training and Supervision / Respondeat Superior

187.  This paragraph does not pertain to this Defendant, and therefore a response is not required.

188.  This paragraph does not pertain to this Defendant, and therefore a response is not required.

189.  This paragraph does not pertain to this Defendant, and therefore a response is not required.

190.  This paragraph does not pertain to this Defendant, and therefore a response is not required.

### VIII.    Request for Relief

191.  This Defendant denies that the Plaintiff is entitled to a judgment in her favor or compensatory damages.

192.  This Defendant denies that the Plaintiff is entitled to punitive damages.

193.  This Defendant denies that the Plaintiff is entitled to attorney's fees and costs.

194.  This Defendant denies that the Plaintiff is entitled to expenses, costs, and interest.

195.  This Defendant denies that the Plaintiff is entitled to any other relief.

### V.    Jury Demand

196.  The allegations in this paragraph do not require a response from this Defendant.

### AFFIRMATIVE DEFENSES

### DEFENSE ONE

Plaintiff's claims are barred by the applicable statutes of limitation.

### DEFENSE TWO

The Fourth Amended Complaint fails to state a claim upon which relief can be granted.

## DEFENSE THREE

The Court lacks jurisdiction over the persons involved in this action.

## DEFENSE FOUR

The Court lacks jurisdiction over the subject matter of this action.

## DEFENSE FIVE

This Defendant asserts that there is no casual connection, legal or proximate, between any facts alleged in the Fourth Amended Complaint and any cognizable injury alleged.

## DEFENSE SIX

This Defendant asserts that the portions of the Plaintiff's Fourth Amended Complaint, which attempt to state a cause of action pursuant to 42 U.S.C. Section 1983, fail to establish a claim upon which relief can be granted.

## DEFENSE SEVEN

This Defendant asserts that he is subject to state agent immunity pursuant to the Alabama Constitution from suit for monetary damages and injunctive relief.

## DEFENSE EIGHT

This Defendant asserts that he is subject to qualified immunity from suit for monetary damages and injunctive relief.

## DEFENSE NINE

This Defendant asserts that he is subject to state agent immunity pursuant to Ex parte Cranman, 792 So. 2d 392 (Ala. 2000), and its progeny.

## DEFENSE TEN

This Defendant asserts that he was discharging discretionary duties at all times referenced in the Plaintiff's Fourth Amended Complaint.

**DEFENSE ELEVEN**

This Defendant is entitled to Eleventh Amendment immunity from the claims asserted against him pursuant to 42 U.S.C. § 1983.

**DEFENSE TWELVE**

Plaintiff's claims are barred because the Defendant is entitled to sovereign immunity under Art. 1 §14 of Ala. Constitution of 1901.

**DEFENSE THIRTEEN**

Plaintiff's claims do not fall within any judicially-recognized exception to sovereign immunity.

**DEFENSE FOURTEEN**

This Defendant denies that the Plaintiff is entitled to compensatory damages.

**DEFENSE FIFTEEN**

This Defendant denies that the Plaintiff is entitled to punitive damages.

**DEFENSE SIXTEEN**

This Defendant asserts any claim for punitive damages is expressly limited by the provisions of Alabama Code Sections 6-11-20 and 6-11-21.

**DEFENSE SEVENTEEN**

This Defendant did not participate in, authorize, ratify, or benefit from the alleged wrongful acts that are asserted in the Fourth Amended Complaint.

**DEFENSE EIGHTEEN**

This Defendant asserts that any claim for punitive damages against the State of Alabama are barred by Alabama Code Section 6-11-26.

### DEFENSE NINETEEN

To the extent that the Plaintiff is seeking an award of punitive damages, an award of punitive damages to Plaintiff in this case would violate the constitutional safeguards provided to this Defendant under the *Constitution of the State of Alabama*.

### DEFENSE TWENTY

To the extent that the Plaintiff is seeking an award of punitive damages, any award of punitive damages to Plaintiff in this case would violate the constitutional safeguards provided to this Defendant under the *United States Constitution*.

### DEFENSE TWENTY-ONE

To the extent that the Plaintiff is seeking an award of punitive damages, any award of punitive damages to the Plaintiff in this case would violate Article I, Section 6 of the *Constitution of the State of Alabama* which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate governmental interests.

### DEFENSE TWENTY-TWO

Plaintiff's claims for punitive damages violate this Defendant's United States and Alabama Constitutional protections from, including without limitation, excessive fines, cruel and unusual punishment, denial of due process and denial of equal protection of the law.

### DEFENSE TWENTY-THREE

This Defendant denies that his actions were willful, malicious, fraudulent, illegal, in bad faith, or beyond his authority and/or under a mistaken interpretation of the law.

### DEFENSE TWENTY-FOUR

The Fourth Amended Complaint fails to sufficiently allege such facts as would show that

this Defendant breached any obligation or duty or otherwise caused any injury to the Plaintiff.

### DEFENSE TWENTY-FIVE

This Defendant denies that any act or omission on his part proximately caused any injury to the Plaintiff.

