FILED
2022 Dec-12  PM 12:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **LAVENTRA DENICE RUTLEDGE AS ADMINISTRATRIX OF THE ESTATE OF THOMAS LEE RUTLEDGE,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) ) | **CIVIL ACTION NO.: 2:21-CV-226-RDP** |
| **CHRISTIE SANSING AND CORY ELLER, LIEUTENANT TIM POPE, WARDEN PHYLLIS MORGAN, WARDEN KENNETH PETERS, AND CORRECTIONS OFFICERS J. RODGERS, C. DEAN, AND G. GRIFFIN, PLANT MAINTENANCE SUPERVISOR III, BILLY KENNEDY, P&M MECHANICAL, INC., TAYLOR ELECTRICAL CONTRACTORS, INC., LS&R LLC, AUTOMATED LOGIC CONTRACTING SERVICES, INC., SOUTHEASTERN TEMPERATURE CONTROLS, INC., STC WORLDWIDE LLC, AND FICTITIOUS DEFENDANTS,** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| **Defendants.** | | |

<u>**DEFENDANTS CHARLES DEAN AND GEOFFREY GRIFFIN'S
ANSWER TO PLAINTIFF'S FOURTH AMENDED COMPLAINT**</u>

Come now Charles Dean ("Dean" or "Officer Dean") and Geoffrey Griffin ("Griffin" or "Officer Griffin"), identified in the Fourth Amended Complaint as Corrections Officer C. Dean and Corrections Officer G. Griffin, at times collectively identified herein as the "ADOC Officers," and hereby submit their Answer to the Plaintiff's Fourth Amended Complaint (Doc. 132).  Officers Dean and Griffin answer the Fourth Amended Complaint as follows:

**Introduction**

1.   Officers Dean and Griffin, upon information and belief, admit that Thomas Lee Rutledge ("Rutledge") was in the custody of the Alabama Department of Corrections ("ADOC") at William E. Donaldson Correctional Facility ("Donaldson") on December 7, 2020.  Officers Dean and Griffin, upon information and belief, admit that Mr. Rutledge passed away on December 7, 2020. Officers Dean and Griffin admit that the Plaintiff has filed suit pursuant to 42 USC § 1983.  These ADOC Officers deny the remaining factual allegations in paragraph 1 of the Fourth Amended Complaint.  Officers Dean and Griffin deny that they were deliberately indifferent or acted with malice towards Mr. Rutledge.  These Defendants deny that the Plaintiff is entitled to damages or relief against them.

**Parties**

2.   Officers Dean and Griffin lack sufficient knowledge and information to admit or deny the allegations in this paragraph.

3.   Officers Dean and Griffin, upon information and belief, admit that Mr. Rutledge was an inmate in the custody of  ADOC at Donaldson on December 7, 2020.  These ADOC Officers also admit, upon information and belief, that Mr. Rutledge passed away on December 7, 2020.  These ADOC Officers lack sufficient information to admit or deny the allegations regarding Rutledge's relationship with family.   Officers Dean and Griffin deny the remaining allegations in this paragraph.

4.   Officers Dean and Griffin admit that Kristi Sansing ("Sansing"), Warden Phyllis Morgan ("Warden Morgan"), and Warden Kenneth Peters ("Warden Peters") are current or former employees of the ADOC.  These ADOC Officers admit that Plaintiff has filed suit against them in

their individual capacities.   These ADOC Officers deny the remaining allegations in this paragraph.

5.   Officers Dean and Griffin admit that Warden Morgan and Warden Peters were prison officials at Donaldson on December 7, 2020.  These ADOC Officers lack sufficient information to admit or deny the remaining allegations contained in this paragraph.  Therefore, the allegations are denied.

6.   Officers Dean and Griffin admit that they were employed as Correctional Officers for the ADOC on December 7, 2020.  These ADOC Officers also admit, upon information and belief, that Mr. Rodgers was employed as a Correctional Officer on December 7, 2020.  These ADOC Officers admit that Plaintiff has filed suit against them in their individual capacities.  Officers Dean and Griffin deny the remaining allegations in this paragraph.

7.   Officers Dean and Griffin admit, upon information and belief, that Billy Kennedy was employed as maintenance personnel at Donaldson. Officers Dean and Griffin lack sufficient information to admit or deny the remaining allegations in this paragraph.

8.   Officers Dean and Griffin lack sufficient information to admit or deny the allegations in this paragraph. Therefore, the allegations are denied.

9.   Officers Dean and Griffin lack sufficient information to admit or deny the allegations in this paragraph. Therefore, the allegations are denied.

10. Officers Dean and Griffin lack sufficient information to admit or deny the allegations in this paragraph. Therefore, the allegations are denied.

11. Officers Dean and Griffin lack sufficient information to admit or deny the allegations in this paragraph. Therefore, the allegations are denied.

12. Officers Dean and Griffin lack sufficient information to admit or deny the allegations in this paragraph. Therefore, the allegations are denied.

13. Officers Dean and Griffin lack sufficient information to admit or deny the allegations in this paragraph. Therefore, the allegations are denied.

14. Officers Dean and Griffin lack sufficient information to admit or deny the allegations in this paragraph. Therefore, the allegations are denied.

15. Officers Dean and Griffin lack sufficient information to admit or deny the allegations in this paragraph. Therefore, the allegations are denied.

16. Officers Dean and Griffin lack sufficient information to admit or deny the allegations in this paragraph. Therefore, the allegations are denied.

