FILED
2022 Dec-14  PM 04:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **LAVENTRA DENICE RUTLEDGE, as** | ) | |
| **Administratrix of the Estate of Thomas Lee** | ) | |
| **Rutledge, deceased,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 2:21-CV-00226-RDP** |
| **v.** | ) | |
| | ) | |
| **CHRISTIE SANSING, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**THE CORRECTIONAL WARDENS' ANSWER TO
PLAINTIFF'S FOURTH AMENDED COMPLAINT**

Defendants Kenneth Peters ("Warden Peters") and Phyllis Morgan ("Warden Morgan" and, together with Warden Peters, the "Correctional Wardens") hereby submit this Answer to the Fourth Amended Complaint (Doc. No. 132, the "Fourth Amended Complaint") filed by Plaintiff Laventra Denice Rutledge ("Plaintiff"), as Administratrix of the Estate of Thomas Lee Rutledge, deceased.  The Correctional Wardens answer the Fourth Amended Complaint as follows:

**INTRODUCTION**[1]

1.      In response to Paragraph 1 of the Fourth Amended Complaint, the Correctional Wardens admit that inmate Thomas Lee Rutledge ("Rutledge") died on December 7, 2020.  The Correctional Wardens also admit that, at the time of his death, Rutledge was an inmate in the custody of the Alabama Department of Corrections ("ADOC") and housed in the Residential Treatment Unit ("RTU") at William E. Donaldson Correctional Facility ("Donaldson"), located in

---

[1] The Correctional Wardens' Answer to Plaintiff's Fourth Amended Complaint uses the section headings from the Fourth Amended Complaint as a matter of convenience, and the use of those headings shall not be construed as an admission by the Correctional Wardens or a waiver of any objection or denial that the Correctional Wardens may have to Plaintiff's allegations.

Bessemer, Alabama.  Except as expressly admitted hereinabove, the ADOC Officials deny each and every remaining allegation in Paragraph 1 of the Fourth Amended Complaint.  The Correctional Wardens explicitly deny that they violated the Eighth Amendment to the U.S. Constitution in any respect whatsoever.

## PARTIES

2.     The Correctional Wardens lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 2 of the Fourth Amended Complaint and, therefore, deny the allegation.

3.     In response to Paragraph 3 of the Fourth Amended Complaint, the Correctional Wardens admit that, at the time of his death on December 7, 2020, Rutledge was an inmate in ADOC's custody.  Except as expressly admitted hereinabove, the Correctional Wardens deny each and every remaining allegation in Paragraph 3 of the Fourth Amended Complaint.

4.     In response to Paragraphs 4 through 23 of the Fourth Amended Complaint, the Correctional Wardens admit the following:

a.     Christie Sansing ("Sansing") served as a member of the Donaldson correctional staff in December 2020;

b.     Warden Morgan served as a warden with certain supervisory responsibilities for members of the Donaldson correctional staff in December 2020;

c.     Warden Peters served as a warden with certain supervisory responsibilities for members of the Donaldson correctional staff in December 2020;

d.     J. Rodgers ("Rodgers") served as a member of the Donaldson correctional staff in December 2020;

e.      C. Dean ("<u>Dean</u>") served as a member of the Donaldson correctional staff in December 2020; and

f.      G. Griffin ("<u>Griffin</u>") served as a member of the Donaldson correctional staff in December 2020;

g.      B. Kennedy ("<u>Kennedy</u>") served as the Plant Maintenance Supervisor II at Donaldson in December 2020;

h.      P & M Mechanical, Inc. ("<u>P & M</u>") served as an independent contractor at Donaldson in December 2020;

i.      Taylor Electrical Contractors, Inc. ("<u>Taylor Electrical</u>") served as an independent subcontractor at Donaldson in December 2020;

j.      LS&R, LLC ("<u>LS&R</u>") served as an independent subcontractor at Donaldson in December 2020;

k.      Automated Logic Contracting Services, Inc., ("<u>Automated Logic</u>") served as an independent subcontractor at Donaldson in December 2020;

l.      Southeastern Temperature Controls Inc. and/or STC Worldwide EEC ("<u>Southeastern Temperature Controls</u>") served as an independent contractor at Donaldson in December 2020.

Except as expressly admitted hereinabove, the Correctional Wardens deny each and every remaining allegation in Paragraphs 4 through 23 of the Fourth Amended Complaint.  To the extent Paragraphs 13 through 23 of the Fourth Amended Complaint relates to fictitious parties, no response from the Correctional Wardens is required.

