# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **LAVENTRA DENICE RUTLEDGE,** ) <br> **AS ADMINISTRATRIX OF THE** ) <br> **ESTATE OF THOMAS LEE** ) <br> **RUTLEDGE,** ) <br> ) <br>     **Plaintiff,** ) <br> ) <br> **v.** ) <br> ) <br> **CHRISTIE SANSING AND CORY** ) <br> **ELLER, LIEUTENANT TIM POPE,** ) <br> **WARDEN PHYLLIS MORGAN, et al.,** ) <br> ) <br>     **Defendants.** ) | **CASE NUMBER:** <br> **2:21-CV-226-RDP** |

## CROSS CLAIM

**COMES NOW** the Defendant/Cross Claim Plaintiff, P&M Mechanical, Inc., and asserts the following Cross Claim against Taylor Electrical Contractors, Inc. and Automated Logic Contracting Services, Inc.:

## I. PARTIES

1.  Defendant/Cross Claim Plaintiff, P&M Mechanical, Inc. ("P&M Mechanical"), is a corporation organized and existing under the laws of the State of Alabama, with its principal place of business in Jefferson County, Alabama

2.  Cross Claim Defendant, Taylor Electrical Contractors, Inc. ("Taylor"), is, upon information and belief, a corporation organized and existing under the laws of the State of Alabama, with its principal place of business in Tuscaloosa County,

Alabama

3.      Cross Claim Defendant, Automated Logic Contracting Services, Inc. ("Automated"), is, upon information and belief, a corporation organized and existing under the laws of the State of Alabama, with its principal place of business in Charlotte, North Carolina.

4.      This Court has supplemental jurisdiction over these parties and claims pursuant to 28 U.S.C § 1367 and venue is proper in the Northern District of Alabama, Southern Division, as the William E. Donaldson Correctional Facility is located within this district.

## II. FACTS

5.      Defendant/Cross Claim Plaintiff P&M was the HVAC contractor hired by the Alabama Department of Corrections to perform certain work for the renovation of the HVAC for dorms R, S, U, V, W, X &Y in accordance with Drawings and Specifications at Donaldson Correction Facility in Bessemer.

6.      On March 7, 2019, Automated entered into a Subcontract Agreement with P&M.

The subcontract states in pertinent part as follows:

. . .

ARTICLE 15: *Indemnity*
15.1 Subcontractor agrees to defend, indemnify and hold harmless Contractor and Owner, and their officers, directors, agents, employees, separately and severally, from and against any claim, cost, expense, or liability

(including attorney fees), attributable to bodily injury, personal injury, sickness, diseases, or death… caused in whole or in part, arising out of, resulting from, or occurring in connection with the performance of the Work by Subcontractor, its subcontractors, or their agents, or employees, whether or not caused in part by the active or passive negligence of other fault of a party indemnified hereunder.  Subcontractor's obligation hereunder shall not be limited as to the amount or type of damages (a) by the provisions of any worker's compensation act, disability act or other employee benefit act; or (b) by any insurance policy.

15.2   If Owner or any other person or entity asserts a claim or institutes a suit, action or proceeding against Contractor involving the manner or sufficiency of the performance of the Work, Subcontractor shall, upon written request of Contractor, promptly assume the defense of such claim, suit, action or proceeding, at Subcontractor's expense.  Subcontractor shall indemnify and hold harmless Contractor and its agents and employees, from and against any liability, loss, damage, or expense, including attorneys' fees, arising out of or related to such claim, suit, action or proceeding.

7.     On March 13, 2019, P&M Mechanical entered into a Subcontract Agreement with Taylor wherein Taylor was to perform certain work at the Donaldson Correctional Facility in Bessemer, Alabama.

The subcontract states in pertinent part as follows:

. . .

