IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LAVENTRA DENICE RUTLEDGE, as administratrix of the Estate of THOMAS LEE RUTLEDGE,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTIE SANSING, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NUMBER: 2:21-CV-<br>)  00226-RDP<br>)<br>)<br>)<br>)<br>)<br>) |

## AUTOMATED LOGIC CONTRACTING SERVICES, INC.'S ANSWER TO DEFENDANT P&M MECHANICAL, INC.'S CROSS CLAIM

Defendant Automated Logic Contracting Services, Inc. ("ALCS") submits this answer to Defendant P&M Mechanical Inc.'s ("P&M") Crossclaim. In response to the allegations in the specific numbered paragraphs of the Cross Claim, ALCS states as follows:

1. The allegations contained in Paragraph 1 are not directed at ALCS and therefore no response is required.

2. The allegations contained in Paragraph 2 are not directed at ALCS and therefore no response is required.

3. Denied. ALCS is organized and exists under the laws of Delaware and has its principal place of business in Kennesaw, Georgia.

4. Admitted.

5. ALCS admits that P&M was the prime HVAC Contractor responsible for installing and upgrading HVAC systems in certain portions of Donaldson Correctional Facility in Bessemer. The Drawings and Specifications P&M references speak for themselves.

1

6. ALCS admits that it contracted with P&M to perform certain HVAC work in certain portions of Donaldson Correctional Facility in Bessemer. The Subcontract speaks for itself.

7. The allegations contained in Paragraph 7 are not directed at ALCS and therefore no response is required.

8. The allegations contained in Paragraph 8 are not directed at ALCS and therefore no response is required.

9. ALCS admits that it contracted with P&M to perform certain HVAC work in certain portions of Donaldson Correctional Facility in Bessemer.

10. ALCS admits that P&M was the prime HVAC Contractor responsible for installing and upgrading HVAC systems in certain portions of Donaldson Correctional Facility in Bessemer. ALCS further admits that it contracted with P&M to perform certain HVAC work in certain portions of the Facility. The Drawings and Specifications P&M references speak for themselves. The remaining allegations in Paragraph 10 are not directed at ALCS and therefore no response is required.

11. Upon information and belief, ALCS admits that Thomas Lee Rutledge passed away at Donaldson Correctional Facility in Bessemer on December 7, 2020. ALCS denies that it is liable for Mr. Rutledge's death.

12. ALCS admits that Plaintiff filed a Third Amended Complaint on October 14, 2022.[1] ALCS contends that the operative complaint is Plaintiff's Fourth Amended Complaint, filed on November 30, 2022. (Doc. 132).

---

[1] Although P&M's Crossclaim references Plaintiff's Third Amended Complaint, the operative complaint in this case is Plaintiff's Fourth Amended Complaint, filed on November 30, 2022. (Doc. 132).

13. The allegations in Plaintiff's Third Amended Complaint speak for themselves. ALCS denies that it is liable to Plaintiff for any of her claims against it.

14. The allegations in Plaintiff's Third Amended Complaint speak for themselves. ALCS denies that it acted negligently or wantonly or that it damaged any thermostatic controls and demands strict proof thereof.

15. The allegations in Plaintiff's Third Amended Complaint speak for themselves. ALCS denies that it negligently or wantonly disconnected power from any solenoids and demands strict proof thereof.

16. The allegations in Plaintiff's Third Amended Complaint speak for themselves. ALCS denies that it negligently or wantonly damaged or destroyed any thermostatic controls and demands strict proof thereof.

17. ALCS denies that it is liable in any way to P&M. The remaining allegations in Paragraph 17 are not directed to ALCS and therefore no response is required.

18. ALCS denies that it is required to defend and/or indemnify P&M against Plaintiff's claims. The remaining allegations in Paragraph 18 are not directed to ALCS and therefore no response is required.