### DEFENSE TWENTY-SIX

This Defendant claims the benefit of all statutes limiting the liability of governmental entities and their employees or otherwise limiting the collection of judgments against governmental entities and their employees under Alabama law.

### DEFENSE TWENTY-SEVEN

A third-party is comparatively at fault for Plaintiff's alleged damages, and this comparative fault by non-party tortfeasors must be excluded from any damage award against the Correctional Wardens.

### DEFENSE TWENTY-EIGHT

Plaintiff's claims are barred by the doctrine of waiver.

### DEFENSE TWENTY-NINE

Plaintiff's claims are barred by the doctrine of estoppel.

### DEFENSE THIRTY

Plaintiff's claims are barred because of the existence of superseding, intervening causes.

### DEFENSE THIRTY-ONE

Plaintiff's claims are barred because of the lack of damages or injury suffered due to any of the alleged wrongs asserted against this Defendant.

### DEFENSE THIRTY-TWO

Plaintiff's claims are barred because this Defendant did not act with deliberate indifference.

*Estelle v. Gamble,* 429 U.S. 97 (1976).

## DEFENSE THIRTY-THREE

To the extent Plaintiff seeks to recover any attorney fees, this Defendant objects to any and all such requests for fees that are not asserted in the Fourth Amended Complaint or otherwise approved by Court Order.

## DEFENSE THIRTY-FOUR

This Defendant incorporates by reference any affirmative defense, pled now or later, by any other Defendants which would be applicable to the claims against this Defendant.

## DEFENSE THIRTY-FIVE

This Defendant denies he is guilty of conduct for which compensatory or punitive damages could or should be awarded, and further, denies that Plaintiff has set forth clear, explicit, and particular facts to support or sustain the imposition of compensatory or punitive damages.

## DEFENSE THIRTY-SIX

This Defendant did not commit any wrongful act or omission under color of State Law.

## DEFENSE THIRTY-SEVEN

Except to the extent specifically admitted, the Defendant denies each and every material allegation of Plaintiff's Fourth Amended Complaint and demands strict proof thereof.

Respectfully submitted,

TERRI OLIVE TOMPKINS
CHRISTIAN ALEXANDRA MONTGOMERY

*/s/ TERRI OLIVE TOMPKINS*
Attorneys for Defendant John Rodgers
Rosen Harwood, P.A.
2200 Jack Warner Parkway, Suite 200
Tuscaloosa, Alabama 35401
Telephone: (205) 344-5000

ttompkins@rosenharwood.com
amontgomery@rosenharwood.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the foregoing pleading or paper has been served upon:

Jon C. Goldfarb
L. William Smith
Christina Maxine Malmat
Lieselotte Carmen-Burks
WIGGINS, CHILDS, PANTAZIS, FISHER,
& GOLDFARB, LLC
301 19th Street North
Birmingham, AL 35203

Steve Keith Herndon
HERNDON LAW, P.C.
1430 I-85 Parkway, Suite 234
Montgomery, AL 36106

William R. Lunsford
Matthew B. Reeves
Ellie B. Putnam
Lynette E. Potter
MAYNARD, COOPER & GALE, P.C.
655 Gallatin Street SW
Huntsville, AL 35801

Thomas A. McKnight, Jr.
Ben Bainbridge Robinson
Albert L. Jordan
WALLACE, JORDAN, RATCLIFFE, &
BRANDT, LLC
800 Shades Creek Parkway, Suite 400
Birmingham, AL 35209

Steve Marshall
Mary-Coleman Roberts
Carrie G. Shaw
Matthew J. Ward
ALABAMA DEPARTMENT OF CORRECTIONS
LEGAL DIVISION
301 Ripley Street
Post Office Box 301501
Montgomery, AL 36130-1501

Hunter C. Carroll
Leslie A. Caldwell

Anna M. Tullar
HAGWOOD AND TIPTON, P.C.
600 Vestavia Parkway, Suite 125
Birmingham, Alabama 35216

Angela C. Shields
A. Joe Peddy
SMITH, SPIRES, PEDDY, HAMILTON, & COLEMAN, P.C.
3500 Colonnade Parkway, Suite 350
Birmingham, Alabama 35243

Freddie N. Harrington, Jr.
STOTT & HARRINGTON, P.C.
2637 Valleydale Road, Suite 100
Birmingham, Alabama 35244

Edward S. Sledge, IV
Hillary C. Campbell
BRADLEY ARANT BOULT CUMMINGS, LLP
1819 Fifth Avenue North
Birmingham, Alabama 35203

David L. McAlister
CARR ALLISON
100 Vestavia Pkwy.
Birmingham, Alabama 35216

on this 12th day of December 2022, by electronically filing, delivering a copy to each, by mailing a copy to each by first class United States Mail, postage prepaid, addressed to them at their last known address or, if no address is known, by leaving it with the Clerk of this Court.

*/s/ TERRI OLIVE TOMPKINS*
Attorney for Defendant John Rodgers