17. Officers Dean and Griffin lack sufficient information to admit or deny the allegations in this paragraph. Therefore, the allegations are denied.

18. Officers Dean and Griffin lack sufficient information to admit or deny the allegations in this paragraph. Therefore, the allegations are denied.

19. Officers Dean and Griffin lack sufficient information to admit or deny the allegations in this paragraph. Therefore, the allegations are denied.

20. Officers Dean and Griffin lack sufficient information to admit or deny the allegations in this paragraph. Therefore, the allegations are denied.

21. Officers Dean and Griffin lack sufficient information to admit or deny the allegations in this paragraph. Therefore, the allegations are denied.

22. Officers Dean and Griffin lack sufficient information to admit or deny the allegations in this paragraph. Therefore, the allegations are denied.

23. Officers Dean and Griffin lack sufficient information to admit or deny the allegations in this paragraph. Therefore, the allegations are denied.

## Jurisdiction and Venue

24. Officers Dean and Griffin admit that the Plaintiff brings claims pursuant to 42 U.S.C. § 1983 under the Eighth Amendment.  These ADOC Officers deny that the Plaintiff is entitled to damages or relief against them for these claims.  These ADOC Officers admit that the court has personal jurisdiction over the Defendants.  These Defendants admit that venue is proper as alleged.  These Defendants admit that the court has supplemental jurisdiction over Plaintiff's state law claims.

## Factual Allegations

25. Officers Dean and Griffin lack sufficient information to admit or deny the allegations in this paragraph.  Therefore, the allegations are denied.

26. Officers Dean and Griffin lack sufficient information to admit or deny the allegations contained in this paragraph.  Therefore, the allegations are denied.

27. Defendants Dean and Griffin, upon information and belief, admit that Rutledge died on December 7, 2020.  These ADOC Officers lack sufficient information to admit or deny the remaining allegations contained in this paragraph.  Therefore, the allegations are denied.

28. Officers Dean and Griffin lack sufficient information to admit or deny the allegations contained in this paragraph.  Therefore, the allegations are denied.

29. Officers Dean and Griffin lack sufficient information to admit or deny the allegations contained in this paragraph.  Therefore, the allegations are denied.

30. Officers Dean and Griffin lack sufficient information to admit or deny the allegations contained in this paragraph.  Therefore, the allegations are denied.

31. Officers Dean and Griffin lack sufficient information to admit or deny the allegations contained in this paragraph. Therefore, the allegations are denied.

32. Officers Dean and Griffin lack sufficient information to admit or deny the allegations contained in this paragraph. Therefore, the allegations are denied.

33. Officers Dean and Griffin lack sufficient information to admit or deny the allegations contained in this paragraph. Therefore, the allegations are denied.

34. Officers Dean and Griffin lack sufficient information to admit or deny the allegations contained in this paragraph. Therefore, the allegations are denied.

35. Officers Dean and Griffin lack sufficient information to admit or deny the allegations contained in this paragraph. Therefore, the allegations are denied.

36. Officers Dean and Griffin lack sufficient information to admit or deny the allegations contained in this paragraph. Therefore, the allegations are denied.

37. Officers Dean and Griffin lack sufficient information to admit or deny the allegations contained in this paragraph. Therefore, the allegations are denied.

38. Officers Dean and Griffin lack sufficient information to admit or deny the allegations contained in this paragraph. Therefore, the allegations are denied.

39. Officers Dean and Griffin lack sufficient information to admit or deny the allegations contained in this paragraph. Therefore, the allegations are denied.

40. Officers Dean and Griffin lack sufficient information to admit or deny the allegations contained in this paragraph. Therefore, the allegations are denied.

41. Officers Dean and Griffin lack sufficient information to admit or deny the allegations contained in this paragraph. Therefore, the allegations are denied.

42. Officers Dean and Griffin lack sufficient information to admit or deny the allegations contained in this paragraph.  Therefore, the allegations are denied.

43. Officers Dean and Griffin lack sufficient information to admit or deny the allegations contained in this paragraph.  Therefore, the allegations are denied.

44. Officers Dean and Griffin lack sufficient information to admit or deny the allegations contained in this paragraph.  Therefore, the allegations are denied.

45. Officers Dean and Griffin lack sufficient information to admit or deny the allegations contained in this paragraph.  Therefore, the allegations are denied.

46. Officers Dean and Griffin lack sufficient information to admit or deny the allegations contained in this paragraph.  Therefore, the allegations are denied.

47. Officers Dean and Griffin lack sufficient information to admit or deny the allegations contained in this paragraph.  Therefore, the allegations are denied.

48. Officers Dean and Griffin lack sufficient information to admit or deny the allegations contained in this paragraph.  Therefore, the allegations are denied.

49. Officers Dean and Griffin lack sufficient information to admit or deny the allegations contained in this paragraph.  Therefore, the allegations are denied.

50. Officers Dean and Griffin lack sufficient information to admit or deny the allegations contained in this paragraph.  Therefore, the allegations are denied.

51. Officers Dean and Griffin lack sufficient information to admit or deny the allegations contained in this paragraph.  Therefore, the allegations are denied.

52. Officers Dean and Griffin lack sufficient information to admit or deny the allegations contained in this paragraph.  Therefore, the allegations are denied.

53. Officers Dean and Griffin lack sufficient information to admit or deny the allegations contained in this paragraph.  Therefore, the allegations are denied.

54. Officers Dean and Griffin lack sufficient information to admit or deny the allegations contained in this paragraph.  Therefore, the allegations are denied.