**JURISDICTION AND VENUE**

5.      In response to Paragraph 24 of the Fourth Amended Complaint, the Correctional Wardens admit that this Court possesses personal jurisdiction in this action.  The Correctional Wardens also admit that venue is proper in the U.S. District Court for the Northern District of Alabama because Donaldson is located in Jefferson County, Alabama.  The Correctional Wardens deny that this Court possesses subject-matter jurisdiction over Plaintiff's 42 U.S.C § 1983 ("Section 1983") claims due to qualified immunity.  Further, the Correctional Wardens deny that this Court possesses supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  Except as expressly admitted hereinabove, the Correctional Wardens deny each and every remaining allegation in Paragraph 24 of the Fourth Amended Complaint.

**FACTUAL ALLEGATIONS**

6.      In response to Paragraphs 25 through 27 of the Fourth Amended Complaint, the Correctional Wardens admit the following:

a.      Rutledge received a criminal sentence of life without the possibility of parole in 1995 after committing murder and robbery;

b.      At the time of his death on December 7, 2020, Rutledge was forty-four (44) years old; and

c.      The parole board assigned Rutledge to become eligible for parole review in February 2024.

Except as expressly admitted hereinabove, the Correctional Wardens lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 25 through 27 of the Fourth Amended Complaint and, therefore, deny each and every allegation in Paragraphs 25 through 27 of the Fourth Amended Complaint.

7.      Paragraphs 28 through 32 of the Fourth Amended Complaint relate to parties other than the Correctional Wardens, thus, the Correctional Wardens lack sufficient knowledge or information to form a belief as to the truth of the allegations asserted and, therefore, deny these allegations.

8.      Paragraphs 33 through 38 of the Fourth Amended Complaint relate to parties other than the Correctional Wardens, thus, the Correctional Wardens lack sufficient knowledge or information to form a belief as to the truth of the allegations asserted and, therefore, deny these allegations.

9.      Paragraphs 39 through 45 of the Fourth Amended Complaint relate to parties other than the Correctional Wardens, thus, the Correctional Wardens lack sufficient knowledge or information to form a belief as to the truth of the allegations asserted and, therefore, deny these allegations.

10.      Paragraphs 46 through 52 of the Fourth Amended Complaint relate to parties other than the Correctional Wardens, thus, the Correctional Wardens lack sufficient knowledge or information to form a belief as to the truth of the allegations asserted and, therefore, deny these allegations.

11.      Paragraphs 53 through 64 of the Fourth Amended Complaint relate to parties other than the Correctional Wardens, thus, the Correctional Wardens lack sufficient knowledge or information to form a belief as to the truth of the allegations asserted and, therefore, deny these allegations.

12.      Paragraphs 65 through 67 of the Fourth Amended Complaint relate to parties other than the Correctional Wardens, thus, the Correctional Wardens lack sufficient knowledge or

information to form a belief as to the truth of the allegations asserted and, therefore, deny these allegations.

13.     In response to Paragraph 68 of the Fourth Amended Complaint, the Correctional Wardens state that, to the extent the allegations attempt to quote a document, the document speaks for itself.  To the extent the allegations attempt to describe and characterize a document, the Correctional Wardens deny the description and characterization.  Except as expressly admitted hereinabove, the Correctional Wardens deny each and every remaining allegation in Paragraph 68 of the Fourth Amended Complaint.

14.     Paragraphs 69 through 73 of the Fourth Amended Complaint relate to parties other than the Correctional Wardens, thus, the Correctional Wardens lack sufficient knowledge or information to form a belief as to the truth of the allegations asserted and, therefore, deny these allegations.

15.     Paragraphs 74 through 75 of the Fourth Amended Complaint relate to parties other than the Correctional Wardens, thus, the Correctional Wardens lack sufficient knowledge or information to form a belief as to the truth of the allegations asserted and, therefore, deny these allegations.

16.     In response to Paragraph 76 of the Fourth Amended Complaint, the Correctional Wardens state that, to the extent the allegations attempt to quote a document, the document speaks for itself.  To the extent the allegations attempt to describe and characterize a document, the Correctional Wardens deny the description and characterization.  Except as expressly admitted hereinabove, the Correctional Wardens deny each and every remaining allegation in Paragraph 76 of the Fourth Amended Complaint.