ARTICLE 15: *Indemnity*
15.1 Subcontractor agrees to defend, indemnify and hold harmless Contractor and Owner, and their officers, directors, agents, employees, separately and severally, from and against any claim, cost, expense, or liability (including attorney fees), attributable to bodily injury, personal injury, sickness, diseases, or death… caused in whole or in part, arising out of, resulting from, or occurring in connection with the performance of the Work by Subcontractor, its subcontractors, or their agents, or employees, whether or not caused in part by the active or passive negligence of other fault of a party indemnified hereunder.  Subcontractor's obligation hereunder shall not be limited as to the amount or type of damages (a) by the provisions of any

3

worker's compensation act, disability act or other employee benefit act; or (b) by any insurance policy.

15.2   If Owner or any other person or entity asserts a claim or institutes a suit, action or proceeding against Contractor involving the manner or sufficiency of the performance of the Work, Subcontractor shall, upon written request of Contractor, promptly assume the defense of such claim, suit, action or proceeding, at Subcontractor's expense.  Subcontractor shall indemnify and hold harmless Contractor and its agents and employees, from and against any liability, loss, damage, or expense, including attorneys' fees, arising out of or related to such claim, suit, action or proceeding.

8. Cross Claim Defendant Taylor Electrical was an electrical subcontractor of P&M who performed certain electrical work on certain portions of Donaldson Correction Facility in Bessemer.

9. Cross Claim Defendant Automated was a subcontractor of P&M who performed certain work on the HVAC automation system in certain portions of Donaldson Correction Facility in Bessemer.

10. In 2019 and 2020, the Alabama Department of Corrections contracted with P&M who in turn retained various subcontractors, including Taylor and Automated, to perform certain work related to the renovation of the HVAC for dorms R, S, U, V, W, X &Y in accordance with Drawings and Specifications.

11. On December 7, 2020, Thomas Lee Rutledge passed away while in custody of the Alabama Department of Corrections at William E. Donaldson Correctional facility in Bessemer, Alabama (See Doc 85).

12. On or about October 14, 2022, a Third Amended Complaint was filed

4

by Laventra Denice Rutledge, as Administratix of the Estate of Thomas Rutledge. (Doc 85).

13. In the Third Amended Complaint, Plaintiff makes various claims of negligent hiring, supervision and training as well as wrongful death against P & M, Automated and Taylor. (Doc 85).

14. Plaintiff claims P & M, Automated and Taylor "negligently or wantonly damaged or destroyed the thermostatic controls for T unit that were located in the S/T mechanical control room" (Doc 85 at paragraph 39).

15. Plaintiff also claims P&M and its subcontractors "negligently or wantonly disconnected power from the solenoids that stop and start the flow of water into the hearing coils for T unit." (Doc 85 at paragraph 40).

16. Additionally, Plaintiff claims P&M and its subcontractors "negligently or wantonly destroyed the thermostatic controls.." (Doc 85 at paragraph 44).

17. P&M denies it is liable in any way to Plaintiff. However, if P & M is found liable in any way to the Plaintiff for her alleged damages, then Taylor and Automated are liable to P&M for all of the Plaintiff's claims against P&M pursuant to the subcontract agreements entered into between Taylor and P & M and between Automated and P & M.

18. Pursuant to the subcontract provisions noted above, Taylor and Automated are obligated and required to defend and indemnify P & M for the claims

5

asserted in the 3rd Amended Complaint.

19. To date, Automated and Taylor have refused to undertake the defense of P & M or agreed to indemnify P & M.

20. The subcontracts executed by Taylor and Automated also require them to obtain certain insurance coverages and name P & M as an additional insured.

21. To date, neither Taylor nor Automated have agreed to defend P & M as an additional insured.

## III. CAUSES OF ACTION

## COUNT I - CONTRACTUAL INDEMNITY

22. P&M adopts and incorporates herein by reference the preceding paragraphs of the Cross Claim as if fully contained herein.