19. ALCS admits that it has refused to undertake P&M's defense or to agree to indemnify P&M. ALCS denies that it is required to defend and/or indemnify P&M against Plaintiff's claims. The remaining allegations in Paragraph 19 are not directed to ALCS and therefore no response is required.

20. The Subcontract between ALCS and P&M speaks for itself. The remaining allegations in Paragraph 20 are not directed to ALCS and therefore no response is required.

21. ALCS admits that it has not agreed to defend P&M as an additional insured. ALCS denies that it is required to defend P&M as an additional insured against Plaintiff's claims. The remaining allegations in Paragraph 21 are not directed to ALCS and therefore no response is required.

22. ALCS reaffirms and incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

23. The Subcontract between ALCS and P&M speaks for itself. ALCS denies that it is contractually obligated to defend and/or indemnify P&M against Plaintiff's claims. The remaining allegations in Paragraph 23 are not directed to ALCS and therefore no response is required.

24. ALCS admits that P&M made a demand for defense and indemnification to ALCS. ALCS further admits that it has refused to undertake P&M's defense or to agree to indemnify P&M. ALCS denies that it is required to defend and/or indemnify P&M against Plaintiff's claims. The remaining allegations in Paragraph 24 are not directed to ALCS and therefore no response is required.

25. ALCS denies that it is required to defend P&M against Plaintiff's claims. ALCS further denies that its actions have caused P&M to suffer any damage. The remaining allegations in Paragraph 25 are not directed to ALCS and therefore no response is required.

26. ALCS denies that it is liable in any way to P&M. The remaining allegations in Paragraph 26 are not directed to ALCS and therefore no response is required.

ALCS denies that P&M is entitled to the relief requested in the "WHEREFORE" paragraph following Paragraph 26.

27. ALCS reaffirms and incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

28. ALCS admits that it contracted with P&M to perform certain HVAC work in certain portions of Donaldson Correctional Facility in Bessemer.

29. Denied.

30. ALCS denies that it breached its contract with P&M in any way. ALCS denies that it is required to defend and/or indemnify P&M against Plaintiff's claims. The remaining allegations in Paragraph 30 are not directed to ALCS and therefore no response is required.

31. ALCS denies that it breached its contract with P&M in any way. ALCS denies that it is required to indemnify P&M against Plaintiff's claims. The remaining allegations in Paragraph 31 are not directed to ALCS and therefore no response is required.

32. ALCS denies that it breached its contract with P&M in any way. ALCS further denies that its actions have caused P&M to suffer any damage. The remaining allegations in Paragraph 32 are not directed to ALCS and therefore no response is required.

ALCS denies that P&M is entitled to the relief requested in the "WHEREFORE" paragraph following Paragraph 32.

## AFFIRMATIVE AND OTHER DEFENSES

Discovery and investigation of this case is in the early stages, and ALCS reserves the right to amend this Answer by adding, deleting, or amending defenses as may be appropriate. Without assuming any burden of pleading, proof, or persuasion otherwise resting on other parties, and without conceding that any of the following necessarily must be pleaded as an affirmative defense, ALCS asserts the following affirmative and other defenses:

### First Defense

ALCS's obligation to defend and/or indemnify P&M pursuant to Article 15 of the Subcontract is not triggered or implicated because the damages alleged in Plaintiff's Fourth

Amended Complaint were neither caused in whole or in part by, not arose out of, resulted from, or occurred in connection with the performance of any Work (as defined by the Subcontract) by ALCS or its subcontractors.

**Second Defense**

ALCS denies each and every material allegation set forth in P&M's Crossclaim and demands strict proof thereof.

**Third Defense**

ALCS states that it is not liable to P&M or to any other party in any manner or amount whatsoever.

**Fourth Defense**

P&M's Crossclaim fails to state a claim against ALCS upon which relief can be granted.

**Fifth Defense**

P&M is not entitled to recover from ALCS because the damages complained of were caused by the intervening, superseding and independent actions of persons or entities other than ALCS and for whom ALCS owes no legal responsibility.