55. Officers Dean and Griffin lack sufficient information to admit or deny the allegations contained in this paragraph.  Therefore, the allegations are denied.

56. Officers Dean and Griffin lack sufficient information to admit or deny the allegations contained in this paragraph.  Therefore, the allegations are denied.

57. Officers Dean and Griffin lack sufficient information to admit or deny the allegations contained in this paragraph.  Therefore, the allegations are denied.

58. Officers Dean and Griffin lack sufficient information to admit or deny the allegations contained in this paragraph.  Therefore, the allegations are denied.

59. Officers Dean and Griffin lack sufficient information to admit or deny the allegations contained in this paragraph.  Therefore, the allegations are denied.

60. Officers Dean and Griffin lack sufficient information to admit or deny the allegations contained in this paragraph.  Therefore, the allegations are denied.

61. Officers Dean and Griffin lack sufficient information to admit or deny the allegations contained in this paragraph.  Therefore, the allegations are denied.

62. Officers Dean and Griffin lack sufficient information to admit or deny the allegations contained in this paragraph.  Therefore, the allegations are denied.

63. Officers Dean and Griffin lack sufficient information to admit or deny the allegations contained in this paragraph.  Therefore, the allegations are denied.

64. Officers Dean and Griffin lack sufficient information to admit or deny the allegations contained in this paragraph.  Therefore, the allegations are denied.

65. Officers Dean and Griffin lack sufficient information to admit or deny the allegations contained in this paragraph.  Therefore, the allegations are denied.

66. Officers Dean and Griffin lack sufficient information to admit or deny the allegations contained in this paragraph.  Therefore, the allegations are denied.

67. Officers Dean and Griffin lack sufficient information to admit or deny the allegations contained in this paragraph.  Therefore, the allegations are denied.

68. Officers Dean and Griffin lack sufficient information to admit or deny the allegations contained in this paragraph.  Therefore, the allegations are denied.

69. Officers Dean and Griffin lack sufficient information to admit or deny the allegations contained in this paragraph.  Therefore, the allegations are denied.

70. Officers Dean and Griffin lack sufficient information to admit or deny the allegations contained in this paragraph.  Therefore, the allegations are denied.

71. Officers Dean and Griffin lack sufficient information to admit or deny the allegations contained in this paragraph.  Therefore, the allegations are denied.

72. Officers Dean and Griffin lack sufficient information to admit or deny the allegations contained in this paragraph.  Therefore, the allegations are denied.

73. Officers Dean and Griffin lack sufficient information to admit or deny the allegations contained in this paragraph.  Therefore, the allegations are denied.

74. Officers Dean and Griffin lack sufficient information to admit or deny the allegations contained in this paragraph.  Therefore, the allegations are denied.

75. Officers Dean and Griffin lack sufficient information to admit or deny the allegations contained in this paragraph.  Therefore, the allegations are denied.

76. Officers Dean and Griffin lack sufficient information to admit or deny the allegations contained in this paragraph.  Therefore, the allegations are denied.

77. Officers Dean and Griffin lack sufficient information to admit or deny the allegations contained in this paragraph.  Therefore, the allegations are denied.

78. Officers Dean and Griffin lack sufficient information to admit or deny the allegations contained in this paragraph.  Therefore, the allegations are denied.

79. Officers Dean and Griffin lack sufficient information to admit or deny the allegations contained in this paragraph.  Therefore, the allegations are denied.

80. Officers Dean and Griffin admit, upon information and belief, that they were on duty for a portion of December 7, 2020.  These ADOC Officers deny the remaining allegations within this paragraph.

81. Officers Dean and Griffin lack sufficient information to admit or deny the allegations contained in this paragraph.  Therefore, the allegations are denied.

82. Officers Dean and Griffin lack sufficient information to admit or deny the allegations contained in this paragraph.  Therefore, the allegations are denied.

83. Officers Dean and Griffin lack sufficient information to admit or deny the allegations contained in this paragraph.  Therefore, the allegations are denied.

84. Officers Dean and Griffin lack sufficient information to admit or deny the allegations contained in this paragraph.  Therefore, the allegations are denied.

85. Officers Dean and Griffin lack sufficient information to admit or deny the allegations contained in this paragraph.  Therefore, the allegations are denied.

86. Officers Dean and Griffin lack sufficient information to admit or deny the allegations contained in this paragraph. Therefore, the allegations are denied.

87. Officers Dean and Griffin lack sufficient information to admit or deny the allegations contained in this paragraph. Therefore, the allegations are denied.

88. Officers Dean and Griffin lack sufficient information to admit or deny the allegations contained in this paragraph. Therefore, the allegations are denied.

89. Officers Dean and Griffin lack sufficient information to admit or deny the allegations contained in this paragraph. Therefore, the allegations are denied.

90. Officers Dean and Griffin admit that the "T unit" at Donaldson makes up a portion of the facility's Residential Treatment Unit ("RTU"). These ADOC Defendants admit, upon information and belief, that Rutledge was assigned to "T unit" as of December 7, 2020.

90. Officers Dean and Griffin admit that this paragraph accurately quotes a portion of the document marked as Exhibit A (Doc. 57-1).

91. Officers Dean and Griffin lack sufficient information to admit or deny the allegations contained in this paragraph. Therefore, the allegations are denied.

92. Officers Dean and Griffin admit, upon information and belief, that Rutledge's cell contained a heating vent, and that Rutledge had no thermostat to control the temperature of his cell. These ADOC Officers deny the remaining allegations contained in this paragraph.