17.     In response to Paragraph 77 of the Fourth Amended Complaint, the Correctional Wardens state that, to the extent the allegations attempt to quote a document, the document speaks for itself.  To the extent the allegations attempt to describe and characterize a document, the Correctional Wardens deny the description and characterization.  Except as expressly admitted hereinabove, the Correctional Wardens deny each and every remaining allegation in Paragraph 77 of the Fourth Amended Complaint.

18.     Paragraph 78 of the Fourth Amended Complaint relates to parties other than the Correctional Wardens, thus, the Correctional Wardens lack sufficient knowledge or information to form a belief as to the truth of the allegations asserted and, therefore, deny these allegations.

19.     Paragraphs 79 through 82 of the Fourth Amended Complaint relate to parties other than the Correctional Wardens, thus, the Correctional Wardens lack sufficient knowledge or information to form a belief as to the truth of the allegations asserted and, therefore, deny these allegations.

20.     Paragraphs 83 through 89 of the Fourth Amended Complaint relate to parties other than the Correctional Wardens, thus, the Correctional Wardens lack sufficient knowledge or information to form a belief as to the truth of the allegations asserted and, therefore, deny these allegations.

21.     In response to Paragraph 90 of the Fourth Amended Complaint, the Correctional Wardens admit that the copy of the Jefferson County Coroner's report attached as Exhibit A to Plaintiff's Fourth Amended Complaint states that ADOC assigned Rutledge to a single cell in the T unit at Donaldson as of December 7, 2020.  The Correctional Wardens also admit that, as of December 7, 2020, ADOC designated the T unit in Donaldson as part of the RTU.  Except as

expressly admitted hereinabove, the Correctional Wardens deny each and every remaining allegation in Paragraph 90 of the Fourth Amended Complaint.

22.     In response to the second Paragraph 90[2] of the Fourth Amended Complaint, the Correctional Wardens state that, to the extent the allegations attempt to quote a document, the document speaks for itself.  To the extent the allegations attempt to describe and characterize a document, the Correctional Wardens deny the description and characterization.  The Correctional Wardens explicitly deny that the inmates assigned to the Donaldson RTU "[ate]/bathe[d] in their cells." Except as expressly admitted hereinabove, the Correctional Wardens deny each and every remaining allegation in the second Paragraph 90 of the Fourth Amended Complaint.

23.     In response to Paragraph 91 of the Fourth Amended Complaint, the Correctional Wardens admit that a certified registered nurse practitioner ("CRNP") on the Donaldson mental health staff prescribed Rutledge psychotropic medication.  Except as expressly admitted hereinabove, the Correctional Wardens lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 of the Fourth Amended Complaint and, therefore, deny each and every remaining allegation in Paragraph 91 of the Fourth Amended Complaint.

24.     The Correctional Wardens deny each and every allegation in Paragraph 92 of the Fourth Amended Complaint.

25.     The Correctional Wardens lack knowledge and information sufficient to form a belief to the truth of the allegations in Paragraph 93 of the Fourth Amended Complaint and, therefore, deny each and every allegation in Paragraph 93 of the Fourth Amended Complaint.

26.     In response to Paragraph 94 of the Fourth Amended Complaint, the Correctional Wardens state that, to the extent the allegations attempt to quote a document, the document speaks

---

[2] The Fourth Amended Complaint erroneously contains two (2) paragraphs numbered "90."

for itself.  To the extent the allegations attempt to describe and characterize a document, the Correctional Wardens deny the description and characterization.  The Correctional Wardens deny each and every remaining allegation in Paragraph 94 of the Fourth Amended Complaint.

27.     In response to Paragraph 95 of the Fourth Amended Complaint, the Correctional Wardens state that, to the extent the allegations attempt to quote a document, the document speaks for itself.  To the extent the allegations attempt to describe and characterize a document, the Correctional Wardens deny the description and characterization.  The Correctional Wardens deny each and every remaining allegation in Paragraph 95 of the Fourth Amended Complaint.

28.     In response to Paragraph 96 of the Fourth Amended Complaint, the Correctional Wardens state that, to the extent the allegations attempt to quote a document, the document speaks for itself.  To the extent the allegations attempt to describe and characterize a document, the Correctional Wardens deny the description and characterization.  The Correctional Wardens deny each and every remaining allegation in Paragraph 96 of the Fourth Amended Complaint.

29.     In response to Paragraph 97 of the Fourth Amended Complaint, the Correctional Wardens state that, to the extent the allegations attempt to quote a document, the document speaks for itself.  To the extent the allegations attempt to describe and characterize a document, the Correctional Wardens deny the description and characterization.  Except as expressly admitted hereinabove, the Correctional Wardens lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 of the Fourth Amended Complaint and, therefore, deny each and every remaining allegation in Paragraph 97 of the Fourth Amended Complaint.