23. Pursuant to the terms of each of the Subcontract Agreements with P&M, Taylor and Automated are contractually obligated to defend and indemnify P&M for the alleged damages suffered by the Plaintiff. The Agreements state in pertinent part as follows:

> Article 15 – Indemnity
>
> 15.1 Subcontractor agrees to defend, indemnify and hold harmless Contractor and Owner, and their officers, directors, agents, employees, separately and severally, from and against any claim, cost, expense, or liability (including attorney fees, attributable to bodily injury, personal injury, sickness, diseases, or death… caused in whole or in part, arising out of, resulting from, or occurring in connection with the performance of the Work by Subcontractor, its subcontractors, or their agents, or employees, whether or not caused in part by the active or passive negligence of other fault of a

6

party indemnified hereunder. Subcontractor's obligation hereunder shall not be limited as to the amount or type of damages (a) by the provisions of any worker's compensation act, disability act or other employee benefit act; or (b) by any insurance policy.

15.2   If Owner or any other person or entity asserts a claim or institutes a suit, action or proceeding against Contractor involving the manner or sufficiency of the performance of the Work, Subcontractor shall, upon written request of Contractor, promptly assume the defense of such claim, suit, action or proceeding, at Subcontractor's expense. Subcontractor shall indemnify and hold harmless Contractor and its agents and employees, from and against any liability, loss, damage, or expense, including attorneys' fees, arising out of or related to such claim, suit, action or proceeding.

24.   P & M made a demand to Taylor and Automated, but to date, Taylor and Automated have refused to undertake the defense of P & M and also has failed to agree to indemnify P & M in this case.

25.   As a result of Taylor and Automated's failure to defend P & M, P & M has suffered damages.

26.   To the extent that P&M is liable to the Plaintiff for its alleged damages, Taylor and Automated are liable to P&M for all costs, including all costs associated with the defense of this matter and if applicable, to indemnify it for any judgment entered against P &M.

**WHEREFORE, PREMISES CONSIDERED**, P&M demands judgment against Taylor and Automated for any fees or costs associated with the defense of this matter, as well as any amounts that may be adjudged against P&M in favor of the Plaintiff, plus attorney's fees, interest, and costs.

7

## COUNT II – BREACH OF CONTRACT

27.     P&M adopts and incorporates herein by reference the preceding paragraphs of the Cross Claim as if fully contained herein.

28.     P&M entered into the above-referenced Subcontract Agreements with Taylor and Automated.

29.     P&M fully performed under the contract.

30.     Taylor and Automated breached said contract by failing to provide defense to P & M, both contractually pursuant to the indemnity portions of the subcontract and as an additional insured.

31.     Moreover, Taylor and Automated breached said subcontract by failing to agree to indemnify P & M as required under the subcontract.

32.     As a result of said breaches, P&M has suffered damages.

**WHEREFORE, PREMISES CONSIDERED**, P&M demands judgment against Taylor and Automated for any fees or costs associated with the defense of this matter, as well as any amounts that may be adjudged against P&M in favor of the Plaintiff, plus attorney's fees, interest, and costs.

## JURY DEMAND REQUESTED

Respectfully submitted,

*/s/ Angela C. Shields*
Angela C. Shields (asb-9570-l75a)
*Attorney for Defendant/Cross Claim Plaintiff, P&M Mechanical, Inc.*

**OF COUNSEL:**
**SMITH, SPIRES, PEDDY,**
**HAMILTON, & COLEMAN P.C.**
3500 Colonnade Parkway, Suite 350
Birmingham, Alabama 35243
(205) 251-5885
ashields@ssp-law.com

## CERTIFICATE OF SERVICE

      I hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record on this the **1st day of February, 2023**.

Jon C. Goldfarb, Esq.
L. William Smith, Esq.
Christina M. Malmat, Esq.
**Wiggins, Childs, Pantazis,**
**Fisher, & Goldfarb, LLC**
The Kress Building
301 19th Street North
Birmingham, AL 35203
jcg@wigginschilds.com
wsmith@wigginschilds.com
cmalmat@wigginschilds.com
*Counsel for Plaintiff*

Edward S. Sledge, IV, Esq.