**Sixth Defense**

ALCS denies that it breached its contract with P&M.

**Seventh Defense**

ALCS denies that it was negligent or wanton or otherwise acted wrongfully in connection with the allegations in the underlying Plaintiff's Fourth Amended Complaint.

**Eighth Defense**

ALCS is not liable for any alleged wrongdoing by subcontractors on a theory of respondeat superior.

WHEREFORE, having fully answered P&M's Crossclaim, Defendant Automated Logic Contracting Services, Inc. denies that P&M is entitled to any of the relief requested and prays that the Crossclaim be dismissed with prejudice with costs against P&M, in addition to any other relief that the Court deems just and proper.

Respectfully submitted, this the 22nd day of February 2023.

/s Hillary C. Campbell
Hillary C. Campbell

**OF COUNSEL:**
Edward S. Sledge, IV (ASB-6239-D60S)
Hillary C. Campbell (ASB-5189-G82E)
Hilary M. Williamson (ASB-2110-H42W)
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
Email: esledge@bradley.com
Email: hcampbell@bradley.com
Email: hwilliamson@bradley.com

*Attorneys for Automated Logic Contracting Services, Inc.*

CERTIFICATE OF SERVICE

      I hereby certify that on February 22, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jon C. Goldfarb
L. William Smith
Christina M. Malmat
Lieselotte Carmen-Burks
WIGGINS, CHILDS, PANTAZIS, FISHER, & GOLDFARB, LLC
301 19TH Street North
Birmingham, AL 35203
*Attorneys for the Plaintiff*

Albert L. Jordan
Ben B. Robinson
Thomas A. McKnight
WALLACE JORDAN RATLIFF & BRANDT LLC
800 Shades Creek Parkway Suite 400
P.O. Box 530910
Birmingham, AL 35253
*Attorneys for Defendant Christie Sansing*

William R. Lunsford
Matthew B. Reeves
M. Landon Whatley
Ellie B. Putnam
Lynette Porter
MAYNARD, COOPER & GALE, P.C.
655 Gallatin Street SW
Huntsville, AL 35801
*Attorneys for Defendants Phyllis Morgan and Kenneth Peters*

Terri O. Tompkins
ROSEN HARWOOD, P.A.
2200 Jack Warner Parkway, unit 200
Tuscaloosa, Alabama 35401
*Attorney for Defendant J. Rodgers*

Carrie Gray Shaw
ALABAMA DEPARTMENT OF CORRECTIONS
301 S. Ripley Street
Montgomery, AL 36104
*Attorney for Defendants C. Dean and G. Griffin*

Freddie N. Harrington, Jr.
STOTT & HARRINGTON, PC
2637 Valleydale Road, Suite 100
Birmingham, AL 35244
*Attorney for Taylor Electrical Contractors, Inc.*

Hunter C. Carroll
Anna M. Tullar
Leslie A. Caldwell
HAGWOOD AND TIPTON, P.C.
600 Vestavia Parkway, Suite 125
*Attorneys for LS&R LLC*

Kevin R. Garrison
Katelyn K. Dodd
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
Shipt Tower
420 20th Street North, Suite 1400
Birmingham, AL 35203
*Attorneys for ADCO Companies, LTD*

Matthew J. Ward
ALABAMA DEPARTMENT OF CORRECTIONS
301 S. Ripley St.
Montgomery, AL 36103
*Attorney for Billy Kennedy*

| | |
|---|---|
| A. Joe Peddy<br>Angela C. Shields<br>SMITH, SPIRES & PEDDY, P.C.<br>3500 Colonnade Parkway<br>Suite 350<br>Birmingham, AL 35243<br>*Attorneys for P&M Mechanical Inc.* | David Lee McAlister<br>CARR ALLISONC<br>100 Vestavia Parkway<br>Vestavia, AL 35216<br>*Attorney for Southeastern Temperature Controls, Inc.* |

                                          */s/ Hillary C. Campbell*
                                              OF COUNSEL