93. Officers Dean and Griffin admit, upon information and belief, that Rutledge was housed in the mental health ward. These ADOC Officers admit they were trained to perform checks on inmates in the mental health ward. These ADOC Officers admit that the ADOC maintains a "Psychotropic Mediation and Heat" Policy, which is ADOC Administrative Regulations ("AR") 619. The remaining allegations in this paragraph are denied as stated.

94. Officers Dean and Griffin admit that the ADOC maintains a "Psychotropic Medication and Heat" policy, AR 619.  These ADOC Officers admit that the quoted language comes from ADOC AR 619.  To the extent the allegations can be construed as factual allegations that seek to impose liability on these ADOC Officers, they are denied.

95. Officers Dean and Griffin admit that the ADOC maintains a "Psychotropic Medication and Heat" policy, AR 619.  These ADOC Officers admit that the quoted language is substantially identical to the language in ADOC AR 619.  To the extent the allegations can be construed as factual allegations that seek to impose liability on these ADOC Officers, they are denied.

96. Officers Dean and Griffin admit that the ADOC maintains a "Psychotropic Medication and Heat" policy.  These ADOC Officers admit that the quoted language is substantially identical to the language in ADOC AR 619.  To the extent the allegations attempt to quote a document, the document speaks for itself.  To the extent the allegations can be construed as factual allegations that seek to impose liability on these ADOC Officers, they are denied.

97. Officers Dean and Griffin admit that the quoted language is from ADOC AR 619, "Psychotropic Medication and Heat" policy.  These ADOC Officers admit that the Psychotropic Medication and Heat policy exits.  These ADOC Officers deny each and every remaining allegation contained in this paragraph.

98. Officers Dean and Griffin admit, upon information and belief, that ADOC maintains a "Residential Treatment Unit" policy, AR 619.  To the extent the allegations attempt to quote a document, the document speaks for itself.  To the extent the allegations attempt to describe and characterize a document, these ADOC Officers deny the description and characterization.  These ADOC Officers admit that they were familiar with RTU and that inmates housed in RTU had mental health needs. To the extent that these allegations can be construed as factual allegations

that seek to impose liability upon these ADOC Officers, they are denied. These ADOC Officers are without sufficient information to admit or deny the remaining allegations contained in this paragraph. Therefore, the allegations are denied.

99. Officers Dean and Griffin admit that the boiler cannot be turned off or controlled by inmates. These ADOC Officers are without sufficient information to admit or deny the remaining allegations contained in this paragraph. Therefore, the allegations are denied.

100. Officers Dean and Griffin are without sufficient information to admit or deny the allegations contained in this paragraph. Therefore, the allegations are denied.

101. Officers Dean and Griffin deny the allegations contained in this paragraph.

102. Officers Dean and Griffin admit that the quoted language comes from the document marked as Exhibit A (Doc. 57-1). To the extent that this allegation can be construed as a factual allegation that seeks to impose liability upon these ADOC Officers, it is denied.

103. Officers Dean and Griffin are without sufficient information to admit or deny the allegations contained in this paragraph. Therefore, the allegations are denied.

104. ADOC Officers admit, upon information and belief, that they were on duty for a portion of December 7, 2020. These ADOC Officers lack sufficient information to admit or deny the allegations regarding Officers Sansing and Rodgers. To the extent that this allegation can be construed as a factual allegation that seeks to impose liability upon these ADOC Officers, it is denied.

105. Officers Dean and Griffin are without sufficient information to admit or deny the allegations contained in this paragraph. Therefore, the allegations are denied.

106. Officer Griffin is without sufficient information to admit or deny the allegations contained

in this paragraph.  Therefore, he denies the allegations.  Officer Dean denies that he was aware of any excessive life-threatening heat in the T Unit.  Officer Dean denies that he showed deliberate indifference toward Rutledge.  Officer Dean is without sufficient information to admit or deny the remaining allegations in this paragraph.  Therefore, the allegations are denied.

107. Officer Dean is without sufficient information to admit or deny the allegations contained in this paragraph.  Therefore, he denies the allegations.  Officer Griffin denies that he was aware of any excessive life-threatening heat in the T Unit.  Officer Griffin denies that he showed deliberate indifference toward Rutledge.  Officer Griffin is without sufficient information to admit or deny the remaining allegations in this paragraph.  Therefore, the allegations are denied.

108. Officers Dean and Griffin are without sufficient information to admit or deny the allegations contained in this paragraph. Therefore, the allegations are denied.

109. Officers Dean and Griffin are without sufficient information to admit or deny whether any inmates were taken for showers on T Unit that evening.  These ADOC Officers deny the remaining allegations contained in this paragraph.

110. Officers Dean and Griffin state that, to the extent the allegations attempt to quote a document, the document speaks for itself.  These ADOC Officers admit that the ADOC maintains a "Psychotropic Medication and Heat" policy, AR 619.  These ADOC Officers, upon information and belief, admit that they were on duty for a portion of December 7, 2020.  These ADOC Officers deny the remaining allegations contained in this paragraph.  These ADOC Officers deny that they were aware of excessive life-threatening heat on the T Unit.

111. Officers Dean and Griffin admit that the quoted language is contained in the document marked as Exhibit A (Doc. 57-1).  To the extent that this allegation can be construed as a factual allegation that seeks to impose liability upon these ADOC Officers, it is denied.