30.     In response to Paragraph 98 of the Fourth Amended Complaint, the Correctional Wardens state that, to the extent the allegations attempt to quote a document, the document speaks for itself.  To the extent the allegations attempt to describe and characterize a document, the

Correctional Wardens deny the description and characterization.  Except as expressly admitted hereinabove, the Correctional Wardens lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 of the Fourth Amended Complaint and, therefore, deny each and every remaining allegation in Paragraph 98 of the Fourth Amended Complaint.

31.    In response to Paragraph 99 of the Fourth Amended Complaint, the Correctional Wardens admit that the inmates in the Donaldson RTU lacked the authority to turn on or off the HVAC system for Donaldson's T unit.  Except as expressly admitted hereinabove, the Correctional Wardens lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 of the Fourth Amended Complaint and, therefore, deny each and every remaining allegation in Paragraph 99 of the Fourth Amended Complaint.

32.    The Correctional Wardens lack knowledge and information sufficient to form a belief to the truth of the allegations in Paragraph 100 of the Fourth Amended Complaint and, therefore, deny each and every allegation in Paragraph 100 of the Fourth Amended Complaint.

33.    In response to Paragraphs 101 through 109 of the Fourth Amended Complaint, the Correctional Wardens admit the following:

a.    A duty post log indicates that Sansing, Eller, Rodgers, Dean, and Griffin served as members of the Donaldson correctional staff on December 7, 2020, and entered the T unit at some point on that date;

b.    Documentation exists indicating that members of the Donaldson security staff conducted a variety of different checks on the inmates in T unit on December 7, 2020, including between 4:05 p.m. and 7:35 p.m.; and

c.    A duty post log indicates that Dean supervised inmate showers in the T unit around 6:30 p.m. on December 7, 2020.

d.      An incident report indicates a T-Block runner advised Sansing that Rutledge was unresponsive around 8:20 p.m. on December 7, 2020.

Except as expressly admitted hereinabove, the Correctional Wardens deny each and every remaining allegation in Paragraphs 101 through 109 of the Fourth Amended Complaint.

34.     In response to Paragraph 110 of the Fourth Amended Complaint, the Correctional Wardens state that, to the extent the allegations attempt to quote a document, the document speaks for itself.  To the extent the allegations attempt to describe and characterize a document, the Correctional Wardens deny the description and characterization.  The Correctional Wardens deny each and every remaining allegation in Paragraph 110 of the Fourth Amended Complaint.

35.     In response to Paragraph 111 of the Fourth Amended Complaint, the Correctional Wardens state that, to the extent the allegations attempt to quote a document, the document speaks for itself.  To the extent the allegations attempt to describe and characterize a document, the Correctional Wardens deny the description and characterization.  Except as expressly admitted hereinabove, the Correctional Wardens lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111 of the Fourth Amended Complaint and, therefore, deny each and every remaining allegation in Paragraph 111 of the Fourth Amended Complaint.

36.     In response to Paragraph 112 of the Fourth Amended Complaint, the Correctional Wardens state that, to the extent the allegations attempt to quote a document, the document speaks for itself.  To the extent the allegations attempt to describe and characterize a document, the Correctional Wardens deny the description and characterization.  Except as expressly admitted hereinabove, the Correctional Wardens lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112 of the Fourth Amended Complaint and, therefore, deny each and every remaining allegation in Paragraph 112 of the Fourth Amended Complaint.

37.     In response to Paragraph 113 of the Fourth Amended Complaint, the Correctional Wardens state that, to the extent the allegations attempt to quote a document, the document speaks for itself.  To the extent the allegations attempt to describe and characterize a document, the Correctional Wardens deny the description and characterization.  Except as expressly admitted hereinabove, the Correctional Wardens lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113 of the Fourth Amended Complaint and, therefore, deny each and every remaining allegation in Paragraph 113 of the Fourth Amended Complaint.

38.     In response to Paragraph 114 of the Fourth Amended Complaint, the Correctional Wardens state that, to the extent the allegations attempt to quote a document, the document speaks for itself.  To the extent the allegations attempt to describe and characterize a document, the Correctional Wardens deny the description and characterization.  The Correctional Wardens deny each and every remaining allegation in Paragraph 114 of the Fourth Amended Complaint.