9

Hillary C. Campbell, Esq.
Hilary M. Williamson, Esq.
**Bradley Arant Boult Cummings LLP**
1819 Fifth Avenue North
Birmingham, AL 35203
esledge@bradley.com
hcampbell@bradley.com
hwilliamson@bradley.com
*Counsel for Automated Logic Corporation*

Albert L. Jordan, Esq.
Ben B. Robinson, Esq.
Thomas A. McKnight, Esq.
**Wallace Jordan Ratliff & Brandt, LLC**
800 Shades Creek Parkway Suite 400
P.O. Box 530910
Birmingham, AL 35209
bjordan@wallacejordan.com
tmcknight@wallacejordan.com
brobinson@wallacejordan.com
*Counsel for Defendant Christie Sansing*

William R. Lunsford, Esq.
Lynette Potter, Esq.
Matthew B. Reeves, Esq.
Ellie B. Putnam, Esq.
**Maynard, Cooper & Gale, P.C.**
655 Gallatin Street SW
Huntsville, AL 35801
blunsford@maynardcooper.com
lpotter@maynardcooper.com
eputman@maynardcooper.com
mreeves@maynardcooper.com
*Counsel for Defendants Phyllis Morgan and Kenneth Peters*

Steve Marshall, Attorney General
Bart Harmon, Assistant Attorney General
Carrie Ellis McCollum, Esq.
Alabama Department of Corrections
Legal Division

10

P.O. Box 301501
301 Ripley Street
Montgomery, AL 36130
*Counsel for Kenneth Peters and Phyllis Morgan*

Terri O. Tompkins, Esq.
**Rosen Harwood, P.A.**
2200 Jack Warner Parkway, Unit 200
Tuscaloosa, Alabama 35401
ttompkins@rosenhardwood.com
*Counsel for Defendant J. Rodgers*

Carrie Gray Shaw, Esq.
**Alabama Department of Corrections**
301 S. Ripley Street
Montgomery, AL 36104
carrie.shaw@doc.alabama.gov
*Counsel for Defendants C. Dean and G. Griffin*

Freddie N. Harrington, Jr., Esq.
**Stott & Harrington, P.C.**
2637 Valleydale Road, Suite 100
Birmingham, AL 35244
freddie@stottharrington.com
*Counsel for Defendant Taylor Electrical Contractors, Inc.*

Hunter C. Carroll, Esq. DL# 205-607-6300
Anna M. Tullar, Esq.
Leslie A. Caldwell, Esq.
**Hagwood and Tipton, P.C.**
600 Vestavia Parkway, Suite 125
Birmingham, AL 35216
atullar@hatlawfirm.com
lcaldwell@hatlawfirm.com
hcarroll@hatlawfirm.com
*Counsel for Defendant LS&R, LLC*

Kevin R. Garrison, Esq.
Katelyn K. Dodd, Esq.
**Baker, Donelson, Bearman,**

11

**Caldwell & Berkowitz, PC**
420 20th Street North
Shipt Tower, Suite 1400
Birmingham, AL 35203
kdodd@bakerdonelson.com
kgarrison@bakerdonelson.com
*Counsel for Defendant ADCO Companies, Ltd.*

David L. McAlister, Esq.
**Carr, Allison, Oliver & Sisson, P.C.**
100 Vestavia Parkway
Birmingham, AL 35216
dmcalister@carrallison.com
*Counsel for Southeastern Temperature Controls, Inc.*

Matthew J. Ward, Esq.
**Alabama Department of Corrections**
301 South Ripley Street
P.O. Box 301501
Montgomery, AL 36104
Matthew.ward@doc.alabama.gov
*Counsel for Plant Maintenance Supervisor II Billy Kennedy*

                                  */s/ Angela C. Shields*
                                  Of Counsel