14

112. These ADOC Officers are without sufficient information to admit or deny the allegations contained in this paragraph. Therefore, the allegations are denied.

113. Officers Dean and Griffin admit, upon information and belief, that the autopsy report identifies hyperthermia as Mr. Rutledge's cause of death. These ADOC Officers are without sufficient information or admit or deny the remaining allegations contained in this paragraph. Therefore, the allegations are denied.

114. Officers Dean and Griffin admit, upon information and belief, that the autopsy report identifies Mr. Rutledge's manner of death as an accident. To the extent that this allegation can be construed as a factual allegation that seeks to impose liability on these ADOC Officers, it is denied.

115. Officers Dean and Griffin deny the allegations contained in this paragraph.

116. Officers Dean and Griffin deny the allegations contained in this paragraph.

117. Officers Dean and Griffin lack sufficient information to admit or deny the allegations in this paragraph. Therefore, the allegations are denied.

118. Officers Dean and Griffin lack sufficient information to admit or deny the allegations in this paragraph. Therefore, the allegations are denied.

119. These ADOC Officers, upon information and belief, admit that they were on duty for a portion of December 7, 2020. These ADOC Officers deny the remaining allegations contained in this paragraph. These ADOC Officers deny that they were aware of excessive life-threatening heat on the T Unit. These ADOC Officers lack sufficient information to admit or deny the allegations regarding Officers Sansing and Rodgers.

120. Officers Dean and Griffin lack sufficient information to admit or deny the allegations it this paragraph. Therefore, the allegations are denied.

121. Officers Dean and Griffin deny the allegations contained in this paragraph.

122. Officers Dean and Griffin deny the allegations contained in this paragraph.

123. Officers Dean and Griffin admit that this paragraph quotes the document marked as Exhibit C (Doc. 57-3).  To the extent that any of the allegations can be construed as factual allegations that seek to impose liability upon these ADOC Officers, they are denied.

124. Officers Dean and Griffin are without sufficient information to admit or deny the allegations in this paragraph.  Therefore, the allegations are denied.

125. Officers Dean and Griffin are without sufficient information to admit or deny the allegations in this paragraph.  Therefore, the allegations are denied.

126. Officers Dean and Griffin are without sufficient information to admit or deny the allegations in this paragraph.  Therefore, the allegations are denied.

127. Officers Dean and Griffin are without sufficient information to admit or deny the allegations in this paragraph.  Therefore, the allegations are denied.

128. Officers Dean and Griffin are without sufficient information to admit or deny the allegations in this paragraph.  Therefore, the allegations are denied.

129. Officers Dean and Griffin are without sufficient information to admit or deny the allegations in this paragraph.  Therefore, the allegations are denied.

130. Officers Dean and Griffin are without sufficient information to admit or deny the allegations contained in this paragraph.  Therefore, the allegations are denied.

131. Officers Dean and Griffin are without sufficient information to admit or deny the allegations in this paragraph.  Therefore, the allegations are denied

132. Officers Dean and Griffin are without information regarding a prior death at Donaldson related to over-heating.  These ADOC Officers deny the remaining allegations contained in this paragraph.

133. Officers Dean and Griffin admit that the ADOC has a "Psychotropic Medication and Heat" policy in place, AR 619.  These ADOC Officers are without sufficient information to admit or deny the remaining allegations in this paragraph.  Therefore, the allegations are denied.

134. Officers Dean and Griffin admit, upon information and belief, that the paragraph quotes language from ADOC AR 619, the Psychotropic Medication and Heat" policy and the document marked as Exhibit B (Doc. 57-2).  These ADOC Officers are without sufficient information to admit or deny the remaining allegations in the paragraph.  Therefore, the allegations are denied.

135. Officers Dean and Griffin lack sufficient information to admit or deny the allegations in this paragraph.  Therefore, the allegations are denied.

136. Officers Dean and Griffin lack sufficient information to admit or deny the allegations in this paragraph.  Therefore, the allegations are denied.

137. Officers Dean and Griffin are without sufficient information to admit or deny the allegations in this paragraph.  Therefore, the allegations are denied.

138. Officers Dean and Griffin deny the allegations contained in this paragraph. Officers Dean and Griffin deny the allegations contained in this paragraph.

139. Officers Dean and Griffin deny the allegations contained in this paragraph.

140. Officers Dean and Griffin deny the allegations contained in this paragraph.

141. Officers Dean and Griffin deny the allegations contained in this paragraph.

142. Officers Dean and Griffin are without sufficient information to admit or deny the allegations in this paragraph.  Therefore, the allegations are denied.

143. Officers Dean and Griffin are without sufficient information to admit or deny the allegations in this paragraph.  Therefore, the allegations are denied.

144. Officers Dean and Griffin are without sufficient information to admit or deny the

allegations in this paragraph.  Therefore, the allegations are denied.

145. Officers Dean and Griffin are without sufficient information to admit or deny the allegations in this paragraph.  Therefore, the allegations are denied.

146. Officers Dean and Griffin are without sufficient information to admit or deny the allegations in this paragraph.  Therefore, the allegations are denied.

147. Officers Dean and Griffin are without sufficient information to admit or deny the allegations in this paragraph.  Therefore, the allegations are denied.

148. Officers Dean and Griffin are without sufficient information to admit or deny the allegations in this paragraph.  Therefore, the allegations are denied.

149. Officers Dean and Griffin are without sufficient information to admit or deny the allegations in this paragraph.  Therefore, the allegations are denied.