39.     In response to Paragraphs 115 through 122 of the Fourth Amended Complaint, the Correctional Wardens admit the following:

a.     A duty post log indicates that Sansing, Eller, Rodgers, Dean, and Griffin served as members of the Donaldson correctional staff on December 7, 2020, and entered the T unit at some point on that date.

To the extent the allegations attempt to quote a document, the document speaks for itself.  To the extent the allegations attempt to describe and characterize a document, the Correctional Wardens deny the description and characterization.  The Correctional Wardens deny each and every remaining allegation in Paragraphs 115 through 122 of the Fourth Amended Complaint.

40.     In response to Paragraph 123 of the Fourth Amended Complaint, the Correctional Wardens state that, to the extent the allegations attempt to quote a document, the document speaks

for itself. To the extent the allegations attempt to describe and characterize a document, the Correctional Wardens deny the description and characterization. The Correctional Wardens deny each and every remaining allegation in Paragraph 123 of the Fourth Amended Complaint.

41.      In response to Paragraph 124 of the Fourth Amended Complaint, the Correctional Wardens state that, to the extent the allegations attempt to quote a document, the document speaks for itself. To the extent the allegations attempt to describe and characterize a document, the Correctional Wardens deny the description and characterization. The Correctional Wardens deny each and every remaining allegation in Paragraph 124 of the Fourth Amended Complaint.

42.      The Correctional Wardens lack knowledge and information sufficient to form a belief to the truth of the allegations in Paragraphs 125 through 129 of the Fourth Amended Complaint and, therefore, deny each and every allegation in Paragraphs 125 through 129 of the Fourth Amended Complaint.

43.      The Correctional Wardens deny each and every allegation contained in Paragraph 130 of the Fourth Amended Complaint.

44.      In response to Paragraph 131 of the Fourth Amended Complaint, the Correctional Wardens state to the extent the allegations attempt to quote an email, the email speaks for itself. To the extent the allegations attempt to describe and characterize an email, the Correctional Wardens deny the description and characterization. The Correctional Wardens deny each and every remaining allegation in Paragraph 131 of the Fourth Amended Complaint.

45.      In response to Paragraph 132 of the Fourth Amended Complaint, the Correctional Wardens explicitly deny that another inmate died under similar circumstances as Rutledge. The Correctional Wardens deny each and every remaining allegation in Paragraph 132 of the Fourth Amended Complaint.

46.     In response to Paragraph 133 of the Fourth Amended Complaint, the Correctional Wardens explicitly deny there is a "history of inmate death and/or injury resulting from past 'major dysfunction' of the boiler at Donaldson in T housing dorm." The Correctional Wardens deny each and every remaining allegation in Paragraph 133 of the Fourth Amended Complaint.

47.     In response to Paragraph 134 of the Fourth Amended Complaint, the Correctional Wardens admit that Warden Morgan and Warden Peters served as wardens with certain supervisory responsibilities for members of the Donaldson correctional staff in December 2020. To the extent the allegations attempt to quote a document, the document speaks for itself. To the extent the allegations attempt to describe and characterize a document, the Correctional Wardens deny the description and characterization. The Correctional Wardens deny each and every remaining allegation in Paragraph 134 of the Fourth Amended Complaint.

48.     In response to Paragraph 135 of the Fourth Amended Complaint, the Correctional Wardens state that, to the extent the allegations attempt to quote a document, the document speaks for itself. To the extent the allegations attempt to describe and characterize a document, the Correctional Wardens deny the description and characterization. The Correctional Wardens deny each and every remaining allegation in Paragraph 135 of the Fourth Amended Complaint.

49.     The Correctional Wardens deny each and every allegation in Paragraph 136 of the Fourth Amended Complaint.

50.     The Correctional Wardens deny each and every allegation in Paragraph 137 of the Fourth Amended Complaint.

51.     The Correctional Wardens deny each and every allegation in Paragraph 138 of the Fourth Amended Complaint.

## CAUSES OF ACTION

*First Cause of Action: Wrongful Death – Eighth Amendment to the United States Constitution,*
*42 U.S.C. § 1983 – Individual Capacity Liability for Deliberate Indifference*
*(Sansing, Rodgers, Griffin and Dean)*

52.     Paragraphs 139 through 142 of the Fourth Amended Complaint assert no allegations against the Correctional Wardens and, therefore, require no response from the Correctional Wardens.  To the extent a response is required, the Correctional Wardens deny each and every allegation in Paragraphs 139 through 142 of the Fourth Amended Complaint and expressly deny that they violated Plaintiff's Eighth Amendment or any other constitutional rights, or any federal or state law, on any occasion whatsoever.