150. Officers Dean and Griffin are without sufficient information to admit or deny the allegations in this paragraph.  Therefore, the allegations are denied.

151. Officers Dean and Griffin are without sufficient information to admit or deny the allegations in this paragraph.  Therefore, the allegations are denied.

152. Officers Dean and Griffin are without sufficient information to admit or deny the allegations in this paragraph.  Therefore, the allegations are denied.

153. Officers Dean and Griffin are without sufficient information to admit or deny the allegations in this paragraph.  Therefore, the allegations are denied.

154. Officers Dean and Griffin are without sufficient information to admit or deny the allegations in this paragraph.  Therefore, the allegations are denied.

155. Officers Dean and Griffin are without sufficient information to admit or deny the allegations in this paragraph.  Therefore, the allegations are denied.

156. Officers Dean and Griffin are without sufficient information to admit or deny the allegations in this paragraph.  Therefore, the allegations are denied.

157. Officers Dean and Griffin lack sufficient information to admit or deny the allegations in this paragraph. Therefore, the allegations are denied.

158. Officers Dean and Griffin are without sufficient information to admit or deny the allegations in this paragraph.  Therefore, the allegations are denied.

159. Officers Dean and Griffin are without sufficient information to admit or deny the allegations in this paragraph.  Therefore, the allegations are denied.

160. Officers Dean and Griffin are without sufficient information to admit or deny the allegations in this paragraph.  Therefore, the allegations are denied.

161. Officers Dean and Griffin are without sufficient information to admit or deny the allegations in this paragraph.  Therefore, the allegations are denied.

162. Officers Dean and Griffin are without sufficient information to admit or deny the allegations in this paragraph.  Therefore, the allegations are denied.

163. Officers Dean and Griffin are without sufficient information to admit or deny the allegations in this paragraph.  Therefore, the allegations are denied.

164. Officers Dean and Griffin are without sufficient information to admit or deny the allegations in this paragraph.  Therefore, the allegations are denied.

165. Officers Dean and Griffin are without sufficient information to admit or deny the allegations in this paragraph.  Therefore, the allegations are denied.

166. Officers Dean and Griffin are without sufficient information to admit or deny the allegations in this paragraph.  Therefore, the allegations are denied.

167. Officers Dean and Griffin are without sufficient information to admit or deny the allegations in this paragraph.  Therefore, the allegations are denied.

168. Officers Dean and Griffin are without sufficient information to admit or deny the allegations in this paragraph.  Therefore, the allegations are denied.

169. Officers Dean and Griffin are without sufficient information to admit or deny the allegations in this paragraph.  Therefore, the allegations are denied.

170. Officers Dean and Griffin are without sufficient information to admit or deny the allegations in this paragraph.  Therefore, the allegations are denied.

171. Officers Dean and Griffin are without sufficient information to admit or deny the allegations in this paragraph.  Therefore, the allegations are denied.

172. Officers Dean and Griffin are without sufficient information to admit or deny the allegations in this paragraph.  Therefore, the allegations are denied.

174. Officers Dean and Griffin are without sufficient information to admit or deny the allegations in this paragraph.  Therefore, the allegations are denied.

175. Officers Dean and Griffin are without sufficient information to admit or deny the allegations in this paragraph.  Therefore, the allegations are denied.

176. Officers Dean and Griffin are without sufficient information to admit or deny the allegations in this paragraph.  Therefore, the allegations are denied.

177. Officers Dean and Griffin are without sufficient information to admit or deny the allegations in this paragraph.  Therefore, the allegations are denied.

178. Officers Dean and Griffin are without sufficient information to admit or deny the allegations in this paragraph.  Therefore, the allegations are denied.

179. Officers Dean and Griffin are without sufficient information to admit or deny the allegations in this paragraph.  Therefore, the allegations are denied.

180. Officers Dean and Griffin are without sufficient information to admit or deny the allegations in this paragraph.  Therefore, the allegations are denied.

181. Officers Dean and Griffin are without sufficient information to admit or deny the allegations in this paragraph.  Therefore, the allegations are denied.

182. Officers Dean and Griffin are without sufficient information to admit or deny the allegations in this paragraph.  Therefore, the allegations are denied.

183. Officers Dean and Griffin are without sufficient information to admit or deny the allegations in this paragraph.  Therefore, the allegations are denied.

184. Officers Dean and Griffin are without sufficient information to admit or deny the allegations in this paragraph.  Therefore, the allegations are denied.

185. Officers Dean and Griffin are without sufficient information to admit or deny the allegations in this paragraph.  Therefore, the allegations are denied.

186. Officers Dean and Griffin are without sufficient information to admit or deny the allegations in this paragraph.  Therefore, the allegations are denied.

187. Officers Dean and Griffin are without sufficient information to admit or deny the allegations in this paragraph.  Therefore, the allegations are denied.

188. Officers Dean and Griffin are without sufficient information to admit or deny the allegations in this paragraph.  Therefore, the allegations are denied.

189. Officers Dean and Griffin are without sufficient information to admit or deny the allegations in this paragraph.  Therefore, the allegations are denied.

190. Officers Dean and Griffin are without sufficient information to admit or deny the allegations in this paragraph.  Therefore, the allegations are denied.

## Request for Relief

191. In response to Paragraphs 191-195 of the Fourth Amended Complaint, Officers Dean and Griffin deny that Plaintiff is entitled to any damages or relief against them whatsoever, whether monetary damages, punitive damages, attorney's fee, injunctive relief, declaratory judgment or other equitable relief.  These ADOC Officers deny they violated Plaintiff's constitutional rights.