*Second Cause of Action: Wrongful Death – Eighth Amendment to the United States Constitution,*
*42 U.S.C. § 1983 – Individual Capacity Liability for Deliberate Indifference*
*(Billy Kennedy)*

53.     Paragraphs 143 through 148 of the Fourth Amended Complaint assert no allegations against the Correctional Wardens and, therefore, require no response from the Correctional Wardens.  To the extent a response is required, the Correctional Wardens deny each and every allegation in Paragraphs 143 through 148 of the Fourth Amended Complaint and expressly deny that they violated Plaintiff's Eighth Amendment or any other constitutional rights, or any federal or state law, on any occasion whatsoever.

*Third Cause of Action:  Policy and/or Custom and/or Failure to Train,*
*42 U.S.C. § 1983 – Individual Capacity Supervisory Liability; Deliberate Indifference*
*(Warden Morgan and Warden Peters)*

54.     The Correctional Wardens deny each and every allegation in Paragraphs 149 through 157 of the Fourth Amended Complaint.  The Correctional Wardens expressly deny that they violated Plaintiff's Eighth Amendment or any other constitutional rights, or any federal or state law, on any occasion whatsoever.

*Fourth Cause of Action:  Wrongful Death; Alabama Code 6-5-410*
*(P & M Mechanical, Inc., Taylor Electrical Contractors, Inc., LS&R LLC,*
*Automated Logic Contracting Services, Inc., and Fictitious Defendants ("Contractor*
*Defendants"))*

55.     Paragraphs 158 through 173 of the Fourth Amended Complaint assert no allegations against the Correctional Wardens and, therefore, require no response from the Correctional Wardens.  To the extent a response is required, the Correctional Wardens deny each and every allegation in Paragraphs 158 through 173 of the Fourth Amended Complaint and expressly deny that they violated Plaintiff's Eighth Amendment or any other constitutional rights, or any federal or state law, on any occasion whatsoever.

*Fifth Cause of Action:  Wrongful Death; Alabama Code 6-5-410*
*(Southeastern Temperature Controls Inc. d/b/a*
*STC Worldwide, and Fictitious Defendants)*

56.     Paragraphs 174 through 190 of the Fourth Amended Complaint assert no allegations against the Correctional Wardens and, therefore, require no response from the Correctional Wardens.  To the extent a response is required, the Correctional Wardens deny each and every allegation in Paragraphs 174 through 190 of the Fourth Amended Complaint and expressly deny that they violated Plaintiff's Eighth Amendment or any other constitutional rights, or any federal or state law, on any occasion whatsoever.

## REQUEST FOR RELIEF

57.     In response to Paragraphs 191 through 195 of the Fourth Amended Complaint, the Correctional Wardens deny that Plaintiff is entitled to any damages or relief whatsoever, whether monetary damages, punitive damages, attorney's fees, injunctive relief, declaratory judgment, or any other equitable relief.  The Correctional Wardens expressly deny that they violated Plaintiff's Eighth Amendment or any other constitutional rights, or any federal or state law, on any occasion whatsoever.

## JURY DEMAND

58.     Paragraph 196 of the Fourth Amended Complaint does not contain any factual allegations; therefore, no response is required.

59.     Any allegation, contention, count, or request for relief or for damages of any type or nature not expressly admitted hereinabove is denied, and strict proof thereof is demanded.

60.     The Correctional Wardens deny that Plaintiff is entitled to any relief requested in the Fourth Amended Complaint and, furthermore, state that they are entitled to judgment in their favor on all claims asserted against them in the Fourth Amended Complaint.

## AFFIRMATIVE DEFENSES

The Correctional Wardens assert the following affirmative and additional defenses to the Fourth Amended Complaint, but they do not assume the burden of proof of any such defenses, except as required by law with respect to a particular defense asserted.

## FIRST DEFENSE

Plaintiff's Fourth Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff fails to allege a violation of the Eighth Amendment to the United States Constitution.

## FOURTH DEFENSE

Plaintiff is not entitled to any relief or damages requested in the Fourth Amended Complaint.

## FOURTH DEFENSE

Plaintiff is not entitled to any relief or damages under 42 U.S.C. § 1983.

## FIFTH DEFENSE

Plaintiff's claims are barred because the Correctional Wardens did not breach any duty allegedly owed to Rutledge or Plaintiff.

## SIXTH DEFENSE

Plaintiff's claims are barred because of the lack of damages suffered by Rutledge or Plaintiff due to any of the alleged wrongs asserted against the Correctional Wardens.