196.The allegation in Paragraph 196 of the Fourth Amended Complaint does not contain any factual allegations; therefore, no response is required

To the extent not expressly admitted herein, Defendants Dean and Griffin deny each and every other allegation, express or implied, contained in Plaintiff's Fourth Amended Complaint.

## AFFIRMATIVE DEFENSES

### DEFENSE ONE

Plaintiff's claims are barred by the applicable statutes of limitation.

### DEFENSE TWO

The Fourth Amended Complaint fails to state a claim upon which relief can be granted against these Defendants.

### DEFENSE THREE

The Court lacks jurisdiction over the persons involved in this action.

### DEFENSE FOUR

The Court lacks jurisdiction over the subject matter of this action.

### DEFENSE FIVE

These Defendants assert that there is no casual connection, legal or proximate, between any facts alleged in the Fourth Amended Complaint and any cognizable injury alleged.

## DEFENSE SIX

These Defendants assert that the portions of the Plaintiff's Fourth Amended Complaint which attempt to state a cause of action pursuant to 42 U.S.C. Section 1983, fail to establish a claim upon which relief can be granted.

## DEFENSE SEVEN

These Defendants assert that they are subject to state agent immunity pursuant to the Alabama Constitution from suit for monetary damages and injunctive relief.

## DEFENSE EIGHT

These Defendants assert that they are subject to qualified immunity from suit for monetary damages and injunctive relief.

## DEFENSE NINE

These Defendants assert that they are subject to state employee immunity and state agent immunity pursuant to Ex parte Cranman, 792 So. 2d 392 (Ala. 2000), and its progeny.

## DEFENSE TEN

These Defendants assert that they were discharging discretionary duties at all times referenced in the Plaintiff's Fourth Amended Complaint.

## DEFENSE ELEVEN

These Defendants are entitled to Eleventh Amendment immunity from the claims asserted against them pursuant to 42 U.S.C. § 1983.

## DEFENSE TWELVE

Plaintiff's claims are barred because these Defendants are entitled to sovereign immunity under Art. 1 §14 of Ala. Constitution of 1901.

### DEFENSE THIRTEEN

Plaintiff's claims do not fall within any judicially-recognized exception to sovereign immunity.

### DEFENSE FOURTEEN

These Defendants deny that the Plaintiff is entitled to compensatory damages.

### DEFENSE FIFTEEN

These Defendants deny that the Plaintiff is entitled to punitive damages.

### DEFENSE SIXTEEN

These Defendants assert any claim for punitive damages is expressly limited by the provisions of Alabama Code Sections 6-11-20 and 6-11-21.

### DEFENSE SEVENTEEN

These Defendants did not participate in, authorize, ratify, or benefit from the alleged wrongful acts that are asserted in the Fourth Amended Complaint.

### DEFENSE EIGHTEEN

These Defendants assert that any claim for punitive damages against the State of Alabama are barred by Alabama Code Section 6-11-26.

### DEFENSE NINETEEN

To the extent that the Plaintiff is seeking an award of punitive damages, an award of punitive damages to Plaintiff in this case would violate the constitutional safeguards provided to these Defendants under the *Constitution of the State of Alabama*.

### DEFENSE TWENTY

To the extent that the Plaintiff is seeking an award of punitive damages, any award of punitive damages to Plaintiff in this case would violate the constitutional safeguards provided to these Defendants under the *United States Constitution*.

### DEFENSE TWENTY-ONE

To the extent that the Plaintiff is seeking an award of punitive damages, any award of punitive damages to the Plaintiff in this case would violate Article I, Section 6 of the *Constitution of the State of Alabama* which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate governmental interests.

### DEFENSE TWENTY-TWO

Plaintiff's claims for punitive damages violate this Defendant's United States and Alabama Constitutional protections from, including without limitation, excessive fines, cruel and unusual punishment, denial of due process and denial of equal protection of the law.

### DEFENSE TWENTY-THREE

These Defendants deny that their actions were willful, malicious, fraudulent, illegal, in bad faith, or beyond their authority and/or under a mistaken interpretation of the law.

### DEFENSE TWENTY-FOUR

The Fourth Amended Complaint fails to sufficiently allege such facts as would show that these Defendants breached any obligation or duty or otherwise caused any injury to the Plaintiff.

### DEFENSE TWENTY-FIVE

These Defendants deny that any act or omission on their part proximately caused any injury to the Plaintiff.

### DEFENSE TWENTY-SIX

These Defendants claim the benefit of all statutes limiting the liability of governmental entities and their employees or otherwise limiting the collection of judgments against governmental entities and their employees under Alabama law.

### DEFENSE TWENTY-SEVEN

A third-party is comparatively at fault for Plaintiff's alleged damages, and this comparative fault by non-party tortfeasors must be excluded from any damage award against the ADOC Officers.

### DEFENSE TWENTY-EIGHT

Plaintiff's claims are barred by the doctrine of waiver.

### DEFENSE TWENTY-NINE

Plaintiff's claims are barred by the doctrine of collateral estoppel.

### DEFENSE THIRTY

Plaintiff's claims are barred because of the existence of superseding, intervening causes.

### DEFENSE THIRTY-ONE

Plaintiff's claims are barred because of the lack of damages or injury suffered due to any of the alleged wrongs asserted against these Defendants.