## SEVENTH DEFENSE

Plaintiff's claims are barred because the Correctional Wardens did not act with deliberate indifference.

## EIGHTH DEFENSE

Plaintiff is unable to establish any causal connection, legal or proximate, between any action or inaction of the Correctional Wardens and any purported injury or damages alleged in the Fourth Amended Complaint or for which relief is sought.

## NINTH DEFENSE

The Correctional Wardens are entitled to Eleventh Amendment immunity from the claims asserted against them pursuant to 42 U.S.C. § 1983.

## TENTH DEFENSE

Plaintiff's claims are barred because the action asserted is "frivolous, malicious, and fails to state a claim upon which relief can be granted." 42 U.S.C. § 1997e(c)(1) (2005).

## ELEVENTH DEFENSE

Plaintiff's claims do not fall within any judicially-recognized exception to the doctrine of Eleventh Amendment immunity.

## TWELFTH DEFENSE

The Correctional Wardens assert all privileges and immunities provided to the Correctional Wardens as state officials, employees, and/or actors, including, but not limited to, qualified immunity, statutory immunity, state and state-agent, and discretionary function immunity.

## THIRTEENTH DEFENSE

The Correctional Wardens cannot be held liable under 42 U.S.C. § 1983 based on a theory of *respondeat superior* for the acts and/or omissions of others.

## FOURTEENTH DEFENSE

No single Defendant in this cause can be held liable under 42 U.S.C. § 1983 for any alleged act and/or omission of any other Defendant or any Fourth party.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred because of the existence of superseding, intervening, or independent causes.

## SIXTEENTH DEFENSE

The Correctional Wardens aver that the wrongs and damages alleged by Plaintiff were caused solely by the acts and/or omissions of persons for whom they are not responsible.

## SEVENTEENTH DEFENSE

A Fourth-party is comparatively at fault for Plaintiff's alleged damages, and this comparative fault by non-party tortfeasors must be excluded from any damage award against the Correctional Wardens.

## EIGHTEENTH DEFENSE

Plaintiff's claims are barred as Plaintiff has not exhausted all available administrative remedies and/or accomplished all conditions precedent to maintain this action.

## NINETEENTH DEFENSE

To the extent Plaintiff's claims seek monetary damages, the Correctional Wardens demand a bifurcated jury trial to resolve those issues.

## TWENTIETH DEFENSE

To the extent Plaintiff seeks to recover attorneys' fees, the Correctional Wardens object to any and all such requests for fees that are not asserted in the Fourth Amended Complaint or otherwise approved by court order.

## TWENTY-FIRST DEFENSE

To the extent Plaintiff is claiming punitive damages against the Correctional Wardens, the Correctional Wardens state as follows:

The award of punitive damages as claimed by Plaintiffs violate Article I and/or the Fourth, Fifth, Sixth, Eighth, and/or Fourteenth Amendments of the United States Constitution and Article I, § 6, of the Alabama Constitution of 1901 on the following separate and several grounds:

a.      The civil procedures pursuant to which punitive damages are awarded may wrongfully result in a punishment by a punitive damages award after the fact.

b.      The civil procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

c.      The civil procedures pursuant to which punitive damages are awarded fail to provide means for awarding separate judgments against alleged joint tortfeasors.

d.      The civil procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the Correctional Wardens.

e.      The civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages.

f.      The civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the award of punitive damages.

g.      The civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions.

h.      The civil procedures pursuant to which punitive damages are awarded permit multiple awards of punitive damages for the same alleged act.

i.      The civil procedures pursuant to which punitive damages are awarded fail to provide a clear, consistent appellate standard of review of an award of punitive damages.

j.      The civil procedures pursuant to which punitive damages are awarded permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

k.      The standards of conduct upon which punitive damages are awarded are vague.

l.      The civil procedures pursuant to which punitive damages are awarded would permit the imposition of excessive fines.

m.      The civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of a standard of proof which is not heightened in relation to the standard of proof for ordinary civil cases.

n.      The civil procedures pursuant to which punitive damages are awarded permit the imposition or arbitrary, capricious, or oppressive penalties.

o.      The civil procedures pursuant to which punitive damages are awarded fail to limit the discretion of the jury in the award of punitive damages.

### TWENTY-SECOND DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

### TWENTY-FOURTH DEFENSE

Plaintiff's and/or Rutledge's civil or constitutional rights have not been violated.