### DEFENSE THIRTY-TWO

Plaintiff's claims are barred because these Defendants did not act with deliberate indifference. *Estelle v. Gamble,* 429 U.S. 97 (1976).

### DEFENSE THIRTY-THREE

To the extent Plaintiff seeks to recover any attorney fees, these Defendants object to any and all such requests for fees that are not asserted in the Fourth Amended Complaint or otherwise approved by Court Order.

### DEFENSE THIRTY-FOUR

These Defendants incorporate by reference any affirmative defenses, pled now or later, by any other Defendants which would be applicable to the claims against these Defendants.

### DEFENSE THIRTY-FIVE

These Defendants deny they are guilty of conduct for which compensatory or punitive damages could or should be awarded, and further, denies that Plaintiff has set forth clear, explicit, and particular facts to support or sustain the imposition of compensatory or punitive damages.

### DEFENSE THIRTY-SIX

These Defendants did not commit any wrongful act or omission under color of State Law.

### DEFENSE THIRTY-SEVEN

Except to the extent specifically admitted, these Defendants deny each and every material allegation of Plaintiff's Fourth Amended Complaint and demands strict proof thereof.

### DEFENSE THIRTY-EIGHT

Plaintiff's claims are barred by the doctrine of laches.

### DEFENSE THIRTY-NINE

The Plaintiff lacks standing to bring this action.

### DEFENSE FORTY

Plaintiff's claims are barred by absolute immunity, qualified immunity, discretionary function immunity, sovereign immunity, and state agent immunity.

## <u>RESERVATION OF RIGHTS</u>

Officers Dean and Griffin expressly reserve the right to amend this preliminary Answer or to assert additional defenses as may be warranted by information obtained through investigation or discovery.  *See* FED. R. CIV. P. 8, 12, & 15.  Officers Dean and Griffin intend to rely upon all proper defenses available to them at any time throughout this process, including all affirmative defenses set forth in Rule 8(c), FED. R. CIV. P.

**Defendants Dean and Griffin demand a trial by struck jury**.


Dated this the 12th day of December, 2022.

Respectfully Submitted,

Steve Marshall
Attorney General

Mary-Coleman Roberts (BUT038)
Acting General Counsel

/s/ Carrie G. Shaw
Carrie G. Shaw (GRA133)
Assistant Attorneys General

**<u>ADDRESS OF COUNSEL</u>:**

**Alabama Department of Corrections**
**Legal Division**
**301 Ripley Street**
**Post Office Box 301501**
**Montgomery, AL  36130-1501**
**334-353-3886**

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of December, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following (or by U.S. Mail to the non-CM-ECF participants):

Jon C. Goldfarb, Esq.
L. William Smith, Esq.
Christina M. Malmat, Esq.
Lieselotte Carmen-Burks, Esq.
Wiggins, Childs, Pantazis, Fisher,
& Goldfarb, LLC
301 19th Street North
Birmingham, Alabama  35203
*Attorneys for Plaintiff Laventra Denice Rutledge,*
*as Administratrix of the Estate of*
*Thomas Lee Rutledge*

Thomas A. McKnight, Jr., Esq.
Ben B. Robinson, Esq.
Albert L. Jordan, Esq.
Wallace, Jordan, Ratcliffe,
& Brandt, LLC
800 Shades Creek Parkway, Suite 400
Birmingham, Alabama  35209
*Attorneys for Defendant Christie Sansing*

William R. Lunsford, Esq.
Matthew B. Reeves, Esq.
Ellie B. Putnam, Esq.
M. Landon Whatley, Esq.
Lynette Elizabeth Potter, Esq.
Maynard, Cooper & Gale, P.C.
655 Gallatin Street Southwest
Huntsville, Alabama  35801
*Attorneys for Defendants Warden Phyllis Morgan*
*and Warden Kenneth Peters*

Terri O. Tompkins, Esq.
Christian Alexandra Montgomery, Esq.
Rosen Harwood, P.A.
2200 Jack Warner Parkway, Suite 200
Tuscaloosa, Alabama  35401
*Attorneys for Defendant Corrections Officer*
*J. Rodgers*

A. Joe Peddy, Esq.
Angela C. Shields, Esq.
Smith Spires Peddy Hamilton
& Coleman, P.C.
3500 Colonnade Parkway, Suite 350
Birmingham, Alabama  35243
*Attorneys for Defendant P&M Mechanical, Inc.*

Freddie N. Harrington, Jr., Esq.
Stott & Harrington, P.C.
2637 Valleydale Road, Suite 100
Birmingham, Alabama  35244
*Attorneys for Defendant Taylor Electrical Contractors, Inc.*

Leslie A Caldwell, Esq.
Hunter C. Carroll, Esq.
Anna Michele Tullar, Esq.
Hagwood & Tipton, P.C.
600 Vestavia Parkway, Suite 125
Birmingham, Alabama  35216
*Attorneys for Defendant LS&R, LLC*

Edward S. Sledge IV, Esq.
Hillary Chinigo Campbell, Esq.
Bradley Arant Boult Commings
1819 5th Avenue North
Birmingham, Alabama  35203
*Attorneys for Defendant Automated Logic Contracting Services, Inc.*

David L. McAlister, Esq.
Carr, Allison, Oliver & Sisson, P.C.
100 Vestavia Parkway
Birmingham, Alabama  35216
*Attorneys for STC Worldwide, LLC*

/s/ Carrie G. Shaw
Carrie G. Shaw (GRA133)
Assistant Attorney General