### TWENTY-FOURTH DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

### TWENTY-FIFTH DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

### TWENTY-SIXTH DEFENSE

Plaintiff's claims are barred by the doctrine of *res judicata* or claim preclusion.

### TWENTY-SEVENTH DEFENSE

Plaintiff's claims are barred by the doctrine of collateral estoppel or issue preclusion.

### TWENTY-EIGHTH DEFENSE

The Correctional Wardens reserve the right to assert other and additional defenses as discovery proceeds.

### TWENTY-NINETH DEFENSE

Plaintiff's claims are barred because of the lack of subject-matter jurisdiction.

**The Correctional Wardens demand a trial by jury.**

Dated: December 14, 2022.

/s/ Matthew B. Reeves
*Attorney for the Correctional Wardens*

22

William R. Lunsford
Matthew B. Reeves
Ellie B. Putman
Lynette E. Potter
**MAYNARD, COOPER & GALE, P.C.**
655 Gallatin Street, S.W.
Huntsville, AL 35801
Telephone: (256) 512-5710
Facsimile: (256) 512-0119
blunsford@maynardcooper.com
mreeves@maynardcooper.com
eputman@maynardcooper.com
lpotter@maynardcooper.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all parties in this matter, including without limitation the following, by the Court's CM/ECF system or by U.S. Mail on this 14th day of December, 2022:

Christina M. Malmat
Jon C. Goldfarb
Lieselotte Carmen-Burks
L. William Smith
**WIGGINS, CHILDS, PANTAZSIS, FISHER, & GOLDFARB, LLC**
301 19th Street North
Birmingham, AL 35203
Telephone: (205) 314-0500
Facsimile: (205) 254-1500
cmalmat@wigginschilds.com
jcg@wigginschilds.com
lcarmen-burks@wigginschilds.com
wsmith@wigginschilds.com

*Attorneys for Plaintiff*

Thomas A. McKnight, Jr.
Ben B. Robinson
Albert L. Jordan
**WALLACE, JORDAN, RATCLIFF, & BRANDT, LLC**
800 Shades Creek Parkway, Suite 400
Birmingham, AL 35209
Telephone: (205) 870-0555
Facsimile: (205) 871-7534
tmcknight@wallacejordan.com
brobinson@wallacejordan.com

*Attorneys for Christie Sansing*

Terri Olive Tompkins
Christina A. Montgomery
**ROSEN HARWOOD**
2200 Jack Warner Parkway, Suite 200
Tuscaloosa, AL 35401
Telephone: (205) 344-5000
Facsimile: (205) 758-8358
ttompkins@rosenharwood.com
amontgomery@rosenharwood.com

Carrie G. Shaw
Matthew J. Ward
**ALABAMA DEPARTMENT OF CORRECTIONS**
301 South Ripley Street
Montgomery AL 36104
Telephone: (334) 353-3886
Facsimile: (334) 353-3881
Carrie.shaw@doc.alabama.gov
Matthew.ward@doc.alabama.gov

*Attorneys for C. Dean, G. Griffin and Billy Kennedy*

A. Joe Peddy
Angela C. Shields
**SMITH, SPIRES & PEDDY, P.C.**
3500 Colonnade Parkway
Suite 3560
Birmingham, AL  35243
Telephone: (205) 251-5885
Facsimile: (205) 251-8642
attorneys@ssp-law.com
ashields@ssp-law.com

*Attorneys for P&M Mechanical, Inc.*

Freddie N. Harrington, Jr.
**STOTT & HARRINGTON, PC**
2637 Valleydale Road, Suite 100
Birmingham, AL 35244
Telephone: (205) 573-0500
freddie@stottharrington.com

*Attorney for Taylor Electrical Contractors, Inc.*

*Attorney for J. Rodgers*

Hunter C. Carroll
Anna Michele Tullar
Leslie A. Caldwell
**HAGWOOD AND TIPTON, PC**
600 Vestavia Parkway, Suite 125
Birmingham, AL 35216
Telephone: (601) 608-6300
hccefilings@hatlawfirm.com
atullar@hatlawfirm.com
lcaldwell@hatlawfirm.com

*Attorneys for LS&R, LLC*

Hillary Chinigo Campbell
**BRADLEY ARANT BOULT CUMMINGS**
1819 5th Avenue North
Birmingham, AL 35023
Telephone: (205) 521-8280
Facsimile: (205) 488-6280
hcampbell@bradley.com

*Attorney for Automated Logic Contracting Services, Inc.*

/s/ Matthew B. Reeves
Of